IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OLGA ALEXANDRA YATZUS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> APPOQUINIMINK SCHOOL DISTRICT, ) <br> and TONY MARCHIO, individually ) <br> and in his official capacity, MARY ANN ) <br> MIECZKOWSKI, individually and in her ) <br> official capacity, DONNA MITCHELL, ) <br> individually and in her official capacity, and ) <br> MARION PROFFITT, individually ) <br> and in her official capacity, ) <br> ) <br> Defendants. ) | C.A. No. 05-103-SLR <br><br> JURY TRIAL DEMANDED |

## **ANSWER**

Defendants answer Plaintiff's Complaint as follows:

### **NATURE OF THE ACTION**

1. This paragraph states a legal conclusion as to which no response is required. To the extent that a response is deemed required, the allegation is denied.

### **JURISDICTION AND VENUE**

2. This paragraph states a legal conclusion as to which no response is required. To the extent that a response is deemed required, the allegation is denied.

3. This paragraph states a legal conclusion as to which no response is required. To the extent that a response is deemed required, the allegation is denied.

**PARTIES**

4. Admitted that Plaintiff was employed as a school psychologist at Middletown High School by the Appoquinimink School District (the "District") from 2001 until her discharge from employment effective June 2003. Defendants are without sufficient information to admit or deny the remaining allegations of this paragraph.

5. This paragraph states a legal conclusion as to which no response is required. To the extent that a response is deemed required, the allegation is admitted.

6. Admitted.

7. Denied. Mary Ann Mieczkowski ("Mieczkowski") did not become employed by the District until August 14, 2002.

8. Denied. Donna Mitchell ("Mitchell") did not become Principal of Middletown High School until November 17, 2002. Prior to that, she was Assistant Principal.

9. Admitted.

**BACKGROUND**

10. Admitted.

11. Defendants are without sufficient information to either admit or deny the allegation that Plaintiff was subjected to inappropriate sexual advances from Vaughn Lauer ("Lauer"), and it is therefore denied. Admitted that Plaintiff reported sexual harassment to Marion Proffitt ("Proffitt") in February 2002.

12. Denied. By way of further answer, Defendants hired an outside attorney to investigate Plaintiff's allegations of sexual harassment and fulfilled all of its legal obligations to ensure that any alleged harassment ceased.

13. Denied. By way of further answer, it is admitted that the Individual Defendants placed written memoranda in Plaintiff's personnel file regarding various performance

problems. These problems included unexcused absenteeism, not providing a calendar for her summer schedule despite repeated requests from Defendant Tony Marchio ("Marchio"), being late for Individual Educational Planning ("IEP") meetings, and not completing IEP reports. Plaintiff was never reprimanded for having students in her office, and there were no written memoranda placed in her personnel file on this issue.

14. Denied.

15. Denied.

16. Denied.

17. Defendants are without sufficient information to admit or deny the allegation that Plaintiff assisted any students with filing complaints with the Federal Office of Civil Rights ("OCR"). Defendants received notice that several special needs students had filed complaints with OCR when they received correspondence from the OCR so indicating.

18. Defendants are without sufficient information to admit or deny the allegation that Plaintiff received a letter on May 14, 2003, indicating that on May 13, 2003, the Board of the District voted not to renew Plaintiff's contract for the 2003-2004 school year. Admitted that Plaintiff's contract was not renewed, and that she received notice in early May 2003.

19. Admitted.

20. Admitted.

21. Admitted that OCR visited Middletown High School on more than one occasion in or around May or June of 2003 to investigate complaints filed by the parents of several students. Defendants lack sufficient information to admit or deny that Plaintiff's office relocation occurred "just days" before the OCR was scheduled to appear.

3

22. Denied, except that it is admitted that on or about May 29, 2003, Plaintiff's treating psychologist transmitted by facsimile a request that Plaintiff be placed on medical leave due to job-related stress.

23. Admitted

24. Admitted.

25. Admitted.

26. Defendants are without sufficient information to admit or deny when Plaintiff received a Right to Sue letter. Admitted that on December 2, 2004, Defendants received a copy of a Dismissal and Notice of Suit Rights from the EEOC dated November 29, 2004.

## COUNT I
### (Retaliation – Title VII)

27. Defendants incorporate by reference their answers to Paragraphs 1 through 26, as if fully set forth herein.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

## COUNT II
### (24 U.S.C. § 1983 Claim)

32. Defendants incorporate by reference their answers to Paragraphs 1 through 31, as if fully set forth herein.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

## COUNT III
### (State Law Claim – Wrongful Termination)

37. Defendants incorporate by reference their answers to Paragraphs 1 through 36, as if fully set forth herein.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

## COUNT IV
### (State Law Claim – Intentional Infliction of Emotional Distress)

43. Defendants incorporate by reference their answers to Paragraphs 1 through 42, as if fully set forth herein.

44. Denied that the District, through its management personnel, including the individually named Defendants falsely criticized Plaintiff's work or improperly denied her rights or privileges extended to other employees. Admitted that Plaintiff's office was moved several times for various legitimate job-related reasons.

45. Denied.

46. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants acted at all times on reasonable grounds and in good faith.

### THIRD AFFIRMATIVE DEFENSE

The Individual Defendants are entitled to qualified immunity on Count II of the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

Defendants are immune from suit in accordance with the Eleventh Amendment to the United States Constitution.

### FIFTH AFFIRMATIVE DEFENSE

Defendants are immune from Plaintiff's tort claims pursuant to 10 Del. C. Ch. 40.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, for failure to exhaust all available statutory, administrative, or contractual remedies.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the applicable federal or state statutes of limitations, jurisdictional, and/or administrative requirements.

### EIGHTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred under the workers' compensation exclusivity rule.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail in whole or in part because at all times Defendants made a good faith effort to comply with applicable law, acted lawfully and with legitimate non-discriminatory business reasons that were not a pretext for unlawful discrimination.

### TENTH AFFIRMATIVE DEFENSE

Count I of the Complaint fails to state a claim against the Individual Defendants because individuals are not liable under Title VII.

WHEREFORE, Defendants respectfully request that this action be dismissed with prejudice, with costs and attorneys' fees assessed against Plaintiff.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Adria B. Martinelli
William W. Bowser, Esquire (Bar I.D. 2239)
Adria B. Martinelli, Esquire (Bar I.D. 4056)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6601, 6613
Facsimile: (302) 576-3282, 3314
Email: wbowser@ycst.com; amartinelli@ycst.com
Attorneys for Defendants

DATED:   April 25, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OLGA ALEXANDRA YATZUS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> APPOQUINIMINK SCHOOL DISTRICT, ) <br> and TONY MARCHIO, individually ) <br> and in his official capacity, MARY ANN ) <br> MIECZKOWSKI, individually and in her ) <br> official capacity, DONNA MITCHELL, ) <br> individually and in her official capacity, and ) <br> MARION PROFFITT, individually ) <br> and in her official capacity, ) <br> ) <br> Defendants. ) | C.A. No. 05-103-SLR <br><br> JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2005, I electronically filed a true and correct copy of the foregoing **Answer** with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Philip B. Bartoshesky
> Biggs and Battaglia
> 921 North Orange Street
> Wilmington, DE 19801

> YOUNG CONAWAY STARGATT & TAYLOR, LLP

> /s/ Adria B. Martinelli
> _____
> William W. Bowser, Esquire (Bar I.D. 2239)
> Adria B. Martinelli, Esquire (Bar I.D. 4056)
> The Brandywine Building, 17th Floor
> 1000 West Street
> P.O. Box 391
> Wilmington, Delaware 19899-0391
> Telephone: (302) 571-6601, 6613
> Facsimile: (302) 576-3282, 3314
> Email: wbowser@ycst.com; amartinelli@ycst.com
> Attorneys for Defendants