*File*

### NEW CASTLE COUNTY VOCATIONAL TECHNICAL SCHOOL DISTRICT
*1417 Newport Road, Wilmington, DE 19804*
*Instructional Services Division*

## MEMORANDUM

TO:        Olga Yatzus-Calistro

FROM:    Victoria C. Gehrt
             Director of Instruction

DATE:     February 15, 1995

SUBJ:    **Timelines of Psychological Reports**

New Castle County Vo-Tech
School District

FEB 17 1995

PERSONNEL

---

Olga, last June and also in September of 1994, we discussed the timelines to be adhered to regarding the psychological testing and reports for our Special Education Students. The psychological testing was to be completed the month it was due, and the written report in the folder within 30 days so that the MDT meetings could be held.

According to the records I have received you should have completed eleven psychologicals at Hodgson by now which are incomplete and four at Howard. In fact, at Howard, MDT meetings were held without written reports available on the students being discussed. Olga, this is unacceptable and needs to be rectified. I expect you to be caught up with all testing and written reports by March 31, 1995.

In addition, it has come to my attention that you have been arriving late to meetings where you are an essential player in the discussion of recommendations being made on students. Please keep in mind that your timeliness and attendance is imperative at school meetings where the needs of our special education students are being discussed.

VCG/sl

pc:    Joyce Ayres
       Dawn Grzadzinski
       Evaluation File

D-709

A1

PERFORMANCE APPRAISAL

Specialist___Olga Yatzus-Calistro_____Dates of Observations ___School Year 1995___

Specialist Area_School Psychologist_____Schools_Howard High School of

Technology and Hodgson Vo-Tech

Appraiser(s)___Dawn L. Grzadzinski_____

---

**I.    PLANNING AND PREPARATION**

☐ Exemplary        ☐ Effective        ☒ Needs improvement        ☐ Unsatisfactory

NARRATIVE:

There has been a deterioration in Mrs. Yatzus-Calistro's ability to prioritize goals. Although appropriate goals were established, many were not achieved.   Concerns were:

- Lack of active participation in, and follow-up to, child studies
- Timely completion of psychologicals

This area must improve.

---

**II.    ORGANIZATION AND MANAGEMENT**

☐ Exemplary        ☐ Effective        ☒ Needs improvement        ☐ Unsatisfactory

NARRATIVE:

Although services were provided to special education students, they were not the top priority.  Psychological timelines were not met.  It was often difficult to schedule child studies and MDT's because of Mrs. Yatzus-Calistro's group and personal counseling schedule.  There were also concerns regarding compliance with established rules and procedures.  Even after administrative directives, Mrs. Yatzus-Calistro continued to disregard established timelines and agreements.  She often acted in isolation rather than collaborating with peers and administrators

This area must improve

D-686

A2

## III. STRATEGIES AND TECHNIQUES

☐ Exemplary    ☒ Effective    ☐ Needs improvement    ☐ Unsatisfactory

NARRATIVE:

Mrs. Yatzus-Calistro demonstrates solid knowledge of current practices. She has established a working rapport with many students and their families.

## IV. SPECIALIST/STAFF/STUDENT INTERACTION

☐ Exemplary    ☒ Effective    ☐ Needs improvement    ☐ Unsatisfactory

NARRATIVE:

Mrs. Yatzus-Calistro creates a supportive environment and students are given opportunities for positive involvement.

## V. MONITORING/EVALUATION OF STUDENT PERFORMANCE

☐ Exemplary    ☐ Effective    ☒ Needs improvement    ☐ Unsatisfactory

NARRATIVE:

Records did not contain up-to-date information. MDT's at Howard were held without written reports. Without current data, appropriate services can not be delivered. There are also legality issues.

This area must improve.

D-687

A3

## VI.   RELATED RESPONSIBILITIES

☐ Exemplary          ☐ Effective          ☒ Needs improvement          ☐ Unsatisfactory

NARRATIVE:

Mrs. Yatzus-Calistro engages in professional development and communicates with community agencies. She does not, however, comply with policies or procedures of the building or district.

This area must improve.

## COMMENDATIONS/RECOMMENDED AREAS FOR GROWTH/COMMENTS:

Mrs Yatzus-Calistro must improve in the following categories:

- Planning and Preparation
- Organization and Management
- Monitoring and Evaluation of Student Performance
- Related Responsibilities

Specialist and appraiser shall sign the Performance Appraisal to indicate that it has been reviewed and disc used, not that the specialist necessarily agrees with the Performance Appraisal. Further, the specialist may submit additional comments within thirty (30) calendar days of the date of the specialist's signature on this appraisal. Those comments shall be appended to this Performance Appraisal.

_____          _____
Specialist's Signature                              Appraiser's Signature/Date

D-688

A4

## JOB ANALYSIS

Specialist _____Olga Yatzus_____ · _____    Observation Period __1995-96_____

Specialist Area___School Psychologist_____    Time ___Ongoing_____

Announced_____    Unannounced __X__    Tenure _____    School ___Hodgson Vo-Tech

Below is a summary of information from the observation and discussion. The comments are designed to provide feedback to the specialist regarding strengths and areas for growth. The appraiser shall write a concise narrative which focuses on the categories described in the Policy for Appraising Teachers and Specialists.

### DESCRIPTION OF RESPONSIBILITIES:

Mrs. Yatzus works at Hodgson Vo-Tec : three days a week as a school psychologist. Her primary responsibilities at Hodgson consist of:
- Providing initial evaluations for students recommended for Special Education classification.
- Re-evaluating approximately 20-25 Special Needs students during the year.
- Providing preliminary evaluations for students recommended to the Child Study Committee.
- Meeting and collaborating with guidance counselors and the Assistant Principal to develop and implement intervention strategies for students recommended to the Child Study Committee.
- Participating in IEP committee meetings.
- Participating in Multidisciplinary Team meetings.
- Providing individual counseling as needed by Special Needs students.
- Holding conferences with parents regarding appropriate community resources and referrals for their children.
- Providing crisis counseling to students who are experiencing difficulty with personal crisis such as: suicide ideation, suicide attempts, physical or sexual abuse, death, substance abuse, or divorce (as time permits).
- Participating on the School Crisis Response Team (as time permits).

### NARRATIVE:

As demonstrated in the past, Mrs. Yatzus has a very good knowledge base of school psychology. In addition, Mrs. Yatzus has developed good rapport with certain students who have demonstrated a critical needs for psychological counseling services. She has also developed good community resources. Moreover, she has continued to demonstrate enthusiasm and an appreciation for the rights and needs of students.

Although her commitment and dedication to help students is admirable, this year I have observed a considerable deterioration in her planning, organization, and management of her time in connection with performing her essential job responsibilities. On February 21st, of this year, it was noted by the Special Education Specialist and Special Education Team leader that Mrs. Yatzus was far behind in completing psychologicals for Special Needs students. At that time, thirteen (13) psychologicals of Special Needs students at Hodgson were due. The deficiencies in psychologicals were also addressed by the Director of Instructional Services and me at a conference with her in March. Although Mrs. Yatzus indicated that the delinquent re-evaluations would be completed by April 11, 1996, as of May 23, 1996, they were not completed. Her performance in connection with re-evaluations has been unsatisfactory.

In the past, Mrs. Yatzus has been a viable member of our Child Study Committee. This year, Mrs. Yatzus did not manage to attend the majority of the Child Study Committee meetings that were called. Her contributions to the Child Study Committee almost diminished completely. This was due in part to her falling behind in the previously mentioned re-evaluations. Another area that hampered her participation in the Child Study Committee was her immersion in group counseling with a group of students who were identified as having personal problems. This is an area where Mrs. Yatzus grossly mismanaged her time. In order to accomplish some of the essential aspects of her job, Mrs. Yatzus will have to desist her group counseling activities concerning personal problems. Group counseling activities, if necessary, will have to be handled by guidance counselors.

D-684

A5

## COMMENDATIONS/RECOMMENDED AREAS FOR GROWTH/COMMENTS:

Mrs. Yatzus has taken advantage of opportunities to grow professionally by participating in the activities of her statewide professional group. She has also demonstrated enthusiasm and a commitment to help students. In addition, she has demonstrated a knowledgeable approach to the procedures in school psychology, but as previously mentioned, her organizational and time management skills in connection with completing her essential duties was unsatisfactory.

In order to improve her performance and effectiveness, it is recommended that Mrs. Yatzus do the following.
- Plan, organize and complete re-evaluations for the Special Needs population in accordance with the appropriate timelines.

- Fully participate in Child Study Committee meetings to plan intervention strategies with guidance counselors for Special Needs students and students recommended for Child Study review.

- Provide individual counseling as needed by Special Education students, and if time permits, provide such individual counseling to regular students who may have severe personal problems.

- Hold conferences with parents and teachers regarding appropriate community resources for students who need them.

- If group counseling is necessary, and if time permits, act as a consultant to guidance counselors, who will actually run the sessions.

- Participate in all meetings as requested, such as: Guidance Department meetings and Special Education Department meetings.

The specialist and appraiser shall sign the Job Analysis to indicate that is has been reviewed and discussed, not that the specialist necessarily agrees with the appraisal. Further, the specialist may submit additional information on a TEACHER/SPECIALIST APPRAISAL RESPONSE FORM, within fifteen (15) working days of the date of the specialist's signature on this Job Analysis. Place an (x) in the box below to indicate your desire to submit additional information and to receive a Teacher/Specialist Appraisal Response Form. The Teacher/Specialist Appraisal Response Form shall be appended to this Job Analysis and shall become part of the appraisal record.

_____          *Joseph Moore* 5/28
Specialist's Signature/Date                              Appraiser's Signature/Date

MRS. YATZUS REVIEWED HER JOB
ANALYSIS ON 5/28 AND REFUSED TO SIGN IT
          Additional information will be submitted by the specialist within fifteen (15)
          working days on a Teacher/Specialist Appraisal Response Form.

                                                                    D-685

                              S4-36

A6

NEW CASTLE COUNTY VOCATIONAL TECHNICAL SCHOOL DISTRICT
*Instructional Services*

## MEMORANDUM

New Castle County Vo-Tech
School District

MAR 4 - 1996

PERSONNEL

TO:     Olga Yatzus-Calistro

FROM:   Victoria C. Gehrt, Ed.D.
        Director of Instruction

DATE:   February 28, 1996

SUBJ:   **Timelines of Psychological Reports**

It has come to my attention that you are extremely behind on the completion of required psychological evaluations on students at Hodgson and also at Howard.

As of February 28, 1996 you have 13 incomplete psychologicals at Hodgson which date back to November of 1995. You have 16 additional psychologicals to complete at Hodgson between now and May 18, 1996. This means that at Hodgson alone you have 29 psychologicals to complete.

As of February 28, 1996 you have 5 incomplete psychologicals/MDT's at Howard. You have 11 additional psychologicals to complete at Howard between now and June 3, 1996. This means that at Howard you have 16 psychologicals/MDT's to complete.

Olga, this means between both schools you have 45 psychologicals/MDT's to complete. This situation is unacceptable and needs to be addressed immediately. At Delcastle, the psychologist had 29 psychologicals to complete between September, 1995 and January, 1996 and 34 between now and May, 1996, a total of 63 for the year. This does not include any new evaluations needed due to referrals. You have a total of 54 psychologicals for the year not including any new evaluations you may have been asked to do. We need to discuss how many new evaluations you have been asked to do and how many you have completed thus far.

Your problem with the completion of psychologicals is not new. Please refer to the attached memo sent to to you on February 15, 1995.

I expect to have you deliver to me no later than 3:00 p.m. Monday, March 4, 1996 a schedule which indicates the dates you will test each student needing a psychological, the date you will have their report completed and in their file, and lastly the date you will conduct the MDT meeting.

*I am in receipt of this memo.*

_____   3/1/96
        Signature                Date

VCG/sl

pc:   Personnel File     Dr. Godowsky
      Dr. Stenta         Dr. Moore
      Ms. Grzadzinski    Mrs. Ayres

D-716

A7

NEW CASTLE COUNTY VOCATIONAL TECHNICAL SCHOOL DISTRICT
Instructional Services

MEMORANDUM

TO:        Olga Yatzus

FROM:    Victoria C. Gehrt
            Director of Instructional Services

DATE:    May 30, 1996

SUBJ:    Unsatisfactory Completion of Psychological Reports

New Castle County Vo-Tech
School District

JUN  3 1996

PERSONNEL

On Thursday, May 23, 1996, Dr. Joe Moore, Mrs. Dawn Grzadzinski, and I met with you to discuss your unsatisfactory completion of psychological reports for special education students at Howard and Hodgson. Your target date for the <u>completion</u> of all re-evaluations for this year was April 11, 1996. As of May 24, 1996, all psychologicals you were required to complete were not, although you stated to us at the meeting that they were. If you refer to the attached memos dated February 28, 1996, and February 15, 1995 you will find that your primary responsibility of completing all psychologicals for the special education students at Hodgson and Howard is consistently deficient.

Olga, your work as psychologist in the New Castle County Vocational Technical School District is unsatisfactory and needs to be improved.

VCG/lg

pc:    √ Personnel File
        Mrs. Dawn Grzadzinski
        Dr. Joe Moore
        Dr. Henry Stenta
        Dr. Steve Godowsky
        Mrs. Joyce Ayres

I am in receipt of this memo

Signature _____    Date __5/31/96__

D-718

A8

NEW CASTLE COUNTY VOCATIONAL TECHNICAL SCHOOL DISTRICT
Instructional Services

MEMORANDUM

TO:        Olga Yatzus

FROM:      Victoria C Gehrt
           Director of Instructional Services

DATE:      May 30, 1996

SUBJ:      Completion of Primary Responsibilities

Per our discussion on May 23, 1996, the following needs to be accomplished between your receipt
of this memo and June 10, 1996.

1. Check that all required psychologicals are in each special education student's file and
   MDTs completed at both Howard and Hodgson.

2. Complete psychologicals and MDTs for special education students at Howard and
   Hodgson whose psychologicals expire in September.

3. Complete all psychologicals requested through child study referrals at both Howard and
   Hodgson.

4. Review new admissions to both Howard and Hodgson and establish times to test new
   special education students whose psychologicals expire in September

A meeting will be held on or before June 14, 1996, with you, me, Dr. Moore, Mrs. Grzadzinski, Dr.
Marchon, Mr. Powell and Mrs Vinokur to review the responsibilities of our psychologists,
review the child study process, and other needs.

VCG/lg

pc:    Mrs. Dawn Grzadzinski
       Dr. Joe Moore
       Dr. Henry Stenta
       Dr Steve Godowsky
       Mrs. Joyce Ayres

D-719

A9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OLGA ALEXANDRA YATZUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-103-SLR |
| | ) | |
| APPOQUINIMINK SCHOOL DISTRICT | ) | |
| and TONY MARCHIO, individually and in | ) | **TRIAL BY JURY DEMANDED** |
| his official capacity, MARY ANN | ) | |
| MIECZKOWSKI, individually and in her | ) | |
| official capacity, DONNA MITCHELL, | ) | |
| individually and in her official capacity, and | ) | |
| MARION PROFFITT, individually and in | ) | |
| her official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

# APPENDIX PAGE A10 TO
# DEFENDANTS' OPENING BRIEFS
# IN SUPPORT OF THEIR MOTIONS FOR
# SUMMARY JUDGMENT

# REDACTED
# ENTIRETY OF DOCUMENT
# CONFIDENTIAL

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
William W. Bowser, Esquire (Bar I.D. 2239)
Adria B. Martinelli, Esquire (Bar I.D. 4056)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6601, 6613
Facsimile: (302) 576-3282, 3314
Email: wbowser@ycst.com; amartinelli@ycst.com

DATED:    July 10, 2006

## NEW CASTLE COUNTY VOCATIONAL TECHNICAL SCHOOL DISTRICT

### MEMORANDUM

TO:      Olga Yatzus-Calistro

FROM:   Iris L. Vinokur
         Supervisor, Special Education

DATE:   May 4, 2001

RE:      CSCRP Workshop and Reports

PERSONNEL

MAY 1 6 2001

New Castle County Vo-Tech
School District

PERSONNEL

MAY 1 6

New Castle County Vo-Tech
School District

On April 12, I sent you a memo requesting your attendance at a CSCRP work session that was to be held in my office on Wednesday, April 25, from 1:00 to 3:00 p.m. with Connie Massey, the district's Cost Recovery Specialist. Since this day was a designated early out day scheduled for district activities, the meeting with Connie was planned to assist the school psychologists and speech/language clinician with expediting the completion of the CSCRP forms and disseminating any information that the Cost Recovery Specialists had for our district.

Your attendance at this workshop was required. Although you did call to let me know that you would not be attending the meeting, it was more than an hour after you were to have been here. Connie and Gloria Howard were both here to meet with you and the others, and they waited and asked several times if you were coming. Olga, this was very embarrassing for you and for the district.

I understand that you did send to Connie, reports that you had completed on your own on Wednesday, April 25, as you indicated that you would. However, once again, as in the past two years, the reports that you have submitted are incomplete. Connie indicated to me that she will have to send them back to you for the same type of information that she requested on last year's forms. Your incomplete and late CSCRP forms have meant lost revenue to the district.

In the future, your attendance at Cost Recovery meetings is required unless prior notice of your not being able to attend is given. Also, it is expected that all CSCRP reports be completed accurately and submitted to the Cost Recovery Specialists in a timely manner.

Your failure to attend this meeting when you were directed to do so is insubordination. Consider this memorandum a reprimand. Further disregard for administrative directives will be considered willful and persistent insubordination and will be grounds for more severe disciplinary action including suspension or termination.

Please sign this memo below to indicate that you received it and return a copy to my office.

ILV/lg

pc:    Joyce Ayres
       Gerald Allen
       Dr. Steve Godowsky
       Dr. Joseph Deardorff
       Personnel file

Signature indicates receipt,
not necessarily agreement

D-720

A11

To:     Iris Vinokur

From:    Olga Yatzus

Re:     Letter (5/4/01)

Date:    5/17/01

PERSONNEL

MAY 2 4 2001

New Castle County Vo-Tech
School District

In response to your letter dated 5/4/01 regarding insubordination for not attending a Cost Recovery meeting scheduled for Wednesday, April 25, 2001, I will provide my account for why I was not able to attend this meeting. I stand firm in my position that it was not insubordination, but other factors, that had occurred. I believe that having written this letter, prior to giving me any opportunity to respond with "my side of the story", is unfair and stands against my civil rights (innocent until proven guilty).

It appears to me that in our District, discussion about events is not a right provided to us as employees, rather the administrative mind has been made up and we walk through the motions of communication when frankly that seems like a total waste of time.

I find it odd that as educators, we should understand how to communicate with individuals, what motivates individuals to work beyond what is expected and to value and appreciate employees. These skills currently do not seem to be in place, rather a negative, attacking and hostile environment has been established. Perhaps, communication and respect should be the focus here and perhaps starting from the top down to the employees and ultimately to the children of our school system, could bring extremely positive results in minimizing miscommunication, conflict and feelings of total disrespect.

1. School Psychologists have not been included or invited to attend any district level inservice meetings during any of the early release days during this current '00 – '01 school year. As a result, I did not anticipate a meeting on 4/25.

2. The notice of this meeting was sent to Hodgson the Thursday, prior to spring break (4/12). I was assigned to Howard on that day; therefore I did not receive this memo until we returned from break, 4/23.

3. I scheduled a doctor's appointment for 3:00 at the Glasgow Medical Center for a critical medical reason. I tried to reschedule this appointment, but could not get a reasonable appointment time. I scheduled this appointment with the belief that I would be at Hodgson on that day and could easily make my appointment on time.

4. On the early release days, students are dismissed at 12:50. With my time limited at Hodgson, it is impossible for me to leave Hodgson to get to Delcastle by 1:00.

D-721

A12

5. By the nature of my job, I often receive phone calls or drop in visits from parents, private providers of students, due to emergencies or crises that may arise. On this particular day, I had to deal with such a situation. Although I had every intention to get to this meeting, I had an unexpected emergency that I had to deal with. Once that issue was resolved, I called you and left a voice mail to tell you that I would be unable to get to the District Office in time for the meeting.

6. Since I knew that this was a working meeting with Connie Massey, I completed all of my (Hodgson) Medicaid reimbursement forms at my office and sent them to Connie through courier. I also called Connie Thursday, 4/26, to ask her if she wanted me to hand deliver a copy of the completed forms to her during my lunch break. She informed me that that was not necessary.

7. When she received the forms, she said that they looked good, but that she needed a couple more things on the form. Upon my initiation, Connie and I had been working on the ongoing treatment forms since I knew that I had many more students eligible for reimbursement for ongoing treatment as opposed to just evaluations or consultations. She faxed the few items that needed to be added to the form. I added those items and then faxed the edited forms on all the students to her right away.

8. You never returned my call. You proceeded to write this letter and scheduled a meeting without attempting to talk with me about why I was unable to attend, even though I did try to explain why I couldn't attend when I left you the voicemail. Again, there appears to be an assumption of guilt and a total lack of communication and respect. I believe that had this been any other staff member, this would not be a major issue.

9. This is the only meeting all year that you scheduled, and with little or no advance notice, I did not have sufficient time to plan accordingly. Under these circumstances, a courtesy phone call to make sure we could all be available would not have been unreasonable since only three others were invited to this impromptu meeting.

10. I believe that this is part of a larger picture in which my recent problems with inappropriate and unprofessional behavior on the part of NCCVT's administration have continued to escalate. I continue to state my position that this reprimand is part of a total picture of retaliation and harassment. Since I am currently in the process of completing my grievance process, I will let this response stand.

Cc:    Lynnea Yates-Lea
       Gerald Allen
       Joyce Ayres
       Dr. Steve Godowsky
       Dr. Joe Deardorff
       Chuck Haney
       ✓Personnel File

D-722

A13

**APPOQUINIMINK SCHOOL DISTRICT**
**118 SOUTH SIXTH STREET**
**ODESSA,DE  19730**
**302-378-5013**
**FAX# 302-378-5007**

Tony Marchio
Superintendent

Zenon Marusa
Human Resources Director

August 22, 2001

Ms. Olga Yatzus
101 Lyneun Street
Stonehurst
Wilmington, De 19804

Dear Olga:

    At the board meeting held Tuesday September 18, 2001, the Appoquinimink Board of Education approved your hire as a Psychologist, District Office, effective August 28, 2001.

    We're looking forward to a great school year.

                                              Sincerely,

                                              Zenon Marusa
                                              Human Resources Director

ZM/pw

D-92

A14

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OLGA ALEXANDRA YATZUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 05-103-SLR |
| | ) | |
| APPOQUINIMINK SCHOOL DISTRICT | ) | |
| and TONY MARCHIO, individually and in | ) | **TRIAL BY JURY DEMANDED** |
| his official capacity, MARY ANN | ) | |
| MIECZKOWSKI, individually and in her | ) | |
| official capacity, DONNA MITCHELL, | ) | |
| individually and in her official capacity, and | ) | |
| MARION PROFFITT, individually and in | ) | |
| her official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

# APPENDIX PAGES A15 THROUGH A18 TO
# DEFENDANTS' OPENING BRIEFS
# IN SUPPORT OF THEIR MOTIONS FOR
# SUMMARY JUDGMENT

# REDACTED
# ENTIRETY OF DOCUMENT
# CONFIDENTIAL

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
William W. Bowser, Esquire (Bar I.D. 2239)
Adria B. Martinelli, Esquire (Bar I.D. 4056)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6601, 6613
Facsimile: (302) 576-3282, 3314
Email: wbowser@ycst.com; amartinelli@ycst.com

DATED:    July 10, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OLGA ALEXANDRA YATZUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 05-103-SLR |
| | ) | |
| APPOQUINIMINK SCHOOL DISTRICT | ) | |
| and TONY MARCHIO, individually and in | ) | **TRIAL BY JURY DEMANDED** |
| his official capacity, MARY ANN | ) | |
| MIECZKOWSKI, individually and in her | ) | |
| official capacity, DONNA MITCHELL, | ) | |
| individually and in her official capacity, and | ) | |
| MARION PROFFITT, individually and in | ) | |
| her official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## APPENDIX PAGES A19 THROUGH A48 TO DEFENDANTS' OPENING BRIEFS IN SUPPORT OF THEIR MOTIONS FOR SUMMARY JUDGMENT

# REDACTED
# ENTIRETY OF PAGES
# CONFIDENTIAL

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
William W. Bowser, Esquire (Bar I.D. 2239)
Adria B. Martinelli, Esquire (Bar I.D. 4056)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6601, 6613
Facsimile: (302) 576-3282, 3314
Email: wbowser@ycst.com; amartinelli@ycst.com

DATED:    July 10, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OLGA ALEXANDRA YATZUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-103-SLR |
| | ) | |
| APPOQUINIMINK SCHOOL DISTRICT | ) | |
| and TONY MARCHIO, individually and in | ) | **TRIAL BY JURY DEMANDED** |
| his official capacity, MARY ANN | ) | |
| MIECZKOWSKI, individually and in her | ) | |
| official capacity, DONNA MITCHELL, | ) | |
| individually and in her official capacity, and | ) | |
| MARION PROFFITT, individually and in | ) | |
| her official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

# APPENDIX PAGES A49 THROUGH A60 TO
# DEFENDANTS' OPENING BRIEFS
# IN SUPPORT OF THEIR MOTIONS FOR
# SUMMARY JUDGMENT

# REDACTED
# ENTIRETY OF DOCUMENT
# CONFIDENTIAL

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
William W. Bowser, Esquire (Bar I.D. 2239)
Adria B. Martinelli, Esquire (Bar I.D. 4056)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6601, 6613
Facsimile: (302) 576-3282, 3314
Email: wbowser@ycst.com; amartinelli@ycst.com

DATED:    July 10, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OLGA ALEXANDRA YATZUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-103-SLR |
| | ) | |
| APPOQUINIMINK SCHOOL DISTRICT | ) | |
| and TONY MARCHIO, individually and in | ) | **TRIAL BY JURY DEMANDED** |
| his official capacity, MARY ANN | ) | |
| MIECZKOWSKI, individually and in her | ) | |
| official capacity, DONNA MITCHELL, | ) | |
| individually and in her official capacity, and | ) | |
| MARION PROFFITT, individually and in | ) | |
| her official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

# APPENDIX PAGE 61 TO
# DEFENDANTS' OPENING BRIEFS
# IN SUPPORT OF THEIR MOTIONS FOR
# SUMMARY JUDGMENT

# REDACTED
# ENTIRETY OF DOCUMENT
# CONFIDENTIAL

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
William W. Bowser, Esquire (Bar I.D. 2239)
Adria B. Martinelli, Esquire (Bar I.D. 4056)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6601, 6613
Facsimile: (302) 576-3282, 3314
Email: wbowser@ycst.com; amartinelli@ycst.com

DATED:    July 10, 2006



**APPOQUINIMINK SCHOOL DISTRICT**
118 South Sixth Street, Box 4010
Odessa, Delaware  19730
Telephone: (302) 376-4101
Fax: (302) 378-5016

*Mr. Tony J. Marchio, Superintendent*

July 3, 2002

Ms. Olga Yatzus
101 Lynam Street
Wilmington, Delaware  19804

Dear Olga:

When I met with you and the other psychologist concerning your summer work schedules, it was agreed that each of you would submit your proposed summer schedules to me for approval in advance of the summer break. I asked that you indicate on these schedules the number of days that you proposed to work, the number of students that you would be evaluating, and the date of the submission for evaluation. While I have received the schedules from the other psychologist, I have not received yours. Would you please submit your schedules to me as soon as possible? In addition, I have some concerns that I would like to discuss with you on one of your workdays and ask that you stop in at your earliest convenience.

Thank you,

*Tony*

Tony J. Marchio
Superintendent
Appoquinimink School District

TJM/rao

pc:  Ms. Mary Ann Mieczkowski
     Special Ed/ILC Supervisor

*An Equal Opportunity Employer*

D-523

A62

<u>Olga</u>    (until Suzie)

M. - All day

T - til noon

N - All day

Fri - til noon

D.O. or Township

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OLGA ALEXANDRA YATZUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-103-SLR |
| | ) | |
| APPOQUINIMINK SCHOOL DISTRICT | ) | |
| and TONY MARCHIO, individually and in | ) | **TRIAL BY JURY DEMANDED** |
| his official capacity, MARY ANN | ) | |
| MIECZKOWSKI, individually and in her | ) | |
| official capacity, DONNA MITCHELL, | ) | |
| individually and in her official capacity, and | ) | |
| MARION PROFFITT, individually and in | ) | |
| her official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## APPENDIX PAGES A64 THROUGH A65 TO DEFENDANTS' OPENING BRIEFS IN SUPPORT OF THEIR MOTIONS FOR SUMMARY JUDGMENT

# REDACTED ENTIRETY OF DOCUMENT CONFIDENTIAL

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
William W. Bowser, Esquire (Bar I.D. 2239)
Adria B. Martinelli, Esquire (Bar I.D. 4056)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6601, 6613
Facsimile: (302) 576-3282, 3314
Email: wbowser@ycst.com; amartinelli@ycst.com

DATED:    July 10, 2006



APPOQUINIMINK SCHOOL DISTRICT
HOURLY PERSONNEL TIME SHEET
PAYROLL OFFICE 302-378-5011

This form must be used for an accounting of the hours worked by staff who are paid an hourly/daily rate. It must be signed, initialed by the immediate supervisor and submitted to the payroll department by the date required. The schedule for payroll submission dates can be checked in your school office.

NAME: Olga Matzus

BUILDING: District Office

PERIOD COVERED: 7/1 – 7/11

PAYROLL DATE: 7/30

| DATE | IN | OUT | HOURS | REMARKS |
|---|---|---|---|---|
| 7/1 | 8:00 a.m. | 3:30 p.m. | 7.5 | Report writing |
| 7/2 | 8:00 a.m. | 12:30 p.m. | 4.5 | testing |
| 7/3 | 8:00 a.m. | 3:30 p.m. | 7.5 | Report writing |
| 7/8 | 9:00 a.m. | 2:50 p.m. | 5.75 | Report writing |
| 7/10 | 8:30 a.m. | 3:30 p.m. | 7.5 | Report writing |
| 7/11 | 7:30 a.m. | 12:30 p.m. | 5 | Report writing |
| | a.m. | p.m. | | |
| | a.m. | p.m. | | |
| | a.m. | p.m. | | |
| | a.m. | p.m. | | |
| | a.m. | p.m. | | |

TOTAL    45    HOURS    X    43.33    RATE    = 1949.85

TOTAL        DAYS    X        RATE    =

This time sheet only!

SUPERVISOR'S SIGNATURE: _____ DATE: _____

EMPLOYEE'S SIGNATURE: Olga Matzus    DATE: 7/11/02

CODING: 62 0000 2012 115 000 000 0192

D-81

APPOQUINIMINK SCHOOL DISTRICT
HOURLY PERSONNEL TIME SHEET
PAYROLL OFFICE 302-378-5014

This form must be used for an accounting of the hours worked by staff who are paid an hourly/daily rate. It must be signed, initialed by your immediate supervisor and submitted to the payroll department by the date required. The schedule for payroll submission dates can be checked in your school office.

NAME: Olga Natzus

BUILDING: 501

PERIOD COVERED: 7/1 - 7/11

PAYROLL DATE:

| DATE | | IN | OUT | | HOURS | REMARKS |
|---|---|---|---|---|---|---|
| 7/1 | a.m. | 8:00 | 1:30 | p.m. | 5 1/2 | |
| 7/2 | a.m. | 8:00 | 6:00 | p.m. | | |
| 7/3 | a.m. | 8:00 | 5:00 | p.m. | 9:00 | |
| 7/8 | a.m. | 8:00 | 5:00 | p.m. | 9:00 | |
| 7/10 | a.m. | 8:00 | 5:00 | p.m. | 9 | |
| 7/11 | a.m. | 8:00 | | p.m. | | |
| | a.m. | | | p.m. | | |
| | a.m. | | | p.m. | | |
| | a.m. | | | p.m. | | |
| | a.m. | | | p.m. | | |
| | a.m. | | | p.m. | | |
| | a.m. | | | p.m. | | |

TOTAL HOURS 50 1/2 x RATE 43.33 = $ "

TOTAL DAYS x RATE = $ " 2188.16

SUPERVISOR'S SIGNATURE:    DATE: 

EMPLOYEE'S SIGNATURE:    DATE: 8/1/00

CODING: 0 0 0

Aug 23 -
Paid

Summer work submitted
never recd

Mucci 8/11

D-80

A67

Subj:      RE: summer schedule
Date:      8/6/2002 12:04:43 PM Eastern Standard Time
From:      Tony.Marchio@appo.k12.de.us
To:        Olga22@aol.com
CC:        kitty.rehrig@appo.k12.de.us
Sent from the Internet (Details)

Olga:

    I think I made it real clear what I wanted from each of you.  I wanted to know the exact days that you would be working, where you would be on those days, and what you would be doing.  The others gave me that information within a day of our meeting.  This is not an unreasonable request.

    I still do not have that information from you.  On July 9, you gave me a list of items that you have completed thus far with a list of students that needed tested.  There were absolutely no dates listed.  The dates that you gave to Chrissy were up to July 18 with just 5 days that you would be working and not much more information than that.

    This is my 3rd request for this information.  It is August 6th.  Why haven't this been submitted?

        -----Original Message-----
        **From:** Olga22@aol.com [mailto:Olga22@aol.com]
        **Sent:** Monday, August 05, 2002 10:27 AM
        **To:** tony.marchio@appo.k12.de.us
        **Cc:** kitty.rehrig@appo.k12.de.us
        **Subject:** summer schedule

        Tony,

        At our last meeting with Mitch, and Chet, I gave you a list of what I had already completed and a list of the children that still needed testing.  I thought that you wanted to know what I would be doing with my summer hours, so I gave you a comprehensive list.  I also left my schedule with Chrissy.  If you need more than that I would be happy to provide it to you.  I will be out of town until Wednesday evening, so I'll check in with you then.

        Olga

P-285

Monday, September 02, 2002 America Online: Olga22

A68

Subj:       RE: any new updates
Date:       8/21/2002 5:53:28 PM Eastern Standard Time
From:       Vicky.Boyd@DSEA.ORG
To:         Olga22@aol.com
*Sent from the Internet (Details)*

I FINALLY got up with him yesterday.  He just got back Monday and I'm running with new teacher orientations all over the state.

He IS very concerned about the fact that you never submitted the calendar, as opposed to the list of the kids to be tested.  He is ESPECIALLY concerned about the fact that he requested it three times and is yet to receive it.  And he's concerned that your two time sheets didn't match: I explained to him the circumstances for that and he didn't seem impressed.  he sees you as the same as the other psychologists in terms of requirements and I tried to explain your and Vaughan's understanding.  He is puzzled by the quandry that you don't want Vaughan to be involved in any decisions, and yet you're using a decision made by him to explain this situation.

So things are not good on his side.  I didn't mention your request that they make up the charges and write to the bank.  It didn't seem the political time to do so; while he was expressing his concerns.

I truly do not see the situation as an extension of Vaughan.  In fact, Tony was exceptionally glad to see him go, as you were.  We are in a true perception problem area, which I'm not sure how to resolve:  You both are coming to your interactions from diametrically opposed perceptions.  I will call you, but am not sure I will be able to do it before Friday: I'm in Appo all day tomorrow for meetings and new teacher activities.  We can talk about where to go from here.

Don't lose heart;  we will come to some resolution.

Will try to get up with you Friday.  Or you can call me after mid morning

V

-----Original Message-----
From: Olga22@aol.com [mailto:Olga22@aol.com]
Sent: Wednesday, August 21, 2002 2:06 PM
To: Boyd, Vicky [DE]
Subject: any new updates

P-294

Sunday, April 27, 2003 America Online: Olga22

A69

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OLGA ALEXANDRA YATZUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-103-SLR |
| | ) | |
| APPOQUINIMINK SCHOOL DISTRICT | ) | |
| and TONY MARCHIO, individually and in | ) | **TRIAL BY JURY DEMANDED** |
| his official capacity, MARY ANN | ) | |
| MIECZKOWSKI, individually and in her | ) | |
| official capacity, DONNA MITCHELL, | ) | |
| individually and in her official capacity, and | ) | |
| MARION PROFFITT, individually and in | ) | |
| her official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

# APPENDIX PAGES A70 THROUGH A72 TO DEFENDANTS' OPENING BRIEFS IN SUPPORT OF THEIR MOTIONS FOR SUMMARY JUDGMENT

# REDACTED
# ENTIRETY OF DOCUMENT
# CONFIDENTIAL

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
William W. Bowser, Esquire (Bar I.D. 2239)
Adria B. Martinelli, Esquire (Bar I.D. 4056)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6601, 6613
Facsimile: (302) 576-3282, 3314
Email: wbowser@ycst.com; amartinelli@ycst.com

DATED:    July 10, 2006

059265 1007



**APPOQUINIMINK SCHOOL DISTRICT**
118 South Sixth Street, Box 4010
Odessa, Delaware  19730
Telephone: (302) 376-4101
Fax: (302) 378-5016

*Mr. Tony J. Marchio, Superintendent*

*Certified Mail*

August 29, 2002

Ms. Olga Yatzus
101 Lynam Street
Wilmington, Delaware  19804

Dear Olga:

At the very beginning of the summer I met with you, Chet Hadley and Judy Green in my office to discuss summer work schedules for the psychologists. Because I was not personally involved with the arrangements that were made concerning the summer hours, I asked each of you to submit to me, in advance, a schedule of the number of days that you proposed to work, the number of students you would be evaluating, and the date of submission for those evaluations. I wanted the schedule to reflect where you would be and what hours you would be working. Within days of that meeting I received the requested schedules from the other psychologists; I did not receive your schedule.

On July 3, 2002, I requested from you, in writing, a copy of your summer schedule. I also mentioned that there was an irregularity in one of your workdays and asked you to stop by my office at your earliest convenience to discuss this issue. A meeting was scheduled for July 9th. At this meeting you submitted a list of duties that you had completed to that date and a list of student testing yet to be completed. I explained during the meeting that while this information was useful, it was not the information that I had requested, and I again asked you to submit the requested information to me at your earliest convenience. You ignored my request a second time.

Finally, via an e-mail that I sent to you on August 5, 2002, I requested that you submit your summer work schedule. You again chose to ignore my request and did not even respond to my e-mail, and the entire summer has passed without any accounting of the time you were paid through the summer months.

While you have chosen to characterize my request as "harassment" and "targeting you", nothing is further from the truth. I made the same request of your colleagues, and they complied immediately. In addition, I required all summer employees, including district office administrators, building principals and assistant principals, to account for their time during the summer. I personally report my summer work hours along with everyone else. I never once said that I would deny your workdays in the summer. As the

A73

-2-

chief administrator of this district, however, I feel that we should all be held accountable for the pay we receive.

The entire summer has passed and you have refused repeatedly to comply with my directive. As a result, consider this to be an official reprimand that will be placed in your personnel file. I ask that you schedule an appointment to meet with me during the week of September 2, 2002 to discuss this issue and to sign this letter. You may submit a written rebuttal at that time and, as always, you are entitled to be accompanied by a representative from the Appoquinimink Educators' Association.

Sincerely,

Tony J. Marchio

Tony J. Marchio
Superintendent
Appoquinimink School District

TJM/rao

pc:  Mr. Zen Marusa, Human Resources Director
     Ms. Mary Ann Mieczkowski, Special Ed/ILC Supervisor
     Personnel File

_____
(Signature of Employee Verifies Receipt of This Letter

9/4/02
/Date

*Conference was held on 9/4/02 - marchio yntgus. Proffitt Boyd*

D-28

A74

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OLGA ALEXANDRA YATZUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-103-SLR |
| | ) | |
| APPOQUINIMINK SCHOOL DISTRICT | ) | |
| and TONY MARCHIO, individually and in | ) | **TRIAL BY JURY DEMANDED** |
| his official capacity, MARY ANN | ) | |
| MIECZKOWSKI, individually and in her | ) | |
| official capacity, DONNA MITCHELL, | ) | |
| individually and in her official capacity, and | ) | |
| MARION PROFFITT, individually and in | ) | |
| her official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## APPENDIX PAGES A75 THROUGH A79 TO DEFENDANTS' OPENING BRIEFS IN SUPPORT OF THEIR MOTIONS FOR SUMMARY JUDGMENT

# REDACTED
# ENTIRETY OF DOCUMENT
# CONFIDENTIAL

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
William W. Bowser, Esquire (Bar I.D. 2239)
Adria B. Martinelli, Esquire (Bar I.D. 4056)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6601, 6613
Facsimile: (302) 576-3282, 3314
Email: wbowser@ycst.com; amartinelli@ycst.com

DATED:    July 10, 2006

06/30/2003  09:54   13023785007                APPO SCHOOL DISTRICT                    PAGE  03

Memorandum

To:     Appoquinimink Psychologists,
        Educational Diagnosticians,
        Coordinators and Specialists

From:   Mary Ann Mieczkowski

Date:   September 16, 2002

Re:     Evaluation, Re-evaluations, Specialists' Reports, and Evaluation Summary Report

After careful thought, research of federal and state requirements, and a conversation with Martha Toomey at the Department of Education, I am sending you this information regarding evaluations, re-evaluations, specialists' reports/documentation, and the Evaluation Summary Reports.  Appoquinimink School District will conduct initial evaluations and re-evaluations for special education services in the following manner:

Initial evaluations:
1.  The Educational Diagnostician will be responsible for disseminating the Permission to Evaluate document and will provide a copy to the psychologist and any other relevant team member.
2.  The Educational Diagnostician will be responsible for conducting the initial academic screening and will provide this information to the psychologist and any other relevant team member prior to further assessments.  All information must be documented.
3.  The psychologist will be responsible for conducting further assessments, gathering additional information and documenting their findings and recommendations through a Psychological Report.  The information contained in this report will be discussed at the meeting.  The dissemination of this document is the responsibility of the psychologist.  The Educational Diagnostician should receive an audit copy prior to the meeting, and the parent should receive a copy no later than the meeting date.
4.  All specialists (such as Occupational Therapist, Physical Therapist and Speech and Language Therapist) will attend the meeting with their evaluation reports and be prepared to discuss their findings.  They will be responsible for disseminating their own evaluation report.  The Educational Diagnostician should receive an audit copy prior to the meeting, and the parent should receive a copy no later than the meeting date.
5.  The psychologist will be responsible for leading the discussion regarding eligibility for special education services, connecting all data sources from other specialists, teachers, and parents, completing the Evaluation Summary Report and gathering signatures of the team at the IEP meeting.  In addition, they will be responsible for disseminating this document to the parent and other relevant team members, including the Educational Diagnostician.
    (Please note:  all data sources, such as classroom observations, curricular assessments, any other additional testing information, etc  must be in a documented manner).

**D-101**

A80

Re-evaluations:

1. A discussion must take place at each IEP meeting recommending data that needs to be gathered before the next scheduled IEP meeting. This may include standardized assessments, such a psychological or speech/language evaluation or more informal curriculum based evaluations done in the classroom.

2. The Educational Diagnostician will be responsible for disseminating the Permission to Evaluate document, if needed, and will provide a copy to the psychologist and any other relevant team member.

3 Psychologist will be responsible for additional standardized assessments, if needed, and gather relevant data supporting/negating the student's eligibility of continued special education services.

4. Psychologist will be responsible for preparing a separate re-evaluation report documenting their findings and recommendations prior to the IEP meeting. In addition, they will be responsible for disseminating this report. The Educational Diagnostician should receive an audit copy prior to the meeting, and the parent should receive a copy no later than the meeting date.

5. Specialists will be responsible for preparing a separate re-evaluation report documenting their findings and recommendations prior to the IEP meeting. In addition, they will be responsible for disseminating their report. The Educational Diagnostician should receive an audit copy prior to the meeting, and the parent should receive a copy no later than the meeting date.

6. Classroom teachers will provide curricular assessment information, classroom observations, functional behavioral assessments, present levels of performances, etc., as determined by the team, in a documented manner to the psychologist in preparation for the re-evaluation report and the IEP meeting.

7. The psychologist will be responsible for leading the discussion regarding eligibility for continued special education services, connecting all data sources from other specialists, teachers, and parents, completing the Evaluation Summary Report and gathering signatures of the team at the IEP meeting. In addition, they will be responsible for disseminating this document to the parent and other relevant team members, including the Educational Diagnostician.
(Please note: all data sources, such as classroom observations, curricular assessments, any other additional testing information, etc. must be in a documented manner).

As required by federal and state law and information required by auditors, I know that the documentation of relevant information is in the best interest of the student, his/her family, Appoquinimink School District and yourselves. Please collaborate on this process and it will run smoothly. Thank you for your time and effort on this matter

Cc:    Tony Marchio, Superintendent
       Marion Proffitt, Asst. Superintendent
       Kittie Rehrig, Supervisor of Student Services

**D-102**

MIDDLETOWN HIGH SCHOOL
120 Silver Lake Road
Middletown, DE 19709
(302) 376-4141
Fax no. 378-5268

Donna Lee Mitchell  Interim Principal

James Dooley                    Byron G  Murphy                    Nicholas Gibbs
Assistant Principal         Dean of Math/Science         Acting Assistant Principal


September 25, 2002


Ms Yatzus:

Prior to an IEP meeting scheduled this morning at 8:00 a m., you were approached by administration and asked for a copy of the evaluation report that was to be discussed in the IEP  You indicated that the report "was at home "  Over the past few weeks, on several occasions you have had opportunity to meet with both me, and the district supervisor for special education, Mary Ann Mieczkowski  During those meetings our expectations were clear  You are expected to provide written reports that include all key components required by the IEP. Those completed reports are expected prior to the meeting so that we may verify information.  During our conversation, I clearly stated that I wanted to see those reports, in writing

As a result of being unprepared for the meeting this morning, we were left with no other option but to reschedule the meeting  The parents, already present for the meeting, were willing to come back at 9:30 a m  to convene the meeting  They indicated that they had taken the day off work for this meeting and were able to accommodate us  This was unfortunate for the family and embarrassing for Middletown High School

Students at Middletown High School who have Individual Education Plans have a right to a Free and Appropriate Public Education and through the IDEA and ADA, they have the right to ask for the accommodations and modifications listed in their IEPs  Evaluations and assessments required as part of that IEP must be completed and presented to parents in a timely manner.  Failure to comply with this may result in Due Process.  Please note that you are negligent in your assignments here at Middletown High School as mentioned above.  Failure to evaluate students and submit written reports for those IEP meetings to which you are invited will be considered insubordinate and a dereliction of duties  Insubordination is cause for disciplinary action  This discipline may include suspension from your present assignment


Sincerely,

Donna Lee Mitchell

Donna Lee Mitchell


I have read the above correspondence and understand that it will be placed in my personnel file.


Teacher Signature        Date                              Administrative Signature    Date

Cc:    Zendn Marusa, Director of Human Resources
       Mary Ann Mieczkowski, Supervisor of Special Education
       Marion Proffitt, Assistant Superintendent


D-23


A82

MIDDLETOWN HIGH SCHOOL
120 Silver Lake Road
Middletown, DE 19709
(302) 376-4141
Fax no. 378-5268

Donna Lee Mitchell. Interim Principal

James Dooley                    Byron G Murphy                    Nicholas Gibbs
Assistant Principal            Dean of Math/Science            Acting Assistant Principal

September 25, 2002

Mrs. Yatzus:

On four separate occasions today, you failed to present a written report explaining the results of the various assessments used to evaluate students for possible placement in a special education program or to assist the team in the development of accommodations to fit a child's educational needs.  Your negligence in having these reports resulted in the rescheduling of one meeting and caused you to be thirty minutes late for another while you prepared the report.  During a third meeting, I had to leave the parent and the team to retrieve you from your office where you were hurriedly preparing a folder of information to share with the parent but still failed to produce a written report of the findings.

In one of the meetings, an intern was left to review the results of an assessment that she had completed  This presentation occurred without you presence and without your prior review of the documentation she was presenting  Her comment of "I don't know if you want to take a look at this," indicated that you had not previously reviewed the packet that she presented.

Students at Middletown High School who have Individual Educational Plans have a right to a Free and Appropriate Public Education and through the IDEA and ADA, they have the right to ask for the accommodations and modifications listed in their IEPs. In addition, they are entitled to the special education services listed in their IEPs.

You did not provide assessment reports for these meetings and failed to provide a copy of a report to the parents

Sincerely,


James W. Dooley, Jr.


I have read the above correspondence and understand that it will be placed in my personnel file


_____      _____      _____      _____
Employees signature          Date          Administrative signature      Date

Cc:    Marion Proffitt, Assistant superintendent
       Zenon Marusa, Director of Personnel
       Mary Ann Mieczkowski, Supervisor of Special Services
       Donna Mitchell, Principal MHS

**D-26**

A83

*Orginal*

**MIDDLETOWN HIGH SCHOOL**
120 Silver Lake Road
Middletown, DE 19709
(302) 376-4141
Fax no. 378-5268

Donna Lee Mitchell, Interim Principal

James Dooley
Assistant Principal

Byron G Murphy
Dean of Math/Science

Nicholas Gibbs
Acting Assistant Principal

October 14, 2002

Ms. Yatzus:

Today during an IEP meeting for a student in an outside agency, it was discovered that you attended, as a representative of MHS on May 16, 2002, an IEP meeting for this student at the alternative setting. During this meeting the child study team recommended that a functional behavior assessment be completed on this student. During the IEP meeting, you indicated that you completed this assessment over the summer by obtaining BASC from the parent, student, and three teachers of the alternative school. You appeared to have a copy of that report with you during the meeting today. When asked if you had a copy for the parent and the administration, you indicated that you would "have to make copies of it."

During our meeting on Sept., 2002 you were directed to submit to administration 48 hours prior, a copy of all reports to be presented during IEP meetings. You did not provide us with a copy of this report. You were also instructed to have a copy of the report available to parents to review as you went over it. This was also not provided.

The administration here has attempted to work with you to refine the process by which we prepare for IEP meetings. We have put into place expectations that should prevent us from appearing ill-prepared for these meetings. However, you have failed to follow those expectations. In addition, the child study process requires that all assessments and follow-up meetings be conducted within a reasonable amount of time. This request for assessment was made on May 16, 2002. The results, submitted only verbally, were shared with the parent only today, October 14, 2002. This is not timely.

You did not provide the administration with a copy of the assessment results at least 48 prior to the meeting and you took five months to complete a functional behavior assessment and present the results to the parents.

Sincerely,

Donna Lee Mitchell
Interim Principal

Cc:     Mrs. Marion Proffitt, Assistant Superintendent
        Mr. Zenon Marusa, Director of Human Resources
        Mrs. Mary Ann Mieczkoski, Supervisor of Special Education

I have read the above correspondence and understand that it will be placed in my personnel file.

**D-21**

_____    _____    _____    _____
Teacher Signature          Date       Administrative Signature   Date

*Teacher refused to sign - asked to have child study reference*
*removed from this letter*

A84



*Appoquinimink School District*

November 17, 2002

Olga Yatzus
School Psychologist
Middletown High School
Middletown, Delaware 19730

Dear Olga:

On September 25, 2002 three IEP meetings were held at Middletown High School and attended by either Donna Mitchell, Interim Principal, James Dooley, Assistant Principal, and/or myself where it was noted that you were not prepared as indicated by absent psychological reports. In one instance, you indicated to Donna Mitchell and Mrs Proffitt, Assistant Superintendent, that "the report was at home" As a result of being unprepared, the meeting was rescheduled The parents, already present for the meeting, were willing to come back at 9:30 a.m. to convene the meeting after you returned from home.

In a second instance, the Assistant Principal reported that he had to leave the parent and team to retrieve you from your office where you were hurriedly preparing a folder of information to share with the parent but still failed to produce a written report of your findings.

The requests of meetings for the three students indicated above were initiated by you on September 16, 2002 as indicated in an email to Marilyn Sweeney, Educational Diagnostician In a meeting with you on September 25th, you stated that you did not know that the meetings for these students were scheduled that day I am surprised that you were not prepared since you requested the meetings, knew that they were required, received notification of them and the deadline of September 30 was nearing.

As stated in my memo of September 9, 2002, every psychologist must prepare an individual report that includes testing results, findings, and recommendations prior to an initial evaluation or re-evaluation meeting This report must be copied and in the hands of the Educational Diagnostician prior to the commencement of the initial evaluation meeting or IEP meeting. In addition, it is the responsibility of the psychologist to supply the parents with their own copy at the meeting.

As a result of three individual reports of September 25th, a meeting was held on November 6, 2002 with you, Vicky Boyd, a Delaware State Education Association representative, Donna Mitchell, Lynn Keebler, Zen Marusa and myself to discuss the issues at hand. After a lengthy discussion, it is now understood that any information provided by the psychologist during an IEP or 504 meeting regarding any student, in the form of an evaluation, summary or "gathering of data", shall be considered a "report" and copies shall be provided to the administration and Educational Diagnostician at least 48 hours prior to the scheduled meeting. It continues to be your responsibility to provide the parent with a copy at the meeting.

Sincerely,

Mary Ann Mieczkowski,
Supervisor of Special Education Services

Employee signature: _____      Date: 11/25/02

Cc: Marion Proffitt, Assistant Superintendent
    Zenon Marusa, Director of Personnel
    Donna Mitchell, Interim Principal, MHS
    James Dooley, Assistant Principal, MHS
    Vicky Boyd, DSEA

**D-20**

A85

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OLGA ALEXANDRA YATZUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-103-SLR |
| | ) | |
| APPOQUINIMINK SCHOOL DISTRICT | ) | |
| and TONY MARCHIO, individually and in | ) | **TRIAL BY JURY DEMANDED** |
| his official capacity, MARY ANN | ) | |
| MIECZKOWSKI, individually and in her | ) | |
| official capacity, DONNA MITCHELL, | ) | |
| individually and in her official capacity, and | ) | |
| MARION PROFFITT, individually and in | ) | |
| her official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## APPENDIX PAGES A86 THROUGH A88 TO DEFENDANTS' OPENING BRIEFS IN SUPPORT OF THEIR MOTIONS FOR SUMMARY JUDGMENT

# REDACTED
# ENTIRETY OF DOCUMENT
# CONFIDENTIAL

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
William W. Bowser, Esquire (Bar I.D. 2239)
Adria B. Martinelli, Esquire (Bar I.D. 4056)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6601, 6613
Facsimile: (302) 576-3282, 3314
Email: wbowser@ycst.com; amartinelli@ycst.com

DATED:    July 10, 2006

MIDDLETOWN HIGH SCHOOL
120 Silver Lake Road
Middletown, DE 19709
(302) 376-4141
Fax no  378-5268

Donna Lee Mitchell, Interim Principal

James Dooley                    Byron G. Murphy                         Nicholas Gibbs
Assistant Principal            Dean of Math/Science              Acting Assistant Principal

January 8, 2003

Mrs. Yatzus:

On Friday, January 3, 2003, you were asked to provide written reports or written feedback on any progress you have made on four separate student cases. You verbally responded with your interpretation of the situation of each of the students in question. Later the same day, your verbal report was re-stated in a meeting with Mrs. Mitchell, Mrs. Mieczkowski, Mrs. Hill and me. At that time, you were requested to submit to my attention, in writing, any of the requested reports or a description of your interpretation of the current status of each of these students by the end of the day, January 3, 2003.

As of Wednesday, January 8, 2003, this written documentation has not been submitted.

Sincerely,

James W  Dooley, Jr.

RECEIVED
JAN 1 4 2003
APPOQUINIMINK SCHOOL DISTRICT
ASSISTANT SUPERINTENDENT

Your signature below indicates that you have received this letter, not that you agree with its contents. A copy of this letter will be placed in your personnel folder.

Administrative Signature                 1/13/03
                                                 /Date

Employees Signature                              Date
REFUSED TO SIGN              1/13/03

Cc:     Marion Proffitt, Assistant Superintendent
        Maryann Mieczkowski, Director of Special Education
        Zenon Marusa, Personnel Director
        Donna Lee Mitchell, Principal Middletown High School

**D-15**

A89

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OLGA ALEXANDRA YATZUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-103-SLR |
| | ) | |
| APPOQUINIMINK SCHOOL DISTRICT | ) | |
| and TONY MARCHIO, individually and in | ) | **TRIAL BY JURY DEMANDED** |
| his official capacity, MARY ANN | ) | |
| MIECZKOWSKI, individually and in her | ) | |
| official capacity, DONNA MITCHELL, | ) | |
| individually and in her official capacity, and | ) | |
| MARION PROFFITT, individually and in | ) | |
| her official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

# APPENDIX PAGES A90 THROUGH A91 TO
# DEFENDANTS' OPENING BRIEFS
# IN SUPPORT OF THEIR MOTIONS FOR
# SUMMARY JUDGMENT

# REDACTED
# ENTIRETY OF DOCUMENT
# CONFIDENTIAL

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
William W. Bowser, Esquire (Bar I.D. 2239)
Adria B. Martinelli, Esquire (Bar I.D. 4056)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6601, 6613
Facsimile: (302) 576-3282, 3314
Email: wbowser@ycst.com; amartinelli@ycst.com

DATED:    July 10, 2006

059265 1007

Subj:   **updates**
Date:   2/28/2003 4:04:51 PM Eastern Standard Time
From:   Olga22
To:   vicky.boyd@dsea.org
File:   **letter to donna.ZIP (8834 bytes) DL Time (721662 bps): < 1 minute**

Vicky,

Things have gotten a bit interesting at work. Last Tuesday we had a 10 hour long non-stop meeting with a student, his parents and their attorney. The reason for this marathon was Mitch's unprofession behavior and her lack of knowledge of the law. During the meeting she was extremely verbally abusive to me, as usual, but also to Sharon Hill as well. Earlier that morning, she was extremely rude and disrespectful to several black students that came into our office to see Sharon. These students immediately called their parents who then called Marion. Well, since Sharon has the ear of Marion, things have been a bit on the explosive side, because Sharon will "not be talked to that way" and neither will the African American students......

In that marathon meeting, we spent 2 1/2 hours discussing a behavior manifestation. Since everyone in attendance must vote, my opinions were in opposition to the districts position. I did not believe this young man's IEP was appropriate at the time, and stated so for very specific reasons. In talking with Donna briefly the following day, I was told by Donna that regardless of my professional opinion, that I need to be on the same page as the district.

I tried to file a complaint with OCR regarding the violation of the school district's disciplining of IDEA and 504 children. They said that they only take complaints from parents and that I should file a complaint with DOE. I don't think that will be a great idea....what do you think?

Please review the three letters that I wrote and please feel free to fix anything you want. I could write these letters on a daily basis, but I think that this summarizes the critical issues that have been representative of all of our interactions to date.

Also, in Mitch's letter, I volunteered you to assist with a conflict resolution meeting. If you are not comfortable with this, let me know. Is this something Jeff could also attend?

See how much one can accomplish on a "snow day?"

Olga

P-265

Monday, March 10, 2003 America Online: Olga22

A92



## M E M O R A N D U M

Superintendent
Tony Marchio

Board of Education
Dr Kent St Pierre
   President
Mr Ed Czerwinski
   Vice President
Mrs Joanne Christian
Dr Joseph English
Mr William Hutchison

District Office
118 South Sixth Street
P.O. Box 4010
Odessa, DE 19730-4010
302.376 4128 Phone
302.378 5016 Fax

Early Childhood Center
502 South Broad Street
Middletown, DE 19709
302 376 4400 Phone
302.378 5696 Fax

Cedar Lane Elementary
1259 Cedar Lane Road
Middletown, DE 19709
302 378 5045 Phone
302 378 5092 Fax

Olive B Loss Elementary
200 Brennan Boulevard
Bear, DE 19701
302 832 1343 Phone
302 832 3213 Fax

Silver Lake Elementary
200 E Cochran Street
Middletown, DE 19709
302 378 5023 Phone
302 378 5092 Fax

Townsend Elementary
PO' Box 369
126 Main Street
Townsend, DE 19734
302 378 5020 Phone
302 378 5088 Fax

Louis L Redding Middle
201 New Street
Middletown, DE 19709
302 378 5030 Phone
302 378 5080 Fax

Everett Meredith Middle
504 South Broad Street
Middletown, DE 19709
302 378 5001 Phone
302 378 5008 Fax

Middletown High
120 Silver Lake Road
Middletown, DE 19709
302 376 4141 Phone
302 378 5260 Fax

Groves Adult High
504 South Broad Street
Middletown, DE 19709
302 378 5037 Phone
302 378 0362 Fax

TO:        Olga Yatzus
           School Psychologist

FROM:      Tony J  Marchio
           Superintendent

DATE:      March 3, 2003

SUBJECT:   REPRIMAND

On Tuesday, February 25, 2003, you were scheduled to participate in an IEP meeting in our district office beginning at 10:00 a.m.  While you were notified of the meeting in writing, and even reminded of it verbally that morning by Mrs. Mieczkowski, you did not appear at the meeting until 10:30 a.m.  Again, our district was in the embarrassing position of trying to locate you and waiting for you to appear before we could begin our business. The student's parents, two attorneys, and several school district officials managed to report to this meeting on time only to be delayed by our lack of punctuality.

Olga, you and I have had discussions of this nature several times, and I am upset that you fail to respond to my concerns.  It is my goal that our district be represented in the most professional manner possible, and that cannot be accomplished without your cooperation. While you mentioned that you had another important matter that required your attention, I am certain that Middletown High School personnel could have assisted you with that situation allowing you to attend the IEP meeting on time.

Please consider this an official reprimand that will be placed in your personnel file.  I am asking that you schedule a time to come to my office within ten school days to discuss and sign this document.

TJM/rao

pc:  Mrs. Mary Ann Mieczkowski, Special Ed/ILC Supervisor
     Mr. Zen Marusa, Human Resources Director
     Personnel File

*Letter hand delivered on 3/03/03 to Olga Yatzus
by Mary Ann Mieczkowski.  rao*

*An Equal Opportunity Employer*                    D-13

A93

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OLGA ALEXANDRA YATZUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-103-SLR |
| | ) | |
| APPOQUINIMINK SCHOOL DISTRICT | ) | |
| and TONY MARCHIO, individually and in | ) | **TRIAL BY JURY DEMANDED** |
| his official capacity, MARY ANN | ) | |
| MIECZKOWSKI, individually and in her | ) | |
| official capacity, DONNA MITCHELL, | ) | |
| individually and in her official capacity, and | ) | |
| MARION PROFFITT, individually and in | ) | |
| her official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

# APPENDIX PAGE A94 TO
# DEFENDANTS' OPENING BRIEFS
# IN SUPPORT OF THEIR MOTIONS FOR
# SUMMARY JUDGMENT

# REDACTED
# ENTIRETY OF DOCUMENT
# CONFIDENTIAL

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
William W. Bowser, Esquire (Bar I.D. 2239)
Adria B. Martinelli, Esquire (Bar I.D. 4056)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6601, 6613
Facsimile: (302) 576-3282, 3314
Email: wbowser@ycst.com; amartinelli@ycst.com

DATED:      July 10, 2006



Appoquinimink School District

Superintendent
Tony Marchio

Board of Education
Dr Kent St Pierre
  President
Mr Ed Czerwinski
  Vice President
Mrs Joanne Christian
Dr Joseph English
Mr William Hutchison

District Office
118 South Sixth Street
P.O. Box 4010
Odessa. DE 19730-4010
302 376 4128 Phone
302 378 5016 Fax

Early Childhood Center
502 South Broad Street
Middletown. DE 19709
302 376 4400 Phone
302 378 5696 Fax

Cedar Lane Elementary
1259 Cedar Lane Road
Middletown. DE 19709
302 378 5045 Phone
302 378 5091 Fax

Olive B  Loss Elementary
200 Brennan Boulevard
Bear, DE 19701
302 832 1343 Phone
302 832 3213 Fax

Silver Lake Elementary
200 E  Cochran Street
Middletown. DE 19709
302 378 5023 Phone
302 378 5092 Fax

Townsend Elementary
P.O  Box 369
126 Main Street
Townsend, DE 19734
302 378 5020 Phone
302 378 5088 Fax

Louis L  Redding Middle
201 New Street
Middletown, DE 19709
302 378 5030 Phone
302 378 5080 Fax

Everett Meredith Middle
504 South Broad Street
Middletown. DE 19709
302 378 5001 Phone
302 378 5008 Fax

Middletown High
120 Silver Lake Road
Middletown  DE 19709
302 376 4141 Phone
302 378 5268 Fax

Groves Adult High
504 South Broad Street
Middletown. DE 19709
302 378 5037 Phone
302 378 0362 Fax

March 24, 2003

Ms. Vicky Boyd
DSEA
136 East Water Street
Dover, Delaware    19901

Dear Ms  Boyd:

This letter will confirm that a hearing of the Step 2 grievance of Olga Yatzus dated March 17, 2003 has been scheduled for Friday, March 28, 2003, at 12:30 p.m. in the conference room of the Appoquinimink District Office in Odessa, Delaware   A copy of the grievance is attached for your review

Please be advised that I will conduct the hearing as the superintendent's designee.

Sincerely,

*Marion E Proffitt /rao*

Marion E  Proffitt
Assistant Superintendent
Appoquinimink School District

IJM/rao

Enclosure

pc:   Mr. Tony Marchio, Superintendent
      Mr. Zenon Marusa, Human Resources Director
      Ms. Mary Ann Mieczkowski, Special Education Supervisor
      Ms. Vicky Shaffner, AEA Co-President
      Ms Mary Lynn Kebler, AEA Co-President
      Ms Olga Yatzus, School Psychologist

A95



*Appoquinimink School District*

Superintendent
Tony Marchio

Board of Education
Dr. Kent St Pierre
    *President*
Mr. Ed Czerwinski
    *Vice President*
Mrs Joanne Christian
Dr Joseph English
Mr. William Hutchison

District Office
118 South Sixth Street
P.O. Box 4010
Odessa, DE 19730-4010
302 376 4128 Phone
302 378 5016 Fax

Early Childhood Center
502 South Broad Street
Middletown, DE 19709
302 376 4400 Phone
302.378.5696 Fax

Cedar Lane Elementary
1259 Cedar Lane Road
Middletown, DE 19709
302 378 5045 Phone
302 378 5091 Fax

Olive B. Loss Elementary
200 Brennan Boulevard
Bear, DE 19701
302 832.1343 Phone
302.832.3213 Fax

Silver Lake Elementary
200 E. Cochran Street
Middletown, DE 19709
302 378 5023 Phone
302 378 5092 Fax

Townsend Elementary
P.O. Box 369
126 Main Street
Townsend, DE 19734
302 378 5020 Phone
302 378 5088 Fax

Louis L. Redding Middle
201 New Street
Middletown, DE 19709
302 378 5030 Phone
302 378 5080 Fax

Everett Meredith Middle
504 South Broad Street
Middletown, DE 19709
302 378 5001 Phone
302.378 5008 Fax

Middletown High
120 Silver Lake Road
Middletown, DE 19709
302.376 4141 Phone
302 378 5268 Fax

Groves Adult High
504 South Broad Street
Middletown, DE 19709
302.378.5037 Phone
302.378.0362 Fax

March 31, 2003

Ms. Vicky Boyd
DSEA
136 East Water Street
Dover, Delaware    19901

RE:    STEP 2 RESPONSE
       <u>OLGA YATZUS GRIEVANCE</u>

Dear Ms. Boyd:

The supervisor upholds the contents of the letter and specifically notes that the grievant was aware of the meeting date and time. (See copy of attached calendar page taken from Ms. Waecker's office calendar.) I further note that there were no other scheduled appointments on the attached calendar that would have constituted a conflict during that time frame. Therefore, I hold that Ms. Yatzus could have been present and on time for the IEP meeting scheduled for February 25, 2003 at 10:00 a.m.

Sincerely,

*Marion E. Proffitt*

Marion E. Proffitt
Assistant Superintendent
Appoquinimink School District

TJM/rao

Enclosures

pc:  Mr. Tony Marchio, Superintendent
     Mr. Zenon Marusa, Human Resources Director
     Ms. Mary Ann Mieczkowski, Special Education Supervisor
     Ms. Vicky Shaffner, AEA Co-President
     Ms. Mary Lynn Kebler, AEA Co-President
     Ms. Olga Yatzus, School Psychologist

*An Equal Opportunity Employer*    **D-11**

A96





Middletown High School  120 Silver lake Road  Middletown  DE  19709  302-376-4141 fax 302-376-5268

April 2, 2003

Dear Mrs. Yatzus:

On March 8, 2003 following an absence for personal illness, we met in my office to discuss procedures MHS staff are expected to follow when they are absent from school  At that time, I shared with you my expectations   I made it clear that you were expected to call the substitute caller before 6:30 a.m. when you were out for personal illness.  I also indicated following your questions, that you were to indicate "no substitute needed" and when the report came through from the sub caller, the administration would ascertain whether we needed a substitute psychologist for the day

We had seven IEP meetings scheduled today, and planned on a psychologist attending

You did not report to work today and you did not contact the substitute caller  At 12:58 p.m. today you contacted Sue Poore and indicated that you had stopped by your son's school and got tied up longer than you had anticipated, so you were just going to take the day.  As discussed in my office on March 8, 2003, you are not to contact secretaries to notify them of your absence.  If you are not able, for whatever reason to contact the sub caller, you need to contact an administrator.

Sincerely,

Donna Lee Mitchell
Principal

I have read the above correspondence and understand that it will be placed in my personnel file

_____ 4/10/03          Donna Lee Mitchell 4/22/03
Teacher Signature      Date            Administrative Signature    Date

Cc:    Tony Marchio, Superintendent
       Marion Proffitt, Assistant Superintendent
       Zenon Marusa, Personnel Director

Donna Lee Mitchell          Nick Gibbs              Felecia Duggins         John C Martin           Byron Murphy
Principal                   Assistant Principal     Assistant Principal     Assistant Principal     Dean Math / Science
302-376-4141                302-376-4147            302-376-4143            302-376-4142            302-376-4161
Donna.mitchell@appo.k12.de.us  Nick.gibbs@appo.k12.de.us  Felecia.duggins@appo.k12.de.us  John.martin@appo.k12.de.us  Byron.murphy@appo.k12.de.us

D-7

A97




Middletown High School  120 Silver lake Road  Middletown  DE  19709  302-376-4141 fax 302-378-5268

April 2, 2003

Dear Mrs. Yatzus:

During a manifestation meeting on Monday, March 31 it came to my attention that you attended an IEP on December 13, 2002 for a student at Middletown High School.  This was his initial IEP, as he was classified as needing special services at that time.  Although the minutes, of which you signed, do not reflect that this student had any behavior issues, the box in the IEP was checked affirmative indicating that he "exhibited behaviors that impede his learning or the learning of others".  In addition, there were no behavior objectives included in this IEP, nor was there evidence in the minutes that a request had been made for a Functional Behavior Assessment.

Because this IEP was not complete, the team had no choice on March 31, 2003 but to conclude that this student's violation of the district discipline code of conduct (possession of a controlled substance) was a manifestation of his disability  More importantly, this students has not received the benefit of support for his behavior since being identified for support services on December 13, 2002.  It is imperative that all aspects of an IEP are complete and included prior to signing

Sincerely,

*Donna Lee Mitchell*

Donna Lee Mitchell
Principal

I have read the above correspondence and understand that it will be placed in my personnel file

| | |
|---|---|
| *signature* 4/10/03 | *signature* |
| Teacher Signature  Date | Administrative Signature  Date 4/22/03 |

Cc:    Toby Marchio, Superintendent
       Marion Proffitt, Assistant Superintendent
       Zenon Marusa, Personnel Director

Donna Lee Mitchell
Principal
302-376-4141
Donna.mitchell@appo.k12.de.us

Nick Gibbs
Assistant Principal
302-376-4147
Nick.gibbs@appo.k12.de.us

Felecia Duggins
Assistant Principal
302-376-4143
Felecia.duggins@appo.k12.de.us

John C. Martin
Assistant Principal
302-376-4142
John.martin@appo.de.us

Byron Murphy
Dean Math / Science
302-376-4161
Byron.murphy@appo.k12.de.us

D-8

A98

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

OLGA ALEXANDRA YATZUS,                )
                                      )
                 Plaintiff,           )
                                      )    C.A. No. 05-103-SLR
          v.                          )
                                      )
APPOQUINIMINK SCHOOL DISTRICT         )
and TONY MARCHIO, individually and in )    **TRIAL BY JURY DEMANDED**
his official capacity, MARY ANN       )
MIECZKOWSKI, individually and in her  )
official capacity, DONNA MITCHELL,    )
individually and in her official capacity, and )
MARION PROFFITT, individually and in  )
her official capacity,                )
                                      )
                 Defendants.          )

## APPENDIX PAGE A99 TO
## DEFENDANTS' OPENING BRIEFS
## IN SUPPORT OF THEIR MOTIONS FOR
## SUMMARY JUDGMENT

# REDACTED
# ENTIRETY OF DOCUMENT
# CONFIDENTIAL

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
William W. Bowser, Esquire (Bar I.D. 2239)
Adria B. Martinelli, Esquire (Bar I.D. 4056)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6601, 6613
Facsimile: (302) 576-3282, 3314
Email: wbowser@ycst.com; amartinelli@ycst.com

DATED:    July 10, 2006

059265 1007