IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OLGA ALEXANDRA YATZUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 05-103-SLR |
| | ) | |
| APPOQUINIMINK SCHOOL DISTRICT | ) | |
| and TONY MARCHIO, individually and in | ) | **TRIAL BY JURY DEMANDED** |
| his official capacity, MARY ANN | ) | |
| MIECZKOWSKI, individually and in her | ) | |
| official capacity, DONNA MITCHELL, | ) | |
| individually and in her official capacity, and | ) | |
| MARION PROFFITT, individually and in | ) | |
| her official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

# APPENDIX PAGES A100 THROUGH A102 TO
# DEFENDANTS' OPENING BRIEFS
# IN SUPPORT OF THEIR MOTIONS FOR
# SUMMARY JUDGMENT

# REDACTED
# ENTIRETY OF DOCUMENT
# CONFIDENTIAL

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
William W. Bowser, Esquire (Bar I.D. 2239)
Adria B. Martinelli, Esquire (Bar I.D. 4056)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6601, 6613
Facsimile: (302) 576-3282, 3314
Email: wbowser@ycst.com; amartinelli@ycst.com

DATED:    July 10, 2006



*Appoquinimink School District*

To:     Olga Yatzus

From:   Mary Ann Mieczkowski

Date:   April 9, 2003

Re:     Request schedule of testing

On Thursday, March 27, 2003, I requested a schedule of the initial evaluations, re-evaluations and any other testing that you are completing for students in Middletown High School to be submitted to me by the end of the day. I again made the request on Tuesday, April 1, 2003 and Tuesday April 8, 2003. Each time the request was made, you responded that you would complete it by the end of the day and submit it to me. I have yet to receive your schedule of testing.

Please consider this memo an official reprimand that will be placed in your personnel file. Please schedule a time to discuss this matter and submit the requested document.

Cc:     Tony Marchio, Superintendent
        Donna Mitchell, Principal MHS
        Zen Marusa, Human Resources Director

*Received 4/10/03*                An Equal Opportunity Employer

**D-5**

**Superintendent**
Tony Marchio

**Board of Education**
Dr Kent St. Pierre
*President*
Mr. Ed Czerwinski
*Vice President*
Mrs Joanne Christian
Dr Joseph English
Mr. William Hutchison

**District Office**
118 South Sixth Street
P.O. Box 4010
Odessa, DE 19730-4010
302.376 4128 Phone
302 378 5016 Fax

**Early Childhood Center**
502 South Broad Street
Middletown, DE 19709
302.376 4400 Phone
302.378 5696 Fax

**Cedar Lane Elementary**
1259 Cedar Lane Road
Middletown, DE 19709
302.378 5045 Phone
302.378 5091 Fax

**Olive B Loss Elementary**
200 Brennan Boulevard
Bear, DE 19701
302 832 1343 Phone
302.832 3213 Fax

**Silver Lake Elementary**
200 E. Cochran Street
Middletown, DE 19709
302.378 5023 Phone
302.378 5092 Fax

**Townsend Elementary**
P.O. Box 369
126 Main Street
Townsend, DE 19734
302.378 5020 Phone
302 378 5088 Fax

**Louis L. Redding Middle**
201 New Street
Middletown, DE 19709
302.378 5030 Phone
302.378 5080 Fax

**Everett Meredith Middle**
504 South Broad Street
Middletown, DE 19709
302.378 5001 Phone
302.378 5008 Fax

**Middletown High**
120 Silver Lake Road
Middletown, DE 19709
302.376 4141 Phone
302.378 5268 Fax

**Groves Adult High**
504 South Broad Street

A103

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OLGA ALEXANDRA YATZUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-103-SLR |
| | ) | |
| APPOQUINIMINK SCHOOL DISTRICT | ) | |
| and TONY MARCHIO, individually and in | ) | **TRIAL BY JURY DEMANDED** |
| his official capacity, MARY ANN | ) | |
| MIECZKOWSKI, individually and in her | ) | |
| official capacity, DONNA MITCHELL, | ) | |
| individually and in her official capacity, and | ) | |
| MARION PROFFITT, individually and in | ) | |
| her official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

# APPENDIX PAGE 104 TO
# DEFENDANTS' OPENING BRIEFS
# IN SUPPORT OF THEIR MOTIONS FOR
# SUMMARY JUDGMENT

# REDACTED
# ENTIRETY OF DOCUMENT
# CONFIDENTIAL

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
William W. Bowser, Esquire (Bar I.D. 2239)
Adria B. Martinelli, Esquire (Bar I.D. 4056)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6601, 6613
Facsimile: (302) 576-3282, 3314
Email: wbowser@ycst.com; amartinelli@ycst.com

DATED:    July 10, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OLGA ALEXANDRA YATZUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 05-103-SLR |
| | ) | |
| APPOQUINIMINK SCHOOL DISTRICT | ) | |
| and TONY MARCHIO, individually and in | ) | **TRIAL BY JURY DEMANDED** |
| his official capacity, MARY ANN | ) | |
| MIECZKOWSKI, individually and in her | ) | |
| official capacity, DONNA MITCHELL, | ) | |
| individually and in her official capacity, and | ) | |
| MARION PROFFITT, individually and in | ) | |
| her official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

# APPENDIX PAGES A105 THROUGH A107 TO
# DEFENDANTS' OPENING BRIEFS
# IN SUPPORT OF THEIR MOTIONS FOR
# SUMMARY JUDGMENT

# REDACTED
# ENTIRETY OF DOCUMENT
# CONFIDENTIAL

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
William W. Bowser, Esquire (Bar I.D. 2239)
Adria B. Martinelli, Esquire (Bar I.D. 4056)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6601, 6613
Facsimile: (302) 576-3282, 3314
Email: wbowser@ycst.com; amartinelli@ycst.com

DATED:      July 10, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

OLGA ALEXANDRA YATZUS,                )
                                      )
                Plaintiff,            )
                                      )
        v.                            )    C.A. No. 05-103-SLR
                                      )
APPOQUINIMINK SCHOOL DISTRICT         )
and TONY MARCHIO, individually and in )    **TRIAL BY JURY DEMANDED**
his official capacity, MARY ANN       )
MIECZKOWSKI, individually and in her  )
official capacity, DONNA MITCHELL,    )
individually and in her official capacity, and )
MARION PROFFITT, individually and in  )
her official capacity,                )
                                      )
                Defendants.           )

# APPENDIX PAGES A108 THROUGH A110 TO DEFENDANTS' OPENING BRIEFS IN SUPPORT OF THEIR MOTIONS FOR SUMMARY JUDGMENT

# REDACTED
# ENTIRETY OF DOCUMENT
# CONFIDENTIAL

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
William W. Bowser, Esquire (Bar I.D. 2239)
Adria B. Martinelli, Esquire (Bar I.D. 4056)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6601, 6613
Facsimile: (302) 576-3282, 3314
Email: wbowser@ycst.com; amartinelli@ycst.com

DATED:    July 10, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OLGA ALEXANDRA YATZUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 05-103-SLR |
| | ) | |
| APPOQUINIMINK SCHOOL DISTRICT | ) | |
| and TONY MARCHIO, individually and in | ) | **TRIAL BY JURY DEMANDED** |
| his official capacity, MARY ANN | ) | |
| MIECZKOWSKI, individually and in her | ) | |
| official capacity, DONNA MITCHELL, | ) | |
| individually and in her official capacity, and | ) | |
| MARION PROFFITT, individually and in | ) | |
| her official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## APPENDIX PAGES A111 THROUGH A112 TO DEFENDANTS' OPENING BRIEFS IN SUPPORT OF THEIR MOTIONS FOR SUMMARY JUDGMENT

# REDACTED
# ENTIRETY OF DOCUMENT
# CONFIDENTIAL

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
William W. Bowser, Esquire (Bar I.D. 2239)
Adria B. Martinelli, Esquire (Bar I.D. 4056)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6601, 6613
Facsimile: (302) 576-3282, 3314
Email: wbowser@ycst.com; amartinelli@ycst.com

DATED:    July 10, 2006



May 8, 2003

*Certified Mail*

Superintendent
Tony Marchio

Board of Education
Dr. Kent St. Pierre
*President*
Mr. Ed Czerwinski
*Vice President*
Mrs. Joanne Christian
Dr. Joseph English
Mr. William Hutchison

District Office
118 South Sixth Street
P.O. Box 4010
Odessa, DE 19730-4010
302.376.4128 Phone
302.378.5016 Fax

Early Childhood Center
502 South Broad Street
Middletown, DE 19709
302.376.4400 Phone
302.378 5696 Fax

Cedar Lane Elementary
1259 Cedar Lane Road
Middletown, DE 19709
302.378.5045 Phone
302.378.5091 Fax

Olive B. Loss Elementary
200 Brennan Boulevard
Bear, DE 19701
302.832.1343 Phone
302.832.3213 Fax

Silver Lake Elementary
200 E. Cochran Street
Middletown, DE 19709
302.378.5023 Phone
302.378.5092 Fax

Townsend Elementary
P.O. Box 369
126 Main Street
Townsend, DE 19734
302.378.5020 Phone
302.378.5088 Fax

Louis L. Redding Middle
201 New Street
Middletown, DE 19709
302.378.5030 Phone
302.378 5080 Fax

Everett Meredith Middle
504 South Broad Street
Middletown, DE 19709
302.378.5001 Phone
302.378.5008 Fax

Middletown High
120 Silver Lake Road
Middletown, DE 19709
302.376.4141 Phone
302.378.5268 Fax

Groves Adult High
504 South Broad Street
Middletown, DE 19709
302.378.5037 Phone
302.378.0362 Fax

Ms. Olga Yatzus
101 Lynam Street
Wilmington, Delaware   19804

Dear Ms. Yatzus:

Effective Monday, May 12, 2003, I am placing you on special assignment for the balance of the 2002/2003 school year. Your office at Middletown High School will be moved to the District's administrative offices. A workspace has been arranged for you in the student services office. Your job title and position will remain the same. Your job responsibilities will be coordinated directly by your supervisor, Mary Ann Mieczkowski.

Starting on Monday, May 12, 2003, and for the balance of the 2002/2003 school year, you are to report to the administrative offices at 118 South Sixth Street in Odessa at 7:45 a.m.

Sincerely,

Tony J. Marchio

Tony J. Marchio, Ed.D.
Superintendent
Appoquinimink School District

TJM/rao

pc:    Ms. Mary Ann Mieczkowski, Supervisor of Special Education
       Ms. Donna Mitchell, Principal, Middletown High School
       Mr. Zenon Marusa, Director, Human Resources Department

P-338

*An Equal Opportunity Employer*

A113

PLEASE SIGN AND RETURN TO SUE POORE

## APPOQUINIMINK SCHOOL DISTRICT
### ABSENCE REPORT FORM

NAME _____ *D. Yatzus*

DATES ABSENT _____ *5-8-03 and 5-9-03*

NAME OF SUBSTITUTE _____

Signature _____ Soc. Sec # _____

REASONS FOR ABSENCE (Circle appropriate reason.)

DAYS COUNTED AGAINST SICK LEAVE:

01    Personal Illness

02    Critical illness of member of immediate family   (Limit of 3 calendar days without loss of pay)

03    Recognized religious holiday (Limit of 3 calendar days per year)

(04)   Personal Leave   (Limit of 3 per year)  Must have approval of Superintendent

RECORD-KEEPING PURPOSES ONLY.  NO EFFECT ON SICK LEAVE

05    Death of member of immediate family   Limit of 5 working days per death
      Immediate family consists of : father, mother, brother, sister, son, daughter, husband, wife, daughter-in-law, son-in-law, parent-in-law, grandchild, relative residing with employee, person with whom employee has resided

06    Funeral of near relative   Limit of 1 working day per death.  Near relative consists of: first cousin, aunt, nephew, grandfather, grandmother, uncle, niece, brother-in-law, sister-in-law

07    Jury Duty

08    Locally excued (applies to teachers only)  Must have approval of Superintendent

OTHER REASONS FOR ABSENCE

09    Vacation (12 month employees)

10    Deduct

11    Workman's Compensation

Supervisor/Administrator's Initials: _DM_

D-27497

A114

Page 1 of 1

**Subj:** RE: letter
**Date:** 5/12/2003 1:15:03 PM Eastern Standard Time
**From:** Tony.Marchio@appo.k12.de.us
**To:** Olga22@aol.com
*Sent from the Internet (Details)*

Olga:

I think we could work out something like this. I'll ask Mary Ann to talk with you. I think the solution would be best for all of us too.

-----Original Message-----
**From:** Olga22@aol.com [mailto:Olga22@aol.com]
**Sent:** Monday, May 12, 2003 12:01 PM
**To:** Tony.Marchio@appo.k12.de.us
**Subject:** letter

Tony,

I was not able to get to the post office to get my certified letter, therefore I reported to my MHS office only to find that my lock had been changed. Donna Mitchell then told me that I was reassigned to the District Office. I did ask her about being able to pack up my office in the very near future.

This situation is obviously very upsetting and I did not feel that I could work today. I would be more than happy to use my unused sick time to carry me to the remainder of the school year if that would be agreeable to you. I think that solution would be best for all of us.

Olga

P-218

Monday, May 12, 2003 America Online: Olga22

A115

Subj:     today
Date:     5/12/2003 10:14:06 AM Eastern Standard Time
From:     Olga22
To:       maryann.mieczkowski@appo.k12.de.us

Mitch,

After my meeting this morning, I was very upset and starting getting a really bad headache.  I would like to use a sick day today and if at all possible would like to use  any unused sick days for the remainder of the school year.  I could get a doctors note if needed.  I will complete the reports for the kids that I have completed and will be able to send them to you.  Please let me know as soon as possible.

Olga

P-216

Monday, May 12, 2003 America Online: Olga22

A116

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974

**Delaware Department of Labor**

(State, or local Agency, if any)

ENTER CHARGE NUMBER

☐ FEPA  05031062

☐ EEOC  17CA300411

and EEOC

| NAME (Indicate Mr, Mrs, Ms) | HOME TELEPHONE NO. (Include Area Code) |
|---|---|
| Olga Alexandra Yatzus | (302) 999-8365 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 101 Lynam St.   Wilmington DE 19804   NCC | | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one, list below.)

| NAME | NO. OF EMPLOYEES OR MEMBERS 100+ | TELEPHONE NUMBER (Incl. Area Code) |
|---|---|---|
| State of Delaware/Department of Education/Appoquinimink School District | | 302-376-4140 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE |
|---|---|
| 401 Federal St. P.O. Box 1402 Dover, DE 19903-1402 | |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE |
|---|---|
| | |

☒ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN  ☐ AGE

☒ RETALIATION  ☒ DISABILITY  ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST  2/5/02
LATEST  5/12/2003
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s).

I am a white female who has been employed by the Respondent since 8/01 at Middletown Highschool as a School Phychiolgist. I am a qualified individual with a disability who is able to perform the essential functions of the position without reasonable accomodation. On 2/5/02, I reported allegations of sexual harassment to Marian Prophet (black, female), Assistant Superintendent. After an independent investigation, Respondent determined that the allegations were founded. Since about March of 2002, I have been subjected to retaliation by Tony Marchio (white, male), Superintendent. I have received numerous retaliatory write-ups based on embellished or unfounded grounds. Specifically, I was written up for not giving a physical calender of my summer schedule to Mr. Marchio even though I informed the secretary of my availability and provided Mr. Marchio an itemized task list. In addition, I was written-up for having children in my office, although this is a part of my job. Also, Mr. Marchio pulled, without notification, my timesheet that had two weeks of overtime listed, thereby delaying my pay. Lastly, 2/25/03, Ms. Prophet pulled a write-up which was given to Sharon Hill (black), Education Diagnostician thereby removing it from her file however, I was similarly written up but my write-up was kept in my file by Mr. Marchio. On 5/5/03, I received a letter stating that my contract would not be renewed and therefore, as of June 18, 2003, I will be terminated. On 5/12/03, I was informed by letter that I was going to be moved to a special assignment at the District Office until my termination date. On this date, I was locked out of my office, escorted out of the building and told that I could not return to the building.

I believe that I have been discriminated and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act of 1991, as amended, the Delaware Discrimination in Employment Act and the Delaware Handicapped Persons Employment Protection Act based on my race, sex and my disability because: I have been disparately treated with regard to terms and conditions of employment specifically displinary action; I have received numerous retaliatory write-ups based on embellished or unfounded grounds, in an effort halt my tenure; the hostile working environment and physical conditions compounded with my disability has made it very difficult to perform my job sufficiently; I was subjected to verbal abuse both at work and by mail by Donna Mitchell, Principal, Jim Dooley, Assistant Principal and Mary Anne Mieczkowski, Supervisor; and  I was unfairly terminated effective June 18, 2003.

| ☒ I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SIGNATURE OF COMPLAINANT | D-66 |
|---|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. | |
| I declare under penalty of perjury that the foregoing is true and correct. | NOTARY - (When necessary to meet State and Local Requirements) | |
| *Olga Yatzus*   5/14/03 | | |

A117



# *Appoquinimink School District*

Olga Yatzus
101 Lynam St.
Wilm., DE 198004 -3136

May 14, 2003

Dear Olga ,

The Appoquinimink School Board at their meeting on May 13, 2003 voted to nonrenew your contract for the 2002 / 2003 school year. This letter is your official notice that your contract for the school year of 2002/2003 will not be renewed due to the number and nature of letters in your personnel file.

Please find enclosed a copy of Chapter 14 of the Delaware State Code.

If you should have any questions, please call me at 376-4128. Good luck with your future endeavors

Sincerely,

Zenon J. Marusa, Jr.
Human Resources Director

P-391

A118



THE BRANDYWINE CENTER LLC

counseling • consultation • psychotherapy

District Office
Appoquinimink School District
118 South Sixth Street
Middletown, DE

May 27, 2003

To Whom It May Concern:

I am writing on behalf of my patient, Olga Yatzus, whom I have been treating for Major Depression, Generalized Anxiety Disorder, ADHD, and Acute Stress Disorder secondary to job-related stress. I understand that Ms. Yatzus has been reassigned to the district office and told not to return to her previous assignment at Middletown High School. Ms. Yatzus is experiencing high levels of anxiety and distress as a result of this reassignment. Job related stress has taken an enormous toll both emotionally and physically on Ms. Yatzus this year and this move has exacerbated both. She is therefore requesting medical leave until this situation is better resolved.

Thank you for your cooperation in this regard. If you have questions, I can be reached at 454-7650, ext. 3.

Sincerely,

Priscilla Putnam, Ph.D.
Licensed Psychologist

P-403

A119

# Delaware State Education Association

DSEA Headquarters
136 East Water Street
Dover, DE 19901
302 • 734 • 5834
866 • 734 • 5834
302 • 674 • 8499 FAX

DSEA Branch Office
4135 Ogletown - Stanton Rd.
Suite 101
Newark, DE 19713
302 • 995 • 6091
302 • 366 • 0287 FAX

World Wide Web Page
www.dsea.org

May 30, 2003

Mr. Zenon Marusa, Human Resources Director
Appoquinimink School District                    **By Registered Mail**
118 South Sixth Street                            **Return Receipt Requested**
Odessa, DE  19730

RE:  Olga Yatzus

Dear Mr. Marusa,

Thank you for your letter dated May 22, 2003, providing the reasons for the proposed termination of Ms. Olga Yatzus at the conclusion of the 2002-2003 school year.  Ms Yatzus has requested that I represent her in this matter and accordingly I request that all future correspondence regarding her proposed termination be copied to me.

Pursuant to 14 Del. C. § 1410(b), I hereby request on Ms. Yatzus' behalf that a conference be scheduled with Dr. Marchio for the purpose of discussing the reasons for her proposed termination and attempting to resolve any disputed matter.

Please do not hesitate to contact me if you have any questions or comments regarding this matter or to select a date for the conference.  Thank you for your time and cooperation.

Sincerely,

Vicky Boyd, UniServ Director

cc:  Olga Yatzus
     Vickie Shaffner, AEA Co-President
     Lynn Kebler, AEA Co-President

Barbara Grogg
*President*

Val Hoffmann
*Vice President*

Geraldine A. Williams
*Treasurer*

Sarah E. Ross
*NEA Director*

Howard M. Weinberg
*Executive Director*

P-388

printed on recycled paper

A120



STATE OF DELAWARE
DEPARTMENT OF LABOR
DIVISION OF INDUSTRIAL AFFAIRS
4425 NORTH MARKET STREET
WILMINGTON, DELAWARE 19802

TELEPHONE (302) 761-8200
FAX (302) 761-6601

**CERTIFIED MAIL - RETURN RECEIPT REQUESTED**

June 3, 2003

APPOQUINIMINK
SCHOOL DISTRICT

JUN 1 2 2003

OFFICE OF THE
SUPERINTENDENT

Personnel Manager
State of DE/Dept. of Education/
   Appoquinimink School District
401 Federal Street
Post Office Box 1402
Dover, DE 19903-1402

RE:   Yatzus v. State of DE/Dept. of Education/Appoquinimink School District
      Case No.:  05031062/17CA300411

Dear Sir/Madam:

The above-referenced Charge of Discrimination, a copy of which is enclosed, has been filed against your company. In an effort to provide a quick and amicable resolution to the charge, I have included a "No Fault Settlement Invitation". If you are interested in negotiating a settlement, mark the "Yes" box on the form, sign it and return it to me within fifteen (15) days from the date of this letter.

If you are not interested in negotiating a settlement, you should check the "No" box on the No Fault Settlement form. Within fifteen (15) days from the date of this letter, you must provide a "Position Statement" to our office regarding this charge and return it to our office with the No Fault Settlement Form. The Position Statement should include any and all information which you believe to be pertinent in addressing the allegations contained in the Charge of Discrimination. You should also include copies of any documents or other evidence supporting your position. Also, you must complete and return the enclosed "General Respondent Questionnaire."

This request for information does not, necessarily, represent the entire body of evidence needed to complete our investigation. If you have any questions, you may contact me at 761-8200. Thank you for your attention and anticipated cooperation.

Sincerely,

Julie K. Cutler, Supervisor
Office of Labor Law Enforcement

JKC/lcm

**D-65**

Enclosures

A121



## Appoquinimink School District

Superintendent
Tony Marchio

Board of Education
Dr. Kent St Pierre
*President*
Mr. Ed Czerwinski
*Vice President*
Mrs. Joanne Christian
Dr. Joseph English
Mr. William Hutchison

District Office
118 South Sixth Street
P.O. Box 4010
Odessa, DE 19730-4010
302.376.4128 Phone
302.378 5016 Fax

Early Childhood Center
502 South Broad Street
Middletown, DE 19709
302.376.4400 Phone
302.378.5695 Fax

Cedar Lane Elementary
1259 Cedar Lane Road
Middletown, DE 19709
302.378 5045 Phone
302.378 5091 Fax

Olive B Loss Elementary
200 Brennan Boulevard
Bear, DE 19701
302 832 1343 Phone
302.832 3213 Fax

Silver Lake Elementary
200 E. Cochran Street
Middletown, DE 19709
302.378.5023 Phone
302.378.5092 Fax

Townsend Elementary
P.O. Box 369
126 Main Street
Townsend, DE 19754
302.378.5020 Phone
302.378 5088 Fax

Louis L. Redding Middle
201 New Street
Middletown, DE 19709
302.378.5030 Phone
302.378 5080 Fax

Everett Meredith Middle
504 South Broad Street
Middletown, DE 19709
302 378 5001 Phone
302.378 5008 Fax

Middletown High
120 Silver Lake Road
Middletown, DE 19709
302.376.4141 Phone
302.378.5268 Fax

Groves Adult High
504 South Broad Street
Middletown, DE 19709
302.378 5037 Phone
302 378 0362 Fax

***Certified Mail***

June 12, 2003

Ms. Olga Yatzus
101 Lynam Street
Wilmington, Delaware    19804

Dear Ms. Yatzus:

This letter is in response to the conference that you requested and received on June 12, 2003 regarding the notice sent to you by the Appoquinimink School District of intention to terminate your services at the end of the 2002/2003 school year.

I listened very closely to your comments and regret to inform you that I will not be recommending renewal of your contract for the 2003/2004 school year. My decision was based on the number and the nature of the items placed in your personnel file.

I wish you the very best in your future endeavors.

Sincerely,

*Tony J. Marchio*

Tony J. Marchio, Ed.D.
Superintendent
Appoquinimink School District

TJM/rao

cc:  Mr. Zenon Marusa, Human Resources Director
     Ms. Vickie Boyd, DSEA UniServ Director
     Ms. Vickie Shaffner, Co-President, AEA
     Ms. Lynn Kebler, Co-President, AEA
     Ms. Mary Ann Mieczkowski, Supervisor of Special Education
     Personnel File

*An Equal Opportunity Employer*          **D-71**

A122

STATE OF DELAWARE
DEPARTMENT OF LABOR
DIVISION OF INDUSTRIAL AFFAIRS—DISCRIMINATION UNIT



Ms Olga A. Yatzus
101 Lynam St.
Wilmington, DE 19804

vs.

State of DE/DOE/Appoqinimink School District
Attn: William W. Bowser, Esq.
Young, Conaway, Stargatt & Taylor, LLP
1000 West St. 17th Floor
Wilmington, DE 19801

FINAL DETERMINATION AND RIGHT TO SUE NOTICE

Pursuant to 19 Del. C. § 710, et seq, the parties in the above-captioned matter are hereby Noticed of the Department's Final Determination and Right to Sue Notice, as follows:

*No-Cause Determination and Dismissal with Corresponding Right to Sue Notice.*

In this case, the Department has completed its investigation and found that there is no reasonable cause to believe that an unlawful employment practice has occurred. The Department hereby issues a No-Cause Determination and Dismissal and provides the Charging Party with a Delaware Right to Sue Notice.

This No Cause determination is based on the following facts:

The Charging Party claimed that she was retaliated against by the Respondent after she filed allegations of sexual harassment against a former supervisor. She also alleged that she was also given disparate treatment because of her race, gender and a claimed disability. The Respondent acknowledged that Charging Party made complaints of sexual harassment. However the Respondent stated these complaints had nothing to do with her eventual dismissal. The Respondent states the Charging Party's dismissal resulted from her job performance. Most of the documentation that the Charging Party submitted to support her allegations advanced the position that she did he job in an acceptable fashion. Also, she disagreed with the perception of the persons who evaluated her. During the investigation, numerous witnesses were contacted to corroborate the position of the Charging Party. These interviews failed to establish a causal nexus between the Charging Party's filing a complaint and her dismissal. Further, there was insufficient evidence to suggest that she was disparately treated because of her race, gender or disability.

See the attached Notice of Rights.

This Final Determination is hereby issued on behalf of the Department of Labor, Division of Industrial Affairs, Discrimination Unit.

_____              _____
Date issued                            Julie K. Cutler, Supervisor/Administrator

*Delaware Department of Labor, Division of Industrial Affairs, 4425 N. Market St., Wilmington, DE 19802*

DOL Form C-12NC : 8/04

D-791

A123

NOTICE OF DELAWARE RIGHTS

*The Department of Labor Discrimination Unit provides the following excerpt from 19 Del. C. § 710, et sea as information regarding the Delaware Right to Sue Notice  If you need legal advice, please seek your own legal counsel.*

§ 714. Civil action by the Charging Party; Delaware Right to Sue Notice; election of remedies.

    (a)    A Charging Party may file a civil action in Superior Court, after exhausting the administrative remedies provided herein and receipt of a Delaware Right to Sue Notice acknowledging same

    (b)    The Delaware Right to Sue Notice shall include authorization for the Charging Party to bring a civil action under this Chapter in Superior Court by instituting suit within ninety (90) days of its receipt or within ninety (90) days of receipt of a Federal Right to Sue Notice, whichever is later.

    (c)    The Charging Party shall elect a Delaware or federal forum to prosecute the employment discrimination cause of action so as to avoid unnecessary costs, delays and duplicative litigation.  A Charging Party is barred by this election of remedies from filing cases in both Superior Court and the federal forum.  If the Charging Party files in Superior Court and in a federal forum, the Respondent may file an application to dismiss the Superior Court action under this election of remedies provision.

NOTICE OF FEDERAL RIGHTS

    1.    If your case was also filed under federal law and resulted in a "No Cause" finding, you have additional appeal rights with the Equal Employment Opportunity Commission.  Under Section 1601.76 of EEOC's regulations, you are entitled to request that EEOC perform a Substantial Weight Review of the DDOL's final finding.  To obtain this review, you must request it by writing to EEOC within *15 days of your receipt* of DDOL's final finding in your case.  Otherwise, EEOC will generally adopt the DDOL's findings

    2.    If your case was also filed under federal law, you have the right to request a federal Right to Sue Notice from the EEOC.  To obtain such a federal Right to Sue Notice, you must make a written request directly to EEOC at the address shown below  Upon its receipt, EEOC will issue you a Notice of Right to Sue and you will have ninety (90) days to file suit.  The issuance of a Notice of Right to Sue will normally result in EEOC terminating all further processing.

    3.    Requests to the EEOC should be sent to:

    Equal Employment Opportunity Commission
    The Bourse, Suite 400
    21 S. Fifth Street
    Philadelphia, PA 19106-2515

*Delaware Department of Labor, Division of Industrial Affairs, 4425 N. Market St., Wilmington, DE 19802*

DOL Form C-13 : 8/04

D-792

A124

EEOC Form 101 (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**



## DISMISSAL AND NOTICE OF RIGHTS

To:  Olga A. Yatzus
101 Lynam Street
Wilmington, DE 19804

From:  Philadelphia District Office
21 South 5th Street
Suite 400
Philadelphia, PA 19106

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No | EEOC Representative | Telephone No. |
|---|---|---|
| 17C-2003-00411 | State & Local Unit | (215) 440-2600 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge

☐ While reasonable efforts were made to locate you, we were not able to do so

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes  This does not certify that the respondent is in compliance with the statutes  No finding is made as to any other issues that might be construed as having been raised by this charge

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you.  You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit must be filed <u>WITHIN 90 DAYS</u> of your receipt of this Notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment  This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

*Marie M. Tomasso*                                                                November 29, 2004

Marie M. Tomasso,                                                                       *(Date Mailed)*
Director

Enclosure(s)

cc:  State of DE/DOE/Appoquinimink School District
Attn: William W. Bowser, Esq.
Young, Conaway, Stargatt & Taylor, LLP
1000 W. St., 17th Fl.
Wilmington, DE  19801

D-793

A125



FILED
CLERK U.S DISTRICT COURT
DISTRICT OF DELAWARE

2005 FEB 22 PH 4:05

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

OLGA ALEXANDRA YATZUS, §
§
Plaintiff, §  Case No.: 05 - 103
§
v. §
§
APPOQUINIMINK SCHOOL DISTRICT §
and TONY MARCHIO, individually §  TRIAL BY JURY DEMANDED
and in his official capacity, MARY ANN §
MIECZKOWSKI, individually and in her §
official capacity, DONNA MITCHELL, §
individually and in her official capacity, §
and MARION PROFFITT, individually §
and in her official capacity, §
§
Defendants. §

## COMPLAINT

### I.    NATURE OF THE ACTION

1.    This is an action under Title VII of the Civil Rights Act of 1964, Title I of the

Civil Rights Act of 1991, 42 U.S.C. § 1983 and under state law stemming from unlawful

employment practices of Defendant Appoquinimink School District consisting of retaliatory

discharge of employment in violation of federal and state law and Plaintiff's right to free speech

protected by the First and Fourteenth Amendments of the Constitution

### II.    JURISDICTION AND VENUE

2.    This Court has original jurisdiction over this matter, brought to redress

deprivation of rights, privileges and immunities secured and protected by the laws of the United

States, pursuant to 28 U.S.C. §§ 1331 and 1334  The federal issues involved arise under Title

VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, et seq ), the Civil Rights Act of 1991 (42

U.S.C. § 1981 (a)) and the First and Fourteenth Amendments to the United States Constitution

A126

as actionable pursuant to 42 U.S.C. § 1983. The Court has supplemental jurisdiction over all other state law claims as they are related to those who chose over which original jurisdiction is confirmed and are part of the same case and controversy, pursuant to 28 U.S.C. § 1967(a).

3.    Venue in this Court is predicated upon the provisions of 28 U.S.C. § 1391(b).

## III.    PARTIES

4.    Plaintiff, Olga A. Yatzus (hereafter "Plaintiff") is a resident of the State of Delaware and holds a Masters in Psychotherapy and Counseling and is a certified school psychologist. Plaintiff has practiced as a school psychologist in the State of Delaware for approximately twenty-four years. Plaintiff was employed as a school psychologist at Middletown High School by the Appoquinimink School District from 2001 until her discharge from employment effective June 2003.

5    At all times relevant to this action, the Appoquinimink School District (hereafter "District") is a "reorganized the school district of the State of Delaware, Department of Education, pursuant to 14 Del.C., Ch. 10.

6.    Tony J. Marchio, Ph.D. (hereafter "Marchio") at all times relevant was the superintendent of the District.

7    Mary Ann Mieczkowski at all times relevant was the Supervisor of Special Education for the District.

8.    Donna Mitchell at all times relevant was the Principal of Middletown High School.

9.    Marion Proffitt at all times relevant was the Assistant Superintendent of the District.

2

A127

IV.   BACKGROUND

10.   Plaintiff began her employment with the Appoquinimink School District in August 2001.

11.   In or about January and February of 2002, she was subjected to inappropriate sexual advances from a supervisor, Vaughn Lauer, and she reported this sexual harassment to the Assistant Superintendent of the District in February 2002.

12.   After an investigation, the District determined that Plaintiff's allegation were well founded and valid in March of 2002.

13.   As a result of Plaintiff's complaints of sexual harassment by her supervisor, Plaintiff was subjected to a pattern of disparate treatment by the District's administrators and management.  This pattern of antagonism and disparate treatment included, but was not limited to the following: numerous "write-ups" were placed in her personnel file by Defendants Proffitt, Mitchell, Marchio and Mieczkowski, for petty and false reasons; she was falsely accused of being absent from work without notification; she was falsely accused of not providing an appropriate calendar for her summer schedule; she was written up for having students in her office even though that is part of her job; her time sheets were intentionally intercepted without any notification to her, delaying her being paid; the location of her office was moved four times in the course of one school year; she was falsely accused of being late for Individual Educational Planning ("IEP") meetings; and she was falsely accused of not completing IEP reports

14.   Beginning in or about October 2002, Plaintiff reported to the administration that it was acting illegally and outside the bounds of federal and state law requirements with respect to discriminatory behavior directed towards students with special needs on numerous occasions and

3

A128

with respect to numerous students

15    The District, Defendants Marchio, Mieczkowski, Proffitt and Mitchell and other administrators of the District refused to take any action to address this illegal and discriminatory behavior directed towards students

16.    Plaintiff disputed improper, discriminatory and unfounded decisions made by Defendants Mitchell, Mieczkowski, Proffitt and Marchio to expel or discipline special needs students   Plaintiff was instructed by Mitchell she should "lie" to support the decisions to expel or discipline special needs students.

17.    Plaintiff then assisted parents of a number of special needs students to file complaints with the Federal Office of Civil Rights, which in or about May 2003 undertook an investigation and brought charges on behalf of a number of such students against the District.

18.    On May 14, 2003, Plaintiff received a letter informing her that the Board of the District at their meeting on May 13, 2003 voted to not renew Plaintiff's contract for the next school year.

19.    Plaintiff's employment with the District was terminated effective June 18, 2003.

20.    On May 8, 2003, Plaintiff was informed by Defendant Marchio by certified letter that she was being placed on special assignment and relocated to the District Office for the balance of the 2002-2003 school year.

21.    This relocation removed Plaintiff from Middletown High School and just days before the OCR was scheduled to appear at Middletown to investigate the claims made by the parents of special needs students.

22.    On or about May 26, 2003, Plaintiff submitted a request for medical leave due to

4

job related stress which she documented through an opinion of May 27, 2003 from her treating psychologist.

23.    A request for medical leave was approved on or about June 12, 2003 as effective from May 12, 2003 through June 18, 2003.

24.    Plaintiff's employment with the District terminated  June 18, 2003.

25.    On May 14, 2003, Plaintiff timely filed a complaint with the Equal Employment Opportunity Commission ("EEOC") through the Delaware Department of Labor ("DDOL").

26.    Plaintiff received a Right to Sue Letter from the EEOC dated November 29, 2004, on or about December 7, 2004.

### COUNT I - RETALIATION - TITLE VII

27    Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1-26 as set forth herein.

28.    The disparate treatment to which Plaintiff was subjected due to her complaints of a sexually hostile work environment, and her discharge from employment in retaliation for her complaints of disparate treatment and the sexually hostile work environment, have deprived Plaintiff of equal employment opportunities and otherwise adversely affected her status as an employee all in retaliation for her engaging in activity protected under Title VII (42 U.S.C., § 2000(e)).

29.    The unlawful employment practices set forth herein were intentional.

30    The unlawful employment practices set forth herein were done with malice and/or reckless indifference to Plaintiff's federally protected rights.

31.    The unlawful employment practices were a proximate cause of Plaintiff's suffering,

5

A130

*inter alia,* past, present and future loss of income, including, but not limited to, loss of wages,

medical insurance, pension benefits and other benefits associated with her employment. Such

actions also were proximate cause of Plaintiff suffering severe and continuing mental and

emotional distress entitling Plaintiff to remedies and damages including, but not limited to,

compensatory, equitable and punitive damages as set forth below.

### COUNT II (24 U.S.C. §1983) Claim

32.    Plaintiff repeats, re-alleges and incorporates by reference the allegations

contained in paragraphs 1-31 as set forth herein.

33.    Defendants District, Marchio, Mieczkowski, Mitchell and Proffitt acting under

color of state law, terminated Plaintiff's employment with the District in retaliation for her

complaints that they were acting in violation of federal requirements and was discriminating

against students with special needs.

34.    These Defendants' actions in retaliation against Plaintiff for her complaining

about violations of federal and state law with respect to treatment with special needs and in

retaliation for her assisting parents in raising claims against the District constitute violations of

the First and Fourteenth Amendment to the U.S. Constitution.

35.    Defendants are jointly and severally liable for their violations of Plaintiff's rights

protected by the First and Fourteenth Amendments to the United States Constitution pursuant

to 42 U.S.C. § 1983.

36    Defendants' actions caused Plaintiff to suffer temporary and permanent mental,

psychological and physical injury, embarrassment, humiliation, loss of self esteem, as well as past,

present and future loss of income, including, but not limited to, loss of wages, medical insurance,

6

pension benefits and other benefits associated with her employment.

## COUNT III
### (State law claim - Wrongful termination)

37. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1-36 as set forth herein.

38. A part of Plaintiff's employment contract with District includes a Covenant of Good Faith and Fair Dealing.

39. The District's termination of Plaintiff's employment in retaliation for Plaintiff's complaints of sexual harassment and complaints concerning illegal and discriminatory treatment of special needs students is a violation of the public policy of the State of Delaware.

40. The District's termination of Plaintiff's employment in violation of the public policy of the State of Delaware is a violation of the covenant of good faith and fair dealing and does a wrongful discharge of Plaintiff in violation of her contractual rights.

41. The District, by and through the individual Defendants and others, fabricated false reprimands of Plaintiff and manipulated her employment records to create false justifications to fire her, which is a violation of the Covenant of Good Faith and Fair Dealing.

42. The wrongful discharge of Plaintiff in violation of the covenant of good faith and fair dealing were a proximate cause of Plaintiff's suffering, *inter alia*, past, present and future loss of income, including, but not limited to, loss of wages, medical insurance, pension benefits and other benefits associated with her employment. Such actions also were proximate cause of Plaintiff suffering severe and continuing mental and emotional distress entitling Plaintiff to remedies and damages including, but not limited to, compensatory and equitable damages as set

7

A132

forth below.

## COUNT IV
### (State law claim - Intentional infliction of emotional distress)

43.    Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1-42 as set forth herein.

44.    The District, through its management personnel, including the individually named Defendants, falsely criticized Plaintiff's work, moved her office space and denied her rights and privileges extended to other employees.

45.    The criticism and scrutiny of Plaintiff was intentional and malicious and calculated to cause Defendant to suffer extreme emotional distress.

46.    The actions of the Defendants proximately caused Plaintiff to suffer severe and continuing mental and emotional distress entitling Plaintiff to remedies and damages including, but not limited to, compensatory, equitable and punitive damages as set forth below.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1.    For past, present and future lost wages, bonuses, pension plan and other benefits guaranteed to Plaintiff through her employment with the District;

2.    For equitable relief, including, but not limited to, future lost income and benefits in lieu of reinstatement (front pay);

3.    Punitive damages;

4.    Compensation for emotional, mental and psychological injury and damage, including, medical expenses;

5.    An award of attorney's fees;

8

A133

6.    An award of costs;

7.    An award of pre and post judgment interest; and

8.    For any other relief the Court deems just and appropriate.

BIGGS & BATTAGLIA

Philip B. Bartoshesky (ID #4056)
921 Orange Street
P.O. Box 1489
Wilmington, DE 19899
(302) 655-9677
Attorney for Plaintiff

Date:  February 21, 2005

9

A134

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OLGA ALEXANDRA YATZUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 05-103-SLR |
| | ) | |
| APPOQUINIMINK SCHOOL DISTRICT | ) | |
| and TONY MARCHIO, individually and in | ) | **TRIAL BY JURY DEMANDED** |
| his official capacity, MARY ANN | ) | |
| MIECZKOWSKI, individually and in her | ) | |
| official capacity, DONNA MITCHELL, | ) | |
| individually and in her official capacity, and | ) | |
| MARION PROFFITT, individually and in | ) | |
| her official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' ANSWERS TO
### PLAINTIFF'S FIRST SET OF INTERROGATORIES

#### General Responses and Objections

1.    Defendants object to any and all Interrogatories to the extent they seek the disclosure of information or documents protected by the attorney-client and/or work product privileges.

2.    Defendants object to any and all Interrogatories to the extent they seek information not relevant to the subject matter of this action and information not reasonably calculated to lead to the discovery of admissible evidence.

3.    Defendants object to any and all Interrogatories to the extent they require them to respond in any other way than as required by F.R.C.P. 33.

Each of the responses provided below are subject to the general responses and objections outlined herein.  Defendants reserve the right to supplement these interrogatories as additional responsive non-privileged information becomes available.

059265 1007

A135

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OLGA ALEXANDRA YATZUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-103-SLR |
| | ) | |
| APPOQUINIMINK SCHOOL DISTRICT | ) | |
| and TONY MARCHIO, individually and in | ) | **TRIAL BY JURY DEMANDED** |
| his official capacity, MARY ANN | ) | |
| MIECZKOWSKI, individually and in her | ) | |
| official capacity, DONNA MITCHELL, | ) | |
| individually and in her official capacity, and | ) | |
| MARION PROFFITT, individually and in | ) | |
| her official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## APPENDIX PAGE A136 TO
## DEFENDANTS' OPENING BRIEFS
## IN SUPPORT OF THEIR MOTIONS FOR
## SUMMARY JUDGMENT

# REDACTED
# PAGE CONFIDENTIAL

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
William W. Bowser, Esquire (Bar I.D. 2239)
Adria B. Martinelli, Esquire (Bar I.D. 4056)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6601, 6613
Facsimile: (302) 576-3282, 3314
Email: wbowser@ycst.com; amartinelli@ycst.com

DATED:      July 10, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OLGA ALEXANDRA YATZUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 05-103-SLR |
| | ) | |
| APPOQUINIMINK SCHOOL DISTRICT | ) | |
| and TONY MARCHIO, individually and in | ) | **TRIAL BY JURY DEMANDED** |
| his official capacity, MARY ANN | ) | |
| MIECZKOWSKI, individually and in her | ) | |
| official capacity, DONNA MITCHELL, | ) | |
| individually and in her official capacity, and | ) | |
| MARION PROFFITT, individually and in | ) | |
| her official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

# APPENDIX PAGE A137 TO
# DEFENDANTS' OPENING BRIEFS
# IN SUPPORT OF THEIR MOTIONS FOR
# SUMMARY JUDGMENT

# REDACTED
# PAGE CONFIDENTIAL

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
William W. Bowser, Esquire (Bar I.D. 2239)
Adria B. Martinelli, Esquire (Bar I.D. 4056)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6601, 6613
Facsimile: (302) 576-3282, 3314
Email: wbowser@ycst.com; amartinelli@ycst.com

DATED:     July 10, 2006

6.    Set forth in detail the practice and/or policy of Defendants with regard to reporting, investigating and resolving complaints of sex, race, age discrimination or retaliation and/or complaints concerning the treatment or violation of rights of students.

**ANSWER:**    See policies produced in Defendants' Response to Plaintiff's Request for

Production.

7.    With respect to the previous Interrogatory identify any document which delineates, sets forth, or is the basis for those policies and procedures.

**ANSWER:**    See policies produced in Defendants' Response to Plaintiff's Request for

Production.

8.    If Defendant School District or any of the individually named Defendants have ever been sued in any forum where a Plaintiff has alleged race, gender, age discrimination or retaliation set forth an identification of that lawsuit stating the civil action number, court, status of the litigation and whether the case resulted in a judgment or settlement.

**ANSWER:**    Defendants objects to this Interrogatory on the grounds that it seeks information

that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence,

and is beyond the scope of Rule 26.

9.    Set forth in detail the reasons that Plaintiff's employment was terminated, or not renewed, identifying by name and position or title each person who was involved in any way in the decision to terminate or not renew Plaintiff's employment and state in detail the nature of each of their involvement.

**ANSWER:**    Plaintiff's contract was not renewed due to unsatisfactory job performance. See

letters and memoranda to Plaintiff outlining her performance problems which were contained in

her personnel file and have been produced in Defendants' Response to Plaintiff's Request for

Production. The individuals involved in the decision to not renew Plaintiff's contract were Tony

Marchio, Donna Mitchell, Zenon Marusa and the Members of the Appoquinimink Board of

Education.

DB01:1874837 1    059265 1007

A138

10.    State with specificity the obligations, duties and obligations of any individual who was in the position of Plaintiff and identify any documents setting forth those duties, obligations and responsibilities.

**ANSWER:**    See documents which have been produced in Defendants' Response to Plaintiff's

Request for Production.

11.    Describe the policies and procedures followed by Defendant School District in disciplining, and/or terminating an employee, or not renewing an employee's contract, and identify any document which sets forth that policy and/or practice.

**ANSWER:**    See Chapter 14 of the Delaware Code produced in Defendants' Response to

Plaintiff's Request for Production.

12.    Describe the policies and procedures followed by Defendant School District for backing up computer files or other data on a computer system used by the School District, including but not limited to the frequency of the backup system utilized, the software used for backup, the number and current location of the sets of tapes disks or other media used to store backup data or files and the rotation of such media, and include a description of any document or other writing which described such policies and procedures.

**ANSWER:**    The Appoquinimink School District has an extensive CommVault backup system

in place. Currently, backups are performed nightly. Full backups occur every Friday night, and

incremental backups are performed on all other days. The district has three Network Attached

Storage (NAS), one 20-tape LTO auto-changer, and two 8-tape LTO auto-changers. Both of the

middle schools host one NAS and one 8-tape auto-changer. The district office hosts one NAS,

and the high school hosts the 20-tape auto-changer.

All sites excluding the High School and District Office back up across the WAN

to a remote location within the district. Backups are retained for 30 days in all of the schools

except the high school. Backups of exchange E-mail and all files located in the high school are

only retained for 14 days because that is the maximum data capacity of the tape changer there.

13.    Describe the record retention and destruction policies and procedures followed by Defendant School District from 2000 through the present including but not limited to the date those policies were adopted, the types of documents covered by the policy, the frequency of document destruction, whether any record is kept of what documents are destroyed,

5

the manner the policy is communicated to employees, the identity of all employees with responsibility for implementing and executing the policy and a description of any and all documents describing such record retention and destruction policy or policies.

**ANSWER:**    See the record retention policies produced in Defendants' Response to Plaintiff's

Request for Production.

14.    State whether any complaint or concerns were raised by anyone with regard to Plaintiff's behavior between the time she began employment with the School District through February of 2002, and if so: (a) State the person or persons who raised such complaints or concerns; and, (b) Describe the manner in which such complaints or concerns were raised and include a description of any and all writings and recordings which document such complaints or concerns.

**ANSWER:**    Defendants objects to this Interrogatory on the grounds that it is vague, overly

broad, unduly burdensome, seeks information that is neither relevant nor reasonably calculated to

lead to the discovery of admissible evidence, and is beyond the scope of Rule 26. Without

waiving such objection, see documents contained in Plaintiff's personnel file which have been

produced in Defendants' Response to Plaintiff's Request for Production.

15.    State whether any complaint or concerns were raised by anyone with regard to Plaintiff's behavior after February of 2002, and if so: (a) State the person or persons who raised such complaints or concerns; and, (b) Describe the manner in which such complaints or concerns were raised and include a description of any and all writings and recordings which document such complaints or concerns.

**ANSWER:**    Defendants objects to this Interrogatory on the grounds that it is vague, overly

broad, unduly burdensome, seeks information that is neither relevant nor reasonably calculated to

lead to the discovery of admissible evidence, and is beyond the scope of Rule 26. Without

waiving such objection, see documents contained in Plaintiff's personnel file which have been

produced in Defendants' Response to Plaintiff's Request for Production.

6

16.    Describe any and all communications made to Plaintiff by any of the individually named Defendants or any other individual who was or would be considered to be a supervisor of Plaintiff or an individual with a position superior to Plaintiff's wherein Plaintiff was informed or warned that if her behavior or work performance did not change or improve she would be in danger of losing her job and include: (a) The name and position of employment of such persons; (b) The date of such communications; and, (c) A description of any recording or writing, including electronic mail or message which describes such documents or makes reference to in any fashion those communications.

**ANSWER:**    See documents contained in Plaintiff's personnel file which have been produced in

Defendants' Response to Plaintiff's Request for Production. By way of further answer, Plaintiff

received verbal warnings regarding her performance from Ms. Mitchell prior to the written

memoranda regarding Plaintiff's performance problems. These warnings did not specifically

include that she would be in danger of losing her job if her work performance did not improve.

17.    With respect to the letter written to Olga Yatzus dated May 14, 2003 from Human Resources Director Zenon J. Marusa, Jr. informing Plaintiff that her contract for the school year of 2002/2003 would not be renewed, "... due to the number and nature of letters in your personnel file", please describe the number and nature of the letters purportedly in Plaintiff's personnel file which formed the basis for the decision not to renew her contract.

**ANSWER:**    Defendants have no record of a letter from Zenon J. Marusa to Olga Yatzus dated

May 14, 2003. Mr Marusa sent a letter dated May 5, 2003, referring to "the number and nature

of letters in your personnel file." On May 22, 2003, Mr. Marusa sent an additional letter to

Plaintiff which has been produced in Defendants' Response to Plaintiff's Request for Production.

18.    With respect to the letter referred to in the previous Interrogatory from Mr. Marusa set forth who attended the Board meeting of May 13, 2003 at which was decided Plaintiff's contract would not be renewed and describe each and every document reviewed by that Board on that date.

**ANSWER:**    See Board Meeting Minutes produced in Defendants' Response to Plaintiff's

Request for Production. By way of further answer, see written memoranda regarding

performance problems contained in Defendants' Response to Plaintiff's Request for Production.

7

19.    State the basis for the decision of Defendant Marchio to place Plaintiff on special assignment effective May 12, 2003 for the rest of the 2002/2003 school year, and to move her office from Middletown High School to the District Administrative Offices and include a description of any persons who were involved in making that decision and identify any documents considered by those decision makers.

**ANSWER:**    The decision to place Plaintiff on special assignment and move her to the District

Administrative Offices was made after the decision was made not to renew Plaintiff's contract.

Dr. Marchio made this decision, after consultation with Ms. Mitchell. There was concern about

the state of the files, particularly the IEP reports. Dr. Marchio and Ms. Mitchell were concerned

about possible audit violations and about the students not being properly served as a result of

Plaintiff's poor performance. Julie Bowers and Eileen Baker were asked to re-audit the files in

Plaintiff's office so that files could be worked on through the summer months to bring them up to

compliance, if necessary.

20.    Identify by title or position who has the authority to make the decision not to renew the holding contract of a person in Plaintiff's position.

**ANSWER:**    The Principal can make a recommendation to the Superintendent regarding

contract renewals of employees in his/her school. The Superintendent gives a recommendation

on contract renewals to the Board. The ultimate decision is made by the members of the Board.

21.    Identify the individual who before, May 13, 2003 determined that Plaintiff's contract would not be renewed.

**ANSWER:**    Tony Marchio made a recommendation to the Appoquinimink Board of Education

that Plaintiff's contract not be renewed. Prior to that, Donna Mitchell conferred with Tony

Marchio and also recommended to him that Plaintiff's contract not be renewed.

DB01:1874837 1                                    059265 1007

A142

22.   Identify all minutes or other records or documents which describe IEP meetings which were attended by or which any Defendant contends should have been attended by Plaintiff from 2001 through 2003.

**ANSWER**   Defendants object to this Interrogatory on the grounds that it is vague, overly

broad, unduly burdensome, and seeks information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence, and is beyond the scope of Rule 26.

Without waiving this objection, Defendants are in the process of reviewing the voluminous IEP

records to determine if they contain relevant responsive information.

23.   With respect to the IEP meetings referred to in the previous interrogatory, identify all minutes or other records or documents which describe any subsequent IEP meetings held after May 2003 to the presence with respect to each student for which the IEP meeting had been previously held.

**ANSWER:**   Defendants objects to this Interrogatory on the grounds that it is vague, overly

broad, unduly burdensome, seeks information that is neither relevant nor reasonably calculated to

lead to the discovery of admissible evidence, and is beyond the scope of Rule 26.

24.   State whether anyone was disciplined (or any letter or memo placed in such person's file) for being late to an IEP meeting from 2001 to the present and for each: (a) Identify the person and the date of the IEP meeting; (b) Identify any document which sets forth or describes such discipline

**ANSWER:**   Defendants are unaware of any District employees who were disciplined for being

late to an IEP meeting.

25.   State whether any Defendant or any school in the Defendant District was investigated by or otherwise contacted by the Office of Civil Rights (OCR) from 2001 through the present, and if so: (a) Set forth the date, basis and nature of the contact or investigation; (b) Identify all letters, memos or other documents which describe or refer to the contacts or investigations.

**ANSWER:**   Defendants objects to this Interrogatory on the grounds that it is vague, overly

broad, unduly burdensome, seeks information that is neither relevant nor reasonably calculated to

lead to the discovery of admissible evidence, and is beyond the scope of Rule 26.  Without

waiving this objection, Defendant will produce a copy of OCR complaints received by the

9

District in the spring and summer of 2003, following the execution of an appropriate

confidentiality order.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Adria B. Martinelli
William W. Bowser, Esquire (No. 2239)
Adria B. Martinelli, Esquire (No. 4056)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware  19899-0391
Telephone: (302) 571-6601; (302) 571-6613
Facsimile: (302) 576-3282; (302) 576-3314
Email: wbowser@ycst.com; amartinelli@ycst.com
Attorneys for Defendants

DATED:    November 22, 2005

10

A144



**WILCOX & FETZER LTD.**

In the Matter Of:

# Yatzus

## v.

# Appoquinimink School District, et al.

### C.A. # 05-103 SLR

---

Transcript of:

Yatzus, Olga A. - Vol. 1 (1-189)

March 30, 2006

---

Wilcox & Fetzer, Ltd.
Phone: 302-655-0477
Fax: 302-655-0497
Email: lhertzog@wilfet.com
Internet: www.wilfet.com

Olga A. Yatzus

1    witnesses?

2      A.   As we have been sitting here.  My family, my

3    best friend.

4      Q.   Okay.  Did you give them any documents from

5    this litigation?

6      A.   No.

7      Q.   Are you under a doctor's care at the present

8    time for any reason?

9      A.   Yes.

10     Q.   What doctor is that?

11     A.   Dr. Joe Bryer.

12     Q.   And what is he treating you for?

13     A.   My ADHD and whatever goes along with that.

14     Q.   What do you mean by "whatever goes along with

15   that"?

16     A.   The ADHD and some depression and the sleep

17   issues that are associated with the ADHD.

18     Q.   What does ADHD stand for?

19     A.   Attention deficit disorder with hyperactivity.

20     Q.   What are the symptoms of ADHD?

21     A.   Inattention, difficulty with staying focused,

22   task completion, impulsivity, things like that.

23     Q.   Procrastination, is that one of the symptoms?

24     A.   Time management, organization can be.  Not so

Olga A. Yatzus

Page 6

1    much procrastination.

2        Q.    When were you first diagnosed with ADHD?

3        A.    I was trying to remember that.  I think it was

4    in the early '90s.  Maybe in '92, '93.  It was after

5    my son had been diagnosed in -- he was 7.  So it would

6    had to have been at least '92, '93.

7        Q.    And which doctor diagnosed you with it then?

8        A.    Dr. Storlazzi.

9        Q.    Are you taking any medication for your ADHD?

10       A.    Yes.

11       Q.    What is that?

12       A.    I was taking Adoral for awhile.  Most recently,

13   it was switched to Ritalin.

14       Q.    When was it switched to Ritalin?

15       A.    February.

16             Lexapro and Trazodone for sleep.

17       Q.    And you mentioned ADHD and depression, sleep

18   issues.  Have you had any other diagnoses that you are

19   being treated for or have been treated for in the

20   past?

21       A.    Anxiety.

22       Q.    Are you taking any medications for that

23   currently?

24       A.    The Lexapro addresses anxiety and/or

Olga A. Yatzus

1     Q.    Are you a member of any professional

2   associations?

3     A.    Yes.

4     Q.    What are those?

5     A.    The National Association of School

6   Psychologists.  I am a member of the -- I am a

7   diplomate of the American Psychotherapy Association.

8     Q.    Anything else?

9     A.    Not at this time.

10    Q.    What are the responsibilities of a school

11  psychologist?

12    A.    A school psychologist has many responsibilities

13  in that, responsible for the assessment; participation

14  in the IEP process; being there as a consultant for

15  teachers, the school process; counseling; crisis

16  intervention.  It's a multitude of different

17  responsibilities.

18    Q.    When you say you are responsible for assessment

19  or a school psychologist is responsible for

20  assessment, what do you mean by that?

21    A.    If a child is referred for testing by either

22  the child study process or if a parent is requesting

23  testing for their child, which they're entitled to

24  have, then I would do that or for reevaluations, if

Olga A. Yatzus

1    the IEP team determines that additional information is

2    needed.  That sort of thing.

3        Q.    So the psychologist is responsible for

4    completing that testing --

5        A.    Yes.

6        Q.    -- that is initiated by a referral or a

7    renewal?

8              And you also mentioned counseling.

9        A.    Yes.  Providing mental health services to

10   students.

11       Q.    Do you think advocating for the student is part

12   of the --

13       A.    Absolutely.

14       Q.    Okay.  Do you think any of those

15   responsibilities you've described are more important

16   than others?

17       A.    I think that as you look at what the needs of

18   the different -- of the population is, if you look at

19   the age, with younger students, there is a lot more

20   emphasis on early diagnosis of learning problems.  The

21   earlier the intervention, the better.  As students get

22   to a high school level, there is less of a need for

23   initial evaluations because, hopefully, most of those

24   kids would be diagnosed earlier, but there are some

Olga A. Yatzus

1    that come through the process.

2       Q.    So in the high school setting, of those

3    responsibilities you described, do you think any are

4    more important than the others?

5       A.    I think that participation, you know, with the

6    IEP team, working together collaboratively to help

7    students be successful at the high school level.  Many

8    adolescents have many issues, whether they're learning

9    issues, mental health issues, behavioral issues.  It's

10   hard to separate which is -- which at that point many

11   kids that have learning problems end up having a lot

12   of emotional and behavior problems.  So you have to

13   look at the whole child at that point.

14      Q.    Does it vary from school to school what the

15   responsibilities would be or district to district, I

16   should say?  Just limiting it to high schools for the

17   moment.

18      A.    Yes.  District to district.  Actually you have

19   to look at the type of population you are working with

20   as well.

21      Q.    I want to go over your employment history for a

22   minute.  Prior to being employed at Appoquinimink,

23   where were you employed?

24      A.    New Castle County Vo-Tech.

Olga A. Yatzus

1    Q.    What was your position there?

2    A.    School psychologist.

3    Q.    And were your duties there as school

4    psychologist similar to the ones you've just

5    described --

6    A.    Yes.

7    Q.    -- generally?  Did you work at a specific

8    school there?

9    A.    I worked at -- actually I've worked in all the

10    schools there.  I worked at Delcastle part-time or

11    part of the time.  I split my time with Hodgson for

12    awhile, and then I worked at Howard and Hodgson and

13    then exclusively at Hodgson.

14    Q.    Okay.  What dates approximately did you work

15    there?

16    A.    I started in '90, March of '90, and until

17    August of 2001.

18    Q.    Why did you leave the vo-tech district?

19    A.    The atmosphere was very uncomfortable.  It

20    wasn't a pleasant place to work prior to leaving

21    there.

22    Q.    Why was it uncomfortable?

23    A.    Things deteriorated after I had to make a

24    report to Child Protective Services for alleged abuse

Olga A. Yatzus

Page 20

1    of an administrator's daughter.  And I felt that there

2    was a lot of retaliation that was happening after

3    that.

4       Q.   Retaliation on the part of the school district

5    administrators?

6       A.   The administration.  It was directly after that

7    situation that things started to get really

8    uncomfortable.  I felt that the -- I couldn't

9    communicate with the administration.  It just was a

10   very, very uncomfortable place.

11      Q.   Did you ever accuse any of the administrators

12   of acting illegally with regard to this, what you have

13   described?

14      A.   I don't recall accusing them of acting

15   illegally.  I did feel that the behavior was hostile.

16      Q.   Hostile as a result of something?

17      A.   Yes.

18      Q.   Go ahead.  As a result of what?

19      A.   As a result of feeling -- I had to make a

20   report that I was obligated by law to make.  I had two

21   other people in the building that worked with the

22   wellness center that also had made previous reports of

23   alleged abuse.  But since I was the only one employed

24   by that particular school district, I felt that it

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

OLGA ALEXANDRA YATZUS, )
 )
   Plaintiff, )
 )
   v. ) C.A. No. 05-103-SLR
 )
APPOQUINIMINK SCHOOL DISTRICT )
and TONY MARCHIO, individually and in ) **TRIAL BY JURY DEMANDED**
his official capacity, MARY ANN )
MIECZKOWSKI, individually and in her )
official capacity, DONNA MITCHELL, )
individually and in her official capacity, and )
MARION PROFFITT, individually and in )
her official capacity, )
 )
   Defendants. )

# APPENDIX PAGE A153 TO
# DEFENDANTS' OPENING BRIEFS
# IN SUPPORT OF THEIR MOTIONS FOR
# SUMMARY JUDGMENT

# REDACTED
# ENTIRETY OF PAGE CONFIDENTIAL

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
William W. Bowser, Esquire (Bar I.D. 2239)
Adria B. Martinelli, Esquire (Bar I.D. 4056)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6601, 6613
Facsimile: (302) 576-3282, 3314
Email: wbowser@ycst.com; amartinelli@ycst.com

DATED: July 10, 2006

Olga A. Yatzus

Page 22

1    A.    Yes.

2    Q.    -- regarding it?

3          What attorney was that?

4    A.    Dick Wier.

5    Q.    Did you talk to any other attorneys about a

6    potential lawsuit against the district?

7    A.    No.

8    Q.    Why didn't you proceed with filing a lawsuit

9    after talking with Mr. Wier?

10         MR. BARTOSHESKY:  Let me just -- you have

11   the right not to disclose communications you had with

12   your attorney or that he had with you, any kind of

13   legal advice.

14         THE WITNESS:  Okay.

15   BY MS. MARTINELLI:

16   Q.    Did you decide not to go forward with the

17   lawsuit?

18   A.    Yes.

19   Q.    And you said you consulted with Dick Wier?

20   A.    Yes.

21   Q.    Why did you decide not to go forward with your

22   lawsuit?

23   A.    At that point, I -- he and I had talked about

24   things.  I just, after awhile, decided not to -- I

Olga A. Yatzus

Page 23

1    just didn't want to go through that.

2        Q.    What potential claims did you think you had?

3        A.    I felt that there was retaliation after I made

4    a report to -- doing my job.

5        Q.    You were retaliated against for doing your job?

6        A.    After I made the report, which I am obligated

7    by law to make, I felt there was a lot of -- a lot of

8    pressure from the district.

9              (Yatzus Deposition Exhibit No. 1 was marked

10   for identification.)

11   BY MS. MARTINELLI:

12       Q.    I am showing you a copy of a document that at

13   the top has been marked as Exhibit 1, and it's

14   identified also in the bottom right-hand corner,

15   although it's hard to read, as P-921.  At the top it

16   says, "Olga Yatzus-Calistro, June 13th, 2001."  It

17   appears to be a report from a psychologist, Priscilla

18   Putnam, who treated you.  Does that appear to be

19   correct?

20       A.    Yes.

21       Q.    Okay.  I would like to direct your attention to

22   the second paragraph, the last -- well, the last

23   couple sentences of the second paragraph.  You can

24   review the whole paragraph if you'd like.

Olga A. Yatzus

1    allowed to behave in ways that I just said, that he

2    was using school resources to literally -- like he

3    would have hall monitors assigned to following his

4    daughter around after school hours if she stayed after

5    school.  And I had thought that that was a little bit

6    much.

7        Q.   Okay.  Back in this document that's in front of

8    you marked as Exhibit 1, it says you are considering

9    legal action for harassment and discrimination.  What

10   did you believe you were being discriminated against

11   on the basis of?

12       A.   I don't recall the discrimination piece.  I

13   felt that there was just the harassment.  So Priscilla

14   wrote that.  I am not sure what led her to believe

15   that I felt discriminated against.  I just felt that

16   there was harassment.

17       Q.   Did you ever receive any written reprimands

18   while you were at the vo-tech district?

19       A.   Yes, I did.

20       Q.   And do you recall what they were for, what

21   performance problems might have been noted?

22       A.   Well, after reviewing them yesterday when we

23   were sitting here, for getting reports written, not

24   attending a meeting.