IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OLGA ALEXANDRA YATZUS, | § | |
| | § | |
| Plaintiff, | § | Case No.: 05-103 SLR |
| | § | |
| v. | § | |
| | § | |
| APPOQUINIMINK SCHOOL DISTRICT | § | |
| and TONY MARCHIO, individually | § | **TRIAL BY JURY DEMANDED** |
| and in his official capacity, MARY ANN | § | |
| MIECZKOWSKI, individually and in her | § | |
| official capacity, DONNA MITCHELL, | § | |
| individually and in her official capacity, | § | |
| and MARION PROFFITT, individually | § | |
| and in her official capacity, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S ANSWERING BRIEF OPPOSING THE INDIVIDUAL DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

BIGGS AND BATTAGLIA

Philip B. Bartoshesky, Esquire
921 Orange Street
P.O. Box 1489
Wilmington DE 19899-1489
(302) 655-9677
Pbarto@batlaw.com
Attorney for Plaintiff

Date: July 18, 2006

## TABLE OF CONTENTS

I.    NATURE AND STAGE OF THE PROCEEDINGS ........................... 6

II.   STATEMENT OF THE FACTS ......................................... 6

III.  SUMMARY OF THE ARGUMENT ...................................... 6

    1.  There are disputed issues of fact precluding Summary Judgment on Plaintiff's First Amendment retaliation claims against the Individual Defendants. ........... 6

    2.  Individual Defendants are not entitled to qualified immunity. ............... 7

IV.   ARGUMENT ...................................................... 8

    A.  There are disputed issues of fact precluding Summary Judgment on Plaintiff's First Amendment retaliation claim against the Individual Defendants. ............ 8

        1.  All of the Individual Defendants participated in retaliatory acts in violation of Plaintiff's First Amendment rights. ................... 8

    B.  The Individual Defendants are not entitled to qualified immunity ........... 10

        1.  Plaintiff has alleged violations of her constitutional right to free speech. ...................................................... 11

        2.  Plaintiff has shown that the constitutional violations were clearly established. ............................................... 11

V.    CONCLUSION ................................................... 14

# TABLE OF AUTHORITIES

## Federal Cases

Arnold v. International Business Machines, Corp. 637 F.2d 1350 (9th Cir. 1981) . . . . . . . . . . . . 8

Beattie v. Madison County School District, 254 F.3d 595 (5th Cir. 2001) . . . . . . . . . . . . . . . . . 8

Ceballos v. Garcetti, 126 S.Ct. 1951 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 11

Connelly v. Texas Department of Criminal Justice. 2005 U.S. District Lexis 27489 (S.D. Tx. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Dooley v. City of Philadelphia, 153 F.Supp.2d 628, 656 (E.D. Pa. 2001) . . . . . . . . . . . . . . . . . 9

Gilbrook v. City of Westminster, 177 F.3d 839, 854 (9th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . 9

Givhan v. Western Line Consolidated School District, 439 U.S. 410 (1997) . . . . . . . . . . . . . . . 13

Hauge v. Brandywine School District, 131 F.Supp.2d 573 (D.Del. 2001) . . . . . . . . . . . . . . . . 12

Hope v. Pelzer, 536 U.S. 730, 741 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Johnson v. Duffy, 588 F.2d 740-743-44 (9th Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

McGreevy v. Stroup, 413 F.3d 359, 369 (3d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . 10, 12, 13

Patsy v. Board of Regents, 457 U.S. 496, 502 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Pickering v. Board of Education, 391 U.S. 563 (1968) . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 11-13

San Filippo v. Bongiovanni, 30 F.3d 424 (3d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Saucier v. Katz, 533 U.S. 194, 202 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Springer v. Henry, 475 F.3d 268 (3d Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Tejada-Batista v. Morales, 424 F.3d 97, 102 (1st Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Williams v. Pennsylvania State Police, 144 F.Supp.2d 382, 383, 384 (E.D. Pa. 2001) . . . . . . . . 8

<u>Federal Statues</u>

42 <u>U.S.C.</u> §1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-8, 10

<u>State Statutes</u>

14 <u>Del.C.</u> § 1410 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## I.    NATURE AND STAGE OF THE PROCEEDINGS

The Plaintiff adopts the statement of Nature and Stage of Proceedings set forth in her Answering Brief in Opposition to Defendant Appoquinimink School District's Motion for Summary Judgment.

Plaintiff confirms that her cause of action against the individual defendant is limited to her claims of First Amendment retaliation under 42 U.S.C. §1983. To the extent the Complaint can be construed as bringing claims against the individual defendants under Title VII, for wrongful termination under state law, or for intentional infliction of emotion distress, those should be dismissed.

## II.    STATEMENT OF THE FACTS

The Plaintiff adopts and incorporates by reference the Statement of Facts contained in Plaintiff's Answering Brief in Opposition to the District's Motion for Summary Judgment.

## III.    SUMMARY OF THE ARGUMENT

**1.    There are disputed issues of fact precluding summary judgment on Plaintiff's First Amendment retaliation claims against the individual defendants.**

All of the individual defendants participated in retaliatory acts in violation of Plaintiff's First Amendment rights. Defendant is incorrect in asserting that only an ultimate decision maker may be held liable for First Amendment retaliation. A person subjects another to a depravation of a Constitutional right within the meaning of 42 U.S.C. §1983 by either direct personal participation or by setting in motion a series of acts by others which he knows or should know would cause of a constitutional injury.

1

In the present case, each of the Individual Defendant placed reprimands in Plaintiff's personnel file which they knew or should have known would be the basis under Delaware law for the termination of her employment.

Defendants also wrongfully claim that individuals Mieczkowski, Mitchell and Proffitt cannot be liable for placing reprimands in Plaintiff's personnel file because she could have grieved those reprimands through the Union. However, it is settled law that there is no exhaustion requirement under §1983. The individual defendants had the authority to issue reprimands to Plaintiff's file and can be liable for these retaliatory adverse employment actions.

2.    **Individual Defendants are not entitled to qualified immunity.**

As set forth in Plaintiff's Answering Brief in Opposition to the District's Motion, Plaintiff has set forth a viable First Amendment claim consistent with the Supreme Court's recent holding in Ceballos v. Garcetti, 126 S.Ct. 1951(2006).

Defendants incorrectly assert they could not have known they were acting illegally because of the undecided issue in Ceballos, *supra.* and the difficult nature of applying the Pickering balancing test. Defendants' argument with respect to the rule announced in Ceballos is a red herring. Plaintiff has demonstrated that she spoke as a citizen not only as an employee of the District.

With respect to of the Pickering test, Defendants incorrectly assert the Third Circuit has held the difficulty in applying that test indicates First Amendment rights are never clearly established. Both the Third Circuit Court of Appeals, and this Court have recognized that "to be clearly established" does not mean a specific act in question has been previously held to be

2

unlawful but only that the unlawfulness was reasonably and objectively apparent. When the Pickering factors weigh in heavily in favor of Plaintiff, the law is clearly established.

Here, Defendants cannot offer any legitimate interest in limiting Plaintiff's speech. It is long settled that employees in the public education system have a First Amendment right to speak out on important matters relating to the operation of schools and to express concern on matters such as the legality of the operations and the rights of parents and students. The Individual Defendant have no immunity.

IV.    ARGUMENT

A.    There are disputed issues of fact precluding Summary Judgment on Plaintiff's First Amendment retaliation claim against the Individual Defendants.

1.    All of the Individual Defendants participated in retaliatory acts in violation of Plaintiff's First Amendment rights.

On page 4 of their Opening Brief, the Individual Defendants assert that only an ultimate decision maker may be held liable for First Amendment retaliation under 42 U.S.C. § 1983 citing an unreported decision from the Southern District of Texas, Connelly v. Texas Department of Criminal Justice. 2005 U.S. District Lexis 27489 (S.D. Tx. 2005) and Beattie v. Madison County School District, 254 F.3d 595 (5th Cir. 2001). That is by no means a universally accepted rule. In Tejada-Batista v. Morales, 424 F.3d 97, 102 (1st Cir. 2005) the Court indicated of the four Circuits who seemed to have considered the issue, only the 5th Circuit adopted this rule.

Section 1983 imposes liability on a person who subjects or causes to be subjected another to a constitutional deprivation. In Williams v. Pennsylvania State Police, 144 F.Supp.2d 382, 383, 384 (E.D. Pa. 2001) the Pennsylvania District Court stated: "The Court of Appeals for the

3

9th Circuit offered a most cogent discussion of this issue in <u>Arnold v. International Business Machines, Corp.</u> 637 F.2d 1350 (9th Cir. 1981):

> "A person "subjects" another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made... Moreover, personal participation is not the only predicate for Section 1983 liability. Anyone who 'causes' any citizen to be subjected to a deprivation is also liable. <u>The requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.</u>"

*Id. at 1355 (Emphasis added) (Quoting* <u>Johnson v. Duffy</u>, 588 F.2d 740-743-44 (9th Cir. 1978) (*See also,* <u>Dooley v. City of Philadelphia</u>, 153 F.Supp.2d 628, 656 (E.D. Pa. 2001); <u>Gilbrook v. City of Westminster</u>, 177 F.3d 839, 854 (9th Cir. 1999).

In the present case, as set forth in detail in Plaintiff's Answering Brief in Opposition to the District's Motion for Summary Judgment, the Individual Defendants directly participated in setting in motion the process by which Plaintiff was terminated from her employment. Each of the Individual Defendants placed reprimands in Plaintiff's personnel file which they knew, or should have known was the only basis under the law for the termination of Plaintiff's employment. Under 14 <u>Del.C.</u> § 1410, only the presence of reprimands in her personnel file could lead to termination because Defendant Marchio refused to allow Plaintiff to have the yearly employment evaluations.

Moreover, Marchio under 14 <u>Del.C.</u> §1410 was the final decision maker with respect to the non-renewal of Plaintiff's contract. He, by his letter of June 12, 2003 written after a conference with Plaintiff, made the final decision pursuant to his statutory authority.

4

All of the Individual Defendants can be liable for Plaintiff's termination of employment in retaliation for exercising her right to free speech.

Defendants also claim the Individual Defendants, Mieczkowski, Mitchell and Proffitt, who placed reprimands in Plaintiff's file, cannot be liable because Plaintiff had the opportunity to grieve her written reprimands for final decision by the Superintendent, Defendant Marchio. Defendant cites no authority for the proposition that a claimant under 42 U.S.C. § 1983 must exhaust some administrative procedures in order to pursue a claim. In fact, that is not the law. In McGreevy v. Stroup, 413 F.3d 359, 369 (3d Cir. 2005). The Court rejected a similar argument. In that case, a school nurse alleged she had been given unfavorable reviews by superiors in retaliation for her advocacy on behalf of disabled students. The defendant argued the superintendent was not a policy maker because the plaintiff nurse could have appealed her unfavorable rating to the school board. The Court stated that the plaintiff was "not required to take such an appeal under either the Pennsylvania statute or Section 1983. There is no exhaustion requirement under Section 1983. Citing Patsy v. Board of Regents, 457 U.S. 496, 502 (1982).

In the present case there is nothing that requires Plaintiff file a grievance with respect to every reprimand issued by any of her supervisors. In fact, as set forth in Plaintiff's Answering Brief in Opposition to the District's Motion for Summary Judgment, when Plaintiff went to the union, Defendants saw to it that she could not prevail. When it was determined three reprimands should be consolidated into one, four were placed in her file. When she asked for a hearing, the record was erased and evidence suppressed.

Defendants cannot contest that the Individual Defendants had the authority to issue reprimands to Plaintiff's file. These were adverse employment actions which can be a basis of liability under Section 1983.

**B.    The Individual Defendants are not entitled to qualified immunity.**

**1.    Plaintiff has alleged violations of her constitutional right to free speech.**

As set forth in Plaintiff's Answering Brief in Opposition to the District's Motion, Plaintiff has set forth a viable First Amendment claim consistent with the Supreme Court's recent holding in <u>Ceballos v. Garcetti</u>, 126 S.Ct. 1951 (2006). Plaintiff has shown evidence of her criticism of the systemic problems in the District's Special Education Department and her advising a parents' group with respect to their rights. These acts were not obligations as an employee of the District.

Plaintiff relies upon her Argument II in her companion Brief as establishing a violation of her constitutional rights.

**2.    Plaintiff has shown that the constitutional violations were clearly established.**

"As a general matter, a right is 'clearly established' when the contours are 'sufficiently clear that a reasonable official would understand that what he is doing violates that right'." Citing <u>Saucier v. Katz</u>, 533 U.S. 194, 202 (2001). Defendants argue that they could not have known they were violating Plaintiff's First Amendment rights when they disciplined her for criticizing the operation of the Special Education system and claiming they were acting illegally in administering that system. Defendants argue they could not have known they were acting illegally because of the undecided issue in <u>Ceballos v. Garcetti</u>, *supra*, and the inherently difficult nature of applying the <u>Pickering</u> balancing test. <u>Pickering v. Board of Education</u>, 391 U.S. 563 (1968).

6

Defendants' argument with respect to the rule announced in Ceballos, supra, is a red herring. Plaintiff has demonstrated that she spoke as a citizen, and not only pursuant to her job as an employee of the District. The only true issue is whether the sensitive balancing test set forth in Pickering, supra, in evaluating the First Amendment claims necessarily means these Defendants could not reasonably have known they were violating Plaintiff's constitutional rights.

In making their argument, Defendants rely upon legal propositions which have been rejected by this District and by the Third Circuit.

On page 12 of their Brief, Defendants claim the Third Circuit has held that due to the fact intensive nature of the Pickering test, First Amendment rights are not clearly established such that an Individual Defendant should have known his or her conduct was a violation of those rights. However, Defendants do not cite a Third Circuit opinion for that proposition, but the opinion of this Court in Hauge v. Brandywine School District, 131 F.Supp.2d 573 (D.Del. 2001). In fact, in a the later decision this Court in Springer v. Henry, 2002 WL 389136 (D.Del. March 11, 2002) indicated it would not follow Hauge noting the circumstances in that case were unique. The Court stated,

> "Although the Hauge Court granted qualified immunity based on the fact intensive balancing required by the Pickering test, neither the plaintiff nor the defendants have presented any authority to permit this Court to conclude that the Pickering balancing test must always lead to the denial of qualified immunity. If the Court were to accept the defendant's position, qualified immunity could never be denied in First Amendment retaliation cases. This is an extreme result, one the Hauge Court probably did not intend and one this Court will not sanction."

The Third Circuit Court of Appeals affirmed this Court's ruling in Springer. (See Springer v. Henry, 475 F.3d 268 (3d Cir. 2006).

7

Contrary to the assertion on page 13 of their Brief, the Third Circuit has addressed this issue directly. In <u>McGreevy v. Stroup</u>, 413 F.3d 359 (3d Cir. 2005), the Court rejected the proposition that due to <u>Pickering</u>'s fact intensive balancing test, First Amendment rights should never be considered clearly established. The Court noted that where the <u>Pickering</u> balancing factors weigh heavily in favor of the employee, the law should be deemed clearly established and qualified immunity unavailable. The Court stated,

> "To be clearly established does not mean that the very action in question has previously been held unlawful, rather it merely means that in light of pre-existing law the unlawfulness of the official's conduct was reasonably and objectively apparent. Indeed, the Supreme Court has made clear that 'officials can still be on notice that their conduct violates established law even in novel factual circumstances'."

(Internal citations omitted – quoting <u>Hope v. Pelzer</u>, 536 U.S. 730, 741 (2002).)

In the present case, the <u>Pickering</u> balancing factors clearly weigh heavily in favor of Plaintiff. Defendants cannot advance any legitimate basis for disciplining an employee who speaks out in favor of student rights. Indeed, that those employed by school systems have an important function in speaking out with respect to the operation of the education system is long recognized. The <u>Pickering</u> case itself concerned a public school teacher who was terminated for writing a letter to a newspaper. In <u>Givhan v. Western Line Consolidated School District</u>, 439 U.S. 410 (1997) a public school teacher was disciplined for protesting racially discriminatory practices. (*See also* <u>San Filippo v. Bongiovanni</u>, 30 F.3d 424 (3d Cir. 1994).) As in <u>McGreevy</u>, *supra*, Defendants cannot proffer legitimate interests in limiting Plaintiff's speech, much less any countervailing interests of the District which would outweigh Plaintiff's interest in addressing

8

matters of public concern such as the legality of the operation of the Special Education Department and the rights of parents of students to challenge the District's policies.

The Individual Defendants have no immunity in this action.


## V.   CONCLUSION

For the reasons set forth in this brief and in Plaintiff's Answering Brief in Opposition to the District's Motion for Summary Judgment, Plaintiff's First Amendment retaliation claim against the individual defendants must be permitted to go forward and summary judgment denied.

                                   BIGGS AND BATTAGLIA

                                   /s/ Philip B. Bartoshesky (#2056)
                                   Philip B. Bartoshesky, Esquire
                                   921 Orange Street
                                   P.O. Box 1489
                                   Wilmington DE 19899-1489
                                   (302) 655-9677
                                   Pbarto@batlaw.com
                                   Attorney for Plaintiff

# CERTIFICATE OF SERVICE

I, Philip B. Bartoshesky, Esquire, do hereby certify that on July 18, 2006 one true and

correct copy of PLAINTIFF'S ANSWERING BRIEF OPPOSING INDIVIDUAL DEFENDANTS' MOTION

FOR SUMMARY JUDGMENT were forwarded via Electronic Filing to the following:

William W. Bowser, Esq.
Adria B. Martinelli, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Bldg., 17th Floor
1000 West St.
Wilmington, DE 19801


**BIGGS AND BATTAGLIA**


    /s/ Philip B. Bartoshesky
Philip B. Bartoshesky, Esquire
921 Orange Street
P.O. Box 1489
Wilmington DE 19899-1489
(302) 655-9677
Attorney for Plaintiffs