IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OLGA ALEXANDRA YATZUS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 05-103-SLR |
| | ) |
| APPOQUINIMINK SCHOOL DISTRICT | ) |
| and TONY MARCHIO, individually and in | ) **TRIAL BY JURY DEMANDED** |
| his official capacity, MARY ANN | ) |
| MIECZKOWSKI, individually and in her | ) |
| official capacity, DONNA MITCHELL, | ) |
| individually and in her official capacity, and | ) |
| MARION PROFFITT, individually and in | ) |
| her official capacity, | ) |
| | ) |
| Defendants. | ) |

**REPLY BRIEF OF DEFENDANTS TONY MARCHIO, MARY ANN
MIECZKOWSKI, DONNA MITCHELL, AND MARION PROFFITT
IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
William W. Bowser, Esquire (Bar I.D. 2239)
Adria B. Martinelli, Esquire (Bar I.D. 4056)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6601, 6613
Facsimile: (302) 576-3282, 3314
Email: wbowser@ycst.com; amartinelli@ycst.com

DATED:   July 25, 2006

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITES ...................................................................................ii

SUMMARY OF ARGUMENT .............................................................................1

ARGUMENT ........................................................................................................2

I.  THE INDIVIDUAL DEFENDANTS MUST BE DISMISSED FROM THE FIRST AMENDMENT CLAIM UNDER SECTION 1983..........................................................................................................2

  A.  The Individual Defendants Are Entitled To Qualified Immunity ..........2

  1.  Yatzus has failed to allege a violation of her constitutional rights.........2

  2.  The law was not "clearly established" because of the undecided issue of whether a public employee speaking pursuant to her employment was protected by the First Amendment, and the continuing lack of a framework for determining the scope of an employee's duties ...................................................................................2

  3.  The law is not "clearly established" because the existence of rights depends on a fact-sensitive balancing test...............................................4

  B.  Mitchell, Mieczkowski, and Proffitt Must Be Dismissed As They Were Not Ultimate Decision Makers....................................................5

CONCLUSION .....................................................................................................7

## TABLE OF AUTHORITIES

**<u>PAGE</u>**

<u>Cases</u>

*Acierno v. Cloutier*,
   40 F.3d 597 (3d. Cir. 1994)..................................................................................3

*Assaf v. Fields*,
   178 F3d 170 (3d Cir. 1999).................................................................................3

*Connick v. Myers*,
   461 U.S. 138 (1983) ............................................................................................5

*Garcetti v. Ceballos*,
   126 S. Ct. 1951 (2006)............................................................................... 1, 3, 4, 5

*Hameli v. Nazario*,
   No. 94-199-SLR, 1994 U.S. Dist.
   LEXIS 20523 (D. Del. Sept. 2, 1994) ..................................................................4

*McGreevey v. Stroup*,
   413 F.3d 359 (3d Cir. 2005)..............................................................................5, 6

*McKee v. Hart*,
   436 F.3d 165 (3d Cir. 2006).................................................................................4

*Siegert v. Gilley*,
   5000 U.S. 226 (1991) ..........................................................................................2

*Swartzwelder v. McNeilly*,
   297 F.3d 228 (3d Cir. 2002).................................................................................5

*Tejada-Batista v. Morales*,
   424 F.3d 97 (1st Cir. 2005)...............................................................................5, 6

## SUMMARY OF ARGUMENT

In addition to the other reasons discussed below and in the Individual Defendants' Opening Brief, the Individual Defendants must be dismissed because they are entitled to qualified immunity. For individual defendants to be held liable for constitutional violations, the contours of the right must be "clearly established" at the time the officials acted. Two significant issues were unknown at the time the Individual Defendants in this case acted: (1) whether a public employee speaking pursuant to her job responsibilities is protected by the First Amendment; and (2) the framework for establishing whether an employee was speaking as an employee or as a citizen. Yatzus herself did not determine she was speaking as an employee, until her eleventh-hour affidavit submitted with her answering brief. Yet, she argues that the Individual Defendants should have known this all along. This argument is belied by Yatzus's own testimony and the holding of the U.S. Supreme Court in *Garcetti v. Ceballos*, 126 S. Ct. 1951 (2006) as to the difficulty of this analysis, and therefore must be rejected. It is clear that scope of protection for a public employee speaking in the context in which Yatzus did was sufficiently unclear such that a reasonable official could not have known her speech was protected; therefore, qualified immunity must be granted to the Individual Defendants.

# ARGUMENT

## I. THE INDIVIDUAL DEFENDANTS MUST BE DISMISSED FROM THE FIRST AMENDMENT CLAIM UNDER SECTION 1983

### A. The Individual Defendants Are Entitled To Qualified Immunity

**1. Yatzus has failed to allege a violation of her constitutional rights**

As discussed extensively in the District's Opening and Reply Briefs, Yatzus has failed to allege a viable First Amendment claim. Therefore, Yatzus loses on the first step of the qualified immunity determination, which is to determine "whether a plaintiff has alleged a violation of a constitutional right at all." *See Siegert v. Gilley*, 5000 U.S. 226, 331 (1991).

**2. The law was not "clearly established" because of the undecided issue of whether a public employee speaking pursuant to her employment was protected by the First Amendment, and the continuing lack of a framework for determining the scope of an employee's duties**

As discussed in the Individual Defendant's Opening brief, the law was not "clearly established" in 2001-2003 when the Individual Defendants acted, as to whether a public employee speaking as an employee (as opposed to as a public citizen) was protected. At that time, it the Third Circuit had not addressed whether or not a public employee speaking as an employee was protected by the First Amendment, and there was "deep confusion within [the remaining] circuits" on this issue, resulting in the U.S. Supreme Court's grant of certiorari in 2005.

Yatzus asserts that this argument is a "red herring," because "Plaintiff has demonstrated that she spoke as a citizen, and not only pursuant to her job as an employee of the District." Answering Brief ("Ans. Br.") at 7 (D.I. 52). Yatzus entirely misses the point with this response. The issue is whether the right was "clearly established <u>at the time</u> [the Individual Defendants] acted," such that the "unlawfulness of the action would

have been apparent to a reasonable official." *See Assaf v. Fields*, 178 F3d 170, 174 (3d Cir. 1999); *Acierno v. Cloutier*, 40 F.3d 597, 606 (3d. Cir. 1994). Whether or not Yatzus is ultimately determined to have spoken as a citizen, as opposed to as an employee, is irrelevant to this portion of the qualified immunity analysis.

Moreover, her statement that she has "demonstrated that she spoke as a citizen, and not only pursuant to her job as an employee of the District" only supports the Individual Defendants' point that this issue was not clearly established when they acted. As discussed in the District's Reply Brief, Yatzus completely changed her testimony on this issue in her newly submitted affidavit. In her deposition testimony she said she was speaking pursuant to her job responsibilities; now she says she was not. In her Answering Brief, Yatzus acknowledges that "determining whether certain speech was made as a citizen on a matter of public concern is a difficult inquiry," and quotes *Garcetti*: "This is the necessary product of 'the enormous variety of fact situations in which critical statements by teachers and other public employees may be thought by their superiors . . . to furnish grounds for dismissal.'" Ans. Br. at 26 (D.I. 53) (*citing Garcetti)*. Despite her own statement, and that of the United States Supreme Court as to the difficulty of the inquiry, she now suggests the issue is a simple one, resolved merely by her own eleventh-hour conclusion that she was acting as a public citizen. Even though Yatzus has apparently just now recently figured that out, she insists that the Individual Defendants should have recognized it all along.

Even today following the U.S. Supreme Court's ruling in *Garcetti*, the contours of a public employee's First Amendment rights are not clearly established,

3

because the Supreme Court did not provide any guidance as to how to determine when an individual is speaking as an employee or as a citizen. In this regard, the Court stated:

> [T]he parties in this case do not dispute that Ceballos wrote his disposition memo pursuant to his employment duties. We thus have no occasion to articulate a comprehensive framework for defining the scope of an employee's duties in cases where there is room for serious doubt.

126 S. Ct. at 1961.

In her deposition, Yatzus testified that her speech was pursuant to her job duties. The Supreme Court's decision in *Garcetti*, however, expressly fails to provide guidance as how to determine whether she was speaking as an employee or as a citizen. Without such guidance, the law, even today, is not "clearly established." *McKee v. Hart*, 436 F.3d 165, 173 (3d Cir. 2006) (granting qualified immunity in First Amendment retaliation because of a "dearth of precedent of sufficient specificity and factual similarity to this case"). *See Hameli v. Nazario*, No. 94-199-SLR, 1994 U.S. Dist. LEXIS 20523 (D. Del. Sept. 2, 1994) ("[T]he unlawfulness of [an official's] action must be apparent from previous court decisions.").

In her answering brief, Yatzus devotes just a single sentence to this issue stating only that she "has demonstrated that she spoke as a citizen, and not only pursuant to her job as an employee of the District." Ans. Br. at 7 (D.I. 52). She does not address how the Individual Defendants were supposed to make this determination in 2001-2003, let alone today. As a result, the Individual Defendants are entitled to qualified immunity.

3. **The law is not "clearly established" because the existence of rights depends on a fact-sensitive balancing test**

The Supreme Court has recognized that applying the balancing required by *Pickering v. Board of Education*, 391 U.S. 563 (1968) can be "difficult." *Connick v.*

*Myers*, 461 U.S. 138, 150 (1983); *Garcetti*, 126 S. Ct. at 1958.  The balancing process is "fact-sensitive" and "often require[s] delicate line drawing." *Swartzwelder v. McNeilly*, 297 F.3d 228, 235 (3d Cir. 2002).  As a result, courts have been extremely reluctant to find that the law is clearly established in First Amendment retaliation causes.  For example in *McGreevey v. Stroup*, 413 F.3d 359 (3d Cir. 2005), the Third Circuit refused to grant qualified immunity when the defendants failed to proffer <u>any</u> legitimate interests to balance against the public employee's speech, stating: "When the balance of cognizable interests weigh so heavily in an employee's favor, our cases make plain that the law is clearly established." *Id.* at 367.

As discussed below, the balance of interest does not tip so heavily in Yatzus's favor.  To the contrary, it tips in favor of the Individual Defendants.  As a result, qualified immunity should be granted.

**B.   Mitchell, Mieczkowski, and Proffitt Must Be Dismissed As They Were Not Ultimate Decision Makers**

The role an individual defendant must play in a constitutional deprivation in order to be held liable under Section 1983 is not clearly established by the Third Circuit.  Yatzus argues that the Individual Defendants should be held liable where they "directly participated in setting in motion the process by which Plaintiff was terminated from her employment."  Ans. Br. at 4 (D.I. 52).  Yet, only the Sixth, Ninth, and Tenth Circuits have so held.

In fact, in the First Circuit Court of Appeals' opinion cited by Yatzus, the Court noted that "whether any of the cases [supporting plaintiff's position] intends a wholly mechanical rule in all cases is open to doubt." *Tejada-Batista v. Morales*, 424 F.3d 97, 102 (1st Cir. 2005).  The First Circuit court further described the standard set

forth by the Sixth, Ninth, and Tenth Circuits (and argued by Yatzus), as requiring that the subordinate is liable "if he is a but-for cause of the firing." *Id.* Yatzus has not provided any facts to support that Mitchell, Mieczkowski, or Proffitt were a "but for" cause of her termination. Rather, it was Marchio who made the decision to terminate Yatzus, which was reviewable by the Board.

Yatzus cites to the Third Circuit's decision in *McGreevey* as support of her argument. However, the Court in *McGreevey* never addressed whether the individual defendants should be dismissed because they were not "ultimate" or "final" decision makers. Ans. Br. at 5-6 (D.I. 52) (citing *McGreevey*, 413 F.3d at 369). Rather, it addressed whether an "employment rating," conducted pursuant to Pennsylvania law which specifically referred to the responsibility of the principal and the superintendent, could constitute official government policy for purposes of holding the <u>school</u> <u>district</u> liable. *McGreevey*, 413 F.3d at 367-37. Thus, it sheds no light on the role an individual defendant must play in the alleged constitutional violation to be held personally liable under Section 1983.

## CONCLUSION

For the foregoing reasons and authorities cited herein, summary judgment must be granted as to the Individual Defendants.

        YOUNG CONAWAY STARGATT & TAYLOR, LLP

        /s/ Adria B. Martinelli
        William W. Bowser, Esquire (Bar I.D. 2239)
        Adria B. Martinelli, Esquire (Bar I.D. 4056)
        The Brandywine Building, 17th Floor
        1000 West Street, P.O. Box 391
        Wilmington, Delaware 19899-0391
        Telephone: (302) 571-6601, 6613
        Facsimile: (302) 576-3282, 3314
        Email: wbowser@ycst.com; amartinelli@ycst.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OLGA ALEXANDRA YATZUS, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>APPOQUINIMINK SCHOOL DISTRICT )<br>and TONY MARCHIO, individually and in )<br>his official capacity, MARY ANN )<br>MIECZKOWSKI, individually and in her )<br>official capacity, DONNA MITCHELL, )<br>individually and in her official capacity, and )<br>MARION PROFFITT, individually and in )<br>her official capacity, )<br>)<br>Defendants. ) | C.A. No. 05-103-SLR<br><br>**TRIAL BY JURY DEMANDED** |

## **CERTIFICATE OF SERVICE**

I, Adria B. Martinelli, Esquire, hereby certify that on July 25, 2006, I electronically filed a true and correct copy of the foregoing **Reply Brief of Defendants Tony Marchio, Mary Ann Mieczkowski, Donna Mitchell, and Marion Proffitt in Support of Their Motion for Summary Judgment** with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Philip B. Bartoshesky, Esquire (#2056)
>Biggs & Battaglia
>912 N. Orange Street
>P.O. Box 1489
>Wilmington, DE 19899

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>/s/ Adria B. Martinelli
>―――――――――――――――――――
>William W. Bowser, Esquire (Bar I.D. 2239)
>Adria B. Martinelli, Esquire (Bar I.D. 4056)
>The Brandywine Building
>1000 West Street
>Wilmington, Delaware 19801
>Telephone: (302) 571-6601, 6613
>Facsimile: (302) 576-3282, 3314
>Email: wbowser@ycst.com; amartinelli@ycst.com