IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OLGA ALEXANDRA YATZUS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | C.A. No. 05-103-SLR |
| ) | |
| APPOQUINIMINK SCHOOL DISTRICT, ) | JURY TRIAL DEMANDED |
| and TONY MARCHIO, individually ) | |
| and in his official capacity, MARY ANN ) | |
| MIECZKOWSKI, individually and in her ) | |
| official capacity, DONNA MITCHELL, ) | |
| individually and in her official capacity, and ) | |
| MARION PROFFITT, individually ) | |
| and in her official capacity, ) | |
| ) | |
| Defendants. ) | |

**NOTICE OF SUBSEQUENT AUTHORITY PURSUANT TO RULE 7.1.2(c)**

Pursuant to Local Rule 7.1.2(c), Defendants call to the attention of the Court a pertinent case decided after the filing of Defendants' final brief in support of their motion for summary judgment currently pending before the Court.

In *Price, et al. v. MacLeish, et al.*, 2006 U.S. Dist. LEXIS 57026, No. 04-956 (GMS) (D. Del. Aug. 14, 2006), Judge Sleet applied the recent holding of the United States Supreme Court in *Garcetti v. Ceballos*, 547 U.S. ___, 126 S. Ct. 1951 (2006). The *Garcetti* case held that "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." *Garcetti*, 126 S. Ct. at 1960. Key to the resolution of Defendants' pending summary judgment briefs is the application of the *Garcetti* holding to the Plaintiff's First Amendment retaliation claim.

In *Price*, the plaintiffs were Delaware State policemen assigned to supervisory positions in the Firearms Training Unit, located in Smyrna, Delaware. After speaking out about hazardous health conditions at the facility, they alleged they suffered adverse employment actions as a result of their speech. The Court noted that "[t]he record is also rife with evidence that [the plaintiffs] themselves believed it was their responsibility to speak out within the chain of command about conditions at the range." *Price*, 2006 U.S. Dist. LEXIS 47026, at *25. The Court held that:

> [S]peaking out within the chain of command about any hazardous range conditions was squarely within [the plaintiff's] official duties. <u>Lest there be any doubt, it is surely removed by [the plaintiff's] testimony regarding his responsibilities</u>.

*Id.* at **21-22 (emphasis added). The Court, therefore, held that "[t]he inescapable conclusion is that their chain-of-command speech was within the scope of their official duties." *Id.* at *25.

Similarly, it is undeniable that as a school psychologist, the Plaintiff's responsibilities included speaking out when she believed that special education students were being treated unfairly and not getting the services they needed. Any doubt as to this conclusion is clearly resolved by her own testimony that all of her allegedly protected activity was conducted pursuant to her responsibilities as a school psychologist. Therefore, her speech is not protected by the first amendment under the holdings of *Garcetti* and *Price*.

Based on the District Court's holding in *Price*, as well as the additional reasons set forth in Defendants' opening and reply briefs, Defendants respectfully request that Plaintiff's first amendment claim be dismissed.

Respectfully submitted,

YOUNG CONWAY STARGATT & TAYLOR LLP

/s/ Adria B. Martinelli
William W. Bowser, Esquire (Bar I.D. 2239)
Adria B. Martinelli, Esquire (Bar I.D. 4056)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6601, 6623
Facsimile: (302) 576-3282, 3314
Email: wbowser@ycst.com; amartinelli@ycst.com
Attorneys for Defendants

DATED:   September 12, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OLGA ALEXANDRA YATZUS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>APPOQUINIMINK SCHOOL DISTRICT, )<br>and TONY MARCHIO, individually )<br>and in his official capacity, MARY ANN )<br>MIECZKOWSKI, individually and in her )<br>official capacity, DONNA MITCHELL, )<br>individually and in her official capacity, and )<br>MARION PROFFITT, individually )<br>and in her official capacity, )<br>)<br>Defendants. ) | C.A. No. 05-103-SLR<br><br>JURY TRIAL DEMANDED |

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 12, 2006, I electronically filed a true and correct copy of the foregoing **Notice of Subsequent Authority Pursuant to Rule 7.1.2(c)** with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

        Philip B. Bartoshesky
        Biggs and Battaglia
        921 North Orange Street
        Wilmington, DE 19801

        YOUNG CONAWAY STARGATT & TAYLOR, LLP

        /s/ Adria B. Martinelli
        William W. Bowser, Esquire (Bar I.D. 2239)
        Adria B. Martinelli, Esquire (Bar I.D. 4056)
        The Brandywine Building, 17th Floor
        1000 West Street
        P.O. Box 391
        Wilmington, Delaware 19899-0391
        Telephone: (302) 571-6601, 6613
        Facsimile: (302) 576-3282, 3314
        Email: wbowser@ycst.com; amartinelli@ycst.com
        Attorneys for Defendants