IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OLGA ALEXANDRA YATZUS, § § Plaintiff, § § v. § § APPOQUINIMINK SCHOOL DISTRICT § and TONY MARCHIO, individually § and in his official capacity, MARY ANN § MIECZKOWSKI, individually and in her § official capacity, DONNA MITCHELL, § individually and in her official capacity, § and MARION PROFFITT, individually § and in her official capacity, § § Defendants. § | Case No.: 05-103 SLR<br><br>**TRIAL BY JURY DEMANDED** |

### PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE RELATING TO PLAINTIFF'S EMPLOYMENT IN THE NEW CASTLE COUNTY VO TECH SCHOOL DISTRICT

Defendants intend to have admitted into evidence documents and testimony relating to Plaintiff's actions when she was employed as a school psychologist in the New Castle County Vo Tech school district. (Hereafter Vo Tech) The evidence Defendants intend to offer concerns Plaintiff's purported failure to complete certain reports in a timely fashion and/or attend meetings while working in the Vo Tech district. The clear purpose Defendants are proposing to present this evidence to the jury is to attempt to prove that disciplinary "write-ups" by the Defendants for somewhat similar purported deficiencies in Plaintiff's conduct were justified. In other words, Defendants wish to have the jury conclude that Plaintiff supposedly being disciplined for certain activities while at Vo Tech proves Plaintiff committed similar actions which merited discipline by the Defendants in the present case.

-1-

The admission of such evidence is prohibited by Federal Rules of Evidence 403, 404 and 406. Under Rule 403, evidence should not be admitted if its probative value is outweighed by the danger that it may cause confusion, undue prejudice, waste of time or undue delay. Here, the Defendant presents evidence of Plaintiff's actions at Vo Tech some 5 or 6 years prior to her employment at Appoquinimink. If admitted, Defendant would need to present evidence relating to those incidents and also that the administrators in the Vo Tech district recognized Plaintiff's exceptional record by submission of the Plaintiff's "Job Analysis" and Employee Evaluations subsequent to the disciplinary write ups Defendants wish to have admitted. This would cause delay and confusion.

The evidence to be offered by Defendants is inadmissible under Rule 404 which bars evidence of other acts to prove that a person acted in conformity therewith. Defendants wish to have the jury conclude that because Plaintiff purportedly did not complete some reports or missed some meetings some ten year ago that she acted in the same way while employed at Appoquinimink and therefore Defendants disciplinary actions and determination of Plaintiff's employment were valid. This is clearly the type of evidence which Rule 404 makes inadmissible. See 22 Wright & Graham Federal Practice & Procedure §§ 5231-5234.

Further, the evidence which Defendants propose is not within the definition of routine practice or habit set forth in Rule 406. "What Rule 406 seeks to admit are those kinds of repetitive acts that provide strong proof of conduct on a specified occasion without the danger of bogging down the trial in collateral issues or unfairly prejudicing the case of one of the parties." 23 Wright & Graham Federal Practice & Procedure § 5273 (page 38). Here, the proposed

evidence does not establish any kind of repetitive acts and it would clearly bring peripheral issues into this litigation.

The proposed evidence of Defendants must be excluded, or in the alternative, Plaintiff must be permitted to submit evidence of Plaintiff's subsequent employment evaluations while she was working at the Vo Tech school district.

                **BIGGS & BATTAGLIA**
                /s Philip B. Bartoshesky
                Philip B. Bartoshesky (#2056)
                912 N. Orange Street
                P.O. Box 1489
                Wilmington, DE 19899
                (302) 655-9677
                Attorney for Plaintiff

Dated: October 10, 2006

## CERTIFICATE OF SERVICE

I, Philip B. Bartoshesky, Esquire, do hereby certify that on the 10th day of October, 2006 one true and correct copy of Plaintiff's Motion *In Limine* to Exclude Evidence Relating to Plaintiff's Employment in the New Castle County Vo Tech School District was forwarded via electronic filing to the following:

William W. Bowser, Esq.
Adria B. Martinelli, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Bldg., 17th Floor
1000 West St.
Wilmington, DE 19801

                                             **BIGGS & BATTAGLIA**
                                             /s Philip B. Bartoshesky
                                             Philip B. Bartoshesky (#2056)
                                             921 N. Orange Street
                                             P.O. Box 1489
                                             Wilmington, DE 19899
                                             (302) 655-9677
                                             Attorney for Plaintiff