IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OLGA ALEXANDRA YATZUS, § § Plaintiff, § § v. § § APPOQUINIMINK SCHOOL DISTRICT § and TONY MARCHIO, individually § and in his official capacity, MARY ANN § MIECZKOWSKI, individually and in her § official capacity, DONNA MITCHELL, § individually and in her official capacity, § and MARION PROFFITT, individually § and in her official capacity, § § Defendants. § | Case No.: 05-103 SLR **TRIAL BY JURY DEMANDED** |

### PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF THE INVESTIGATION AND DETERMINATION OF ADMINISTRATIVE AGENCIES

Defendants intend to have admitted portions of the files and the determinations of the Delaware Department of Labor (DDOL) and/or the Equal Employment Opportunity Commission (EEOC) with respect to the charges Plaintiff brought with those agencies.

The admission of evidence of administrative agencies such as the DDOL and EEOC are within the discretion of the Court. *Coleman v. Home Depot, Inc.*, 306 F.3d. 1333 (3$^{rd}$Cir. 2002).

In the present case the Court should exercise its discretion to exclude this evidence under the Federal Rule of Evidence 403 because its probative value is significantly outweighed by the chance it would cause unfair prejudice, confusion of issues, misleading the jury, undue delay and waste of time.

Presentation of evidence with respect to the administrative investigations would involve delving into the efficacy, effectiveness and extent of those investigations which are issues collateral to the presentation of the evidence in this case. Further, presentation of a simple right to sue letter does not give any basis for the agency's determination. See e.g. *Patten v. WalMart Stores East, Inc.,* 300 F.3d. 21 (1st.Cir. 2002).

Moreover, the charges Plaintiff brought with the administrative agencies were much broader than those which are now being presented at trial. For example, Plaintiff, in her EEOC charge asserted claims of gender discrimination, disability discrimination, race discrimination, as well as retaliation. Only the retaliation charges are part of Plaintiff's claims brought in this case. Clearly, the evidence which Defendants propose to be presented to the jury would be misleading, confusing, and unfairly prejudicial. See *Waters v. Genesis HealthVentures, Inc.,* 2005 WL 61450 (ED.Pa. January 10, 2005).

                                                         BIGGS & BATTAGLIA
/s Philip B. Bartoshesky
Philip B. Bartoshesky (#2056)
912 N. Orange Street
P.O. Box 1489
Wilmington, DE 19899
(302) 655-9677
Attorney for Plaintiff

Dated: October 10, 2006

## CERTIFICATE OF SERVICE

I, Philip B. Bartoshesky, Esquire, do hereby certify that on the 10th day of October, 2006 one true and correct copy of Plaintiff's Motion *In Limine* to Exclude Evidence of the Investigation and Determination of Administrative Agencies was forwarded via electronic filing to the following:

William W. Bowser, Esq.
Adria B. Martinelli, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Bldg., 17th Floor
1000 West St.
Wilmington, DE 19801

                        **BIGGS & BATTAGLIA**
                        /s Philip B. Bartoshesky
                        Philip B. Bartoshesky (#2056)
                        921 N. Orange Street
                        P.O. Box 1489
                        Wilmington, DE 19899
                        (302) 655-9677
                        Attorney for Plaintiff