IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OLGA ALEXANDRA YATZUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 05-103-SLR |
| | ) | |
| APPOQUINIMINK SCHOOL DISTRICT, | ) | JURY TRIAL DEMANDED |
| and TONY MARCHIO, individually | ) | |
| and in his official capacity, MARY ANN | ) | |
| MIECZKOWSKI, individually and in her | ) | |
| official capacity, DONNA MITCHELL, | ) | |
| individually and in her official capacity, and | ) | |
| MARION PROFFITT, individually | ) | |
| and in her official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE
TESTIMONY OR EVIDENCE CONCERNING SEXUAL
HARASSMENT ALLEGATIONS MADE BY OTHER EMPLOYEES**

Defendants, by and through their undersigned counsel, move to exclude testimony or evidence concerning sexual harassment allegations made by other employees, including those contained in Teresa A. Cheek's ("Cheek") witness statements and final report. In support of their motion, Defendants state the following:

1. It is anticipated that Plaintiff will introduce testimony or evidence concerning sexual harassment allegations made by other employees of the Appoquinimink School District, including those contained in witness statements and the final report drafted by Cheek, who conducted the sexual harassment investigation.

2. This evidence should be barred under Federal Rules of Evidence 402, 403, and 802 because: (1) it is irrelevant (FRE 402); (2) its probative value is substantially outweighed by the danger of unfair prejudice (FRE 403); (3) it will confuse

the issues or mislead the jury (FRE 403); (4) it will result in an undue consumption of time (FRE 403); and (5) it is inadmissible hearsay (FRE 802).

3. Sex discrimination or harassment is not a part of Plaintiff's claims. The only Title VII allegation included in the complaint is one for retaliation based on the exercise of her rights under Title VII.

4. Therefore, evidence concerning other allegations of harassment is not relevant to Plaintiff's case. *See Hicks v. ABT Assoc.*, 572 F.2d 960 (3d Cir. 1978) (the merits of an underlying harassment allegation are immaterial to a retaliation claim).

5. Any alleged probative value of the details of the underlying harassment allegations by other employees is far outweighed by their prejudicial effect. *See Bhaya v. Westinghouse Elec. Corp.*, 922 F. 2d 184, 188 (3d Cir. 1990) (evidence that party committed wrongs other than those at issue creates danger of "unfair prejudice" because such evidence may influence a jury to return a verdict based on a desire to punish other wrongs.).

6. The introduction of such evidence would result in jury confusion and a "trial within a trial" regarding the merits of the underlying sexual harassment allegations made by other employees.

7. Furthermore, the portions of Cheek's report containing statements from other witnesses constitute inadmissible hearsay evidence. FRE 802. The witness statements similarly constitute inadmissible hearsay. FRE 802.

WHEREFORE, Defendants request that Plaintiff be prohibited from introducing at trial any testimony or evidence regarding the harassment allegations of other employees.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Adria B. Martinelli
William W. Bowser, Esquire (Bar I.D. 2239)
Adria B. Martinelli, Esquire (Bar I.D. 4056)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6601, 6613
Facsimile: (302) 576-3282, 3314
Email: wbowser@ycst.com; amartinelli@ycst.com

DATED:   October 10, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OLGA ALEXANDRA YATZUS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | C.A. No. 05-103-SLR |
| ) | |
| APPOQUINIMINK SCHOOL DISTRICT, ) | JURY TRIAL DEMANDED |
| and TONY MARCHIO, individually ) | |
| and in his official capacity, MARY ANN ) | |
| MIECZKOWSKI, individually and in her ) | |
| official capacity, DONNA MITCHELL, ) | |
| individually and in her official capacity, and ) | |
| MARION PROFFITT, individually ) | |
| and in her official capacity, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Defendants having moved to prohibit Plaintiff from introducing testimony or evidence concerning sexual harassment allegations by other employees of the Appoquinimink School District.

IT IS NOW HEREBY ORDERED this _____ day of _____, 2006, that Defendants' motion is hereby granted.  Specifically, Plaintiff and her attorney are precluded from introducing any exhibit, eliciting any testimony, or making any comments or arguments at trial referring to sexual harassment allegations by other employees of the Appoquinimink School District, including, but not limited to, Teresa A. Cheek's witness statements and final report;

IT IS FURTHER ORDERED that the witness statements and portions of Teresa A. Cheek's final report constituting hearsay shall not be admitted.

_____
Chief Judge Sue L. Robinson

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OLGA ALEXANDRA YATZUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 05-103-SLR |
| | ) | |
| APPOQUINIMINK SCHOOL DISTRICT, | ) | JURY TRIAL DEMANDED |
| and TONY MARCHIO, individually | ) | |
| and in his official capacity, MARY ANN | ) | |
| MIECZKOWSKI, individually and in her | ) | |
| official capacity, DONNA MITCHELL, | ) | |
| individually and in her official capacity, and | ) | |
| MARION PROFFITT, individually | ) | |
| and in her official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2006, I electronically filed a true and correct copy of the foregoing **Defendants' Motion in Limine to Exclude Testimony or Evidence Concerning Sexual Harassment Allegations Made by Other Employees** with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Philip B. Bartoshesky
Biggs and Battaglia
921 North Orange Street
Wilmington, DE 19801

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Adria B. Martinelli
William W. Bowser, Esquire (Bar I.D. 2239)
Adria B. Martinelli, Esquire (Bar I.D. 4056)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6601, 6613
Facsimile: (302) 576-3282, 3314
Email: wbowser@ycst.com; amartinelli@ycst.com
Attorneys for Defendants