IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OLGA ALEXANDRA YATZUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 05-103-SLR |
| | ) | |
| APPOQUINIMINK SCHOOL DISTRICT, | ) | JURY TRIAL DEMANDED |
| and TONY MARCHIO, individually | ) | |
| and in his official capacity, MARY ANN | ) | |
| MIECZKOWSKI, individually and in her | ) | |
| official capacity, DONNA MITCHELL, | ) | |
| individually and in her official capacity, and | ) | |
| MARION PROFFITT, individually | ) | |
| and in her official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE TESTIMONY FROM
CO-WORKERS REGARDING A HOSTILE WORK ENVIRONMENT OR
OPINIONS REGARDING DEFENDANTS' ALLEGED RETALIATORY INTENT**

Defendants, by and through their undersigned counsel, move to exclude testimony by Sharon E. Hill ("Hill"), Judith L. Green ("Green"), Phyllis Waecker ("Waecker"), or Marilyn Sweeney ("Sweeney") regarding their alleged mistreatment or hostile work environment, or their opinions regarding Defendants' alleged retaliatory intent.

1.  Plaintiff has identified Hill, Green, Waecker, and Sweeney as witnesses intended to be called to testify.

2.  Defendants anticipate Plaintiff will parade these disgruntled former and current employees[1] to testify that they too were subjected to harassment and/or to speculate that the reason for Plaintiff's alleged mistreatment was because of her protected activity.

---

[1] Hill, Waecker, and Sweeney are no longer employed by the Appoquinimink School District; Green is still employed there.

    3. This evidence should be barred under Federal Rules of Evidence 402 and 403 because: (1) it is irrelevant (FRE 402); (2) its probative value is substantially outweighed by the danger of unfair prejudice (FRE 403); (3) it will confuse the issues or mislead the jury (FRE 403); and (4) it will result in an undue consumption of time (FRE 403).

    4. Any testimony as to "bad acts" directed toward these witnesses is irrelevant and prejudicial.  *See Bhaya v. Westinghouse Elec. Corp.*, 922 F.2d 184, 188 (3d Cir. 1990) (evidence that party committed wrongs other than those at issue creates danger of "unfair prejudice" because such evidence may influence a jury to return a verdict based on a desire to punish other wrongs).

    5. There is no evidence in the record suggesting that these witnesses engaged in the same protected activity as Plaintiff.  Therefore, any alleged "bad acts" or mistreatment directed toward them are not probative of Defendants' intent or plan.  Any alleged probative value of such evidence would be substantially outweighed by the danger of confusion of the issues and unfair prejudice.

    6. Further, testimony from these witnesses regarding their opinions as to why Plaintiff was subjected to any adverse employment action should be excluded. *See, e.g., Wells v. Unisource Worldwide, Inc.*, 289 F.3d 1001, 1007 (7th Cir. 2002) ("conclusory assertions [by a co-worker] about a decision maker's racial prejudice are insufficient to establish pretext"); *Woythal v. Tex-Tenn Corp.*, 112 F.3d 243, 247 (6th Cir. 1997) ("mere personal belief, conjecture and speculation [of co-workers] are insufficient to support an inference of . . . discrimination"); *Visser v. Packer Eng'g Assoc., Inc.*, 924 F.2d 655, 659 (7th Cir. 1991) (holding that speculation by disgruntled employees as to employer's discriminatory motive did not constitute admissible evidence).

WHEREFORE, Defendants request that Plaintiff be prohibited from introducing at trial any testimony or evidence constituting opinion from co-workers or bad acts directed against co-workers.

    YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Adria B. Martinelli
William W. Bowser, Esquire (Bar I.D. 2239)
Adria B. Martinelli, Esquire (Bar I.D. 4056)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6601, 6613
Facsimile: (302) 576-3282, 3314
Email: wbowser@ycst.com; amartinelli@ycst.com

DATED:    October 10, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OLGA ALEXANDRA YATZUS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | C.A. No. 05-103-SLR |
| ) | |
| APPOQUINIMINK SCHOOL DISTRICT, ) | JURY TRIAL DEMANDED |
| and TONY MARCHIO, individually ) | |
| and in his official capacity, MARY ANN ) | |
| MIECZKOWSKI, individually and in her ) | |
| official capacity, DONNA MITCHELL, ) | |
| individually and in her official capacity, and ) | |
| MARION PROFFITT, individually ) | |
| and in her official capacity, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Defendants having moved to prohibit Plaintiff from introducing testimony from co-workers regarding a hostile work environment or opinions regarding Defendants' alleged retaliatory intent,

IT IS NOW HEREBY ORDERED this _____ day of _____, 2006, that Defendants' motion is hereby granted. Specifically, Plaintiff and her attorney are precluded from introducing any exhibit or eliciting testimony from Sharon E. Hill, Judith L. Green, Phyllis Waecker, or Marilyn Sweeney regarding their alleged mistreatment, or hostile work environment, or their opinion as to Defendants' alleged retaliatory motive.

_____
Chief Judge Sue L. Robinson

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OLGA ALEXANDRA YATZUS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 05-103-SLR |
| | ) |
| APPOQUINIMINK SCHOOL DISTRICT, | ) JURY TRIAL DEMANDED |
| and TONY MARCHIO, individually | ) |
| and in his official capacity, MARY ANN | ) |
| MIECZKOWSKI, individually and in her | ) |
| official capacity, DONNA MITCHELL, | ) |
| individually and in her official capacity, and | ) |
| MARION PROFFITT, individually | ) |
| and in her official capacity, | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2006, I electronically filed a true and correct copy of the foregoing **Defendants' Motion in Limine to Exclude Testimony From Co-workers Regarding a Hostile Work Environment or Opinions Regarding Defendants' Alleged Retaliatory Intent** with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

        Philip B. Bartoshesky
        Biggs and Battaglia
        921 North Orange Street
        Wilmington, DE 19801

        YOUNG CONAWAY STARGATT & TAYLOR, LLP

        /s/ Adria B. Martinelli
        William W. Bowser, Esquire (Bar I.D. 2239)
        Adria B. Martinelli, Esquire (Bar I.D. 4056)
        The Brandywine Building, 17th Floor
        1000 West Street, P.O. Box 391
        Wilmington, Delaware 19899-0391
        Telephone: (302) 571-6601, 6613
        Facsimile: (302) 576-3282, 3314
        Email: wbowser@ycst.com; amartinelli@ycst.com
        Attorneys for Defendants