IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

OLGA ALEXANDRA YATZUS,           )
                                 )
                  Plaintiff,     )
                                 )
        v.                       )    C.A. No. 05-103-SLR
                                 )
APPOQUINIMINK SCHOOL DISTRICT,   )    JURY TRIAL DEMANDED
and TONY MARCHIO, individually   )
and in his official capacity, MARY ANN   )
MIECZKOWSKI, individually and in her   )
official capacity, DONNA MITCHELL,   )
individually and in her official capacity, and )
MARION PROFFITT, individually    )
and in her official capacity,    )
                                 )
                                 )
                  Defendants.    )

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE TESTIMONY
OR EVIDENCE CONCERNING ALLEGED MISTREATMENT OF
OR DISCRIMINATION AGAINST SPECIAL NEEDS STUDENTS**

Defendants, by and through their undersigned counsel, move to exclude

testimony or evidence concerning their alleged mistreatment of or discrimination against

special needs students.

1.    Plaintiff has identified Angela Vicario ("Vicario"), Marie

Wagenaar ("Wagenaar"), and Terry Vadala ("Vadala") (collectively "Parents") as

witnesses intended to be called to testify.  Plaintiff has also identified as exhibits records

from the Office of Civil Rights regarding due process claims made by these Parents and

others.

2.    These Parents each filed a claim with the Office of Civil Rights

alleging discrimination against their respective children.  Vicario and Vadala filed

complaints alleging that their children were discriminated against based on the basis their

disability (special education); Wagenaar filed a complaint alleging that her daughter was discriminated against on the basis of race.[1]

3.      It is expected that these Parents will testify regarding the alleged mistreatment of their children and/or speculate as to reason for the adverse employment actions taken against Plaintiff.

4.      This evidence should be barred under Federal Rules of Evidence 402 and 403 because: (1) it is irrelevant (FRE 402); (2) its probative value is substantially outweighed by the danger of unfair prejudice (FRE 403); (3) it will confuse the issues or mislead the jury (FRE 403); and (4) it will result in an undue consumption of time (FRE 403).

5.      The merits of allegations that Defendants mistreated or discriminated against special education students are not relevant to Plaintiff's claims.  The relevant evidence pertains to how Plaintiff was treated after engaging in protected activity, and the reason for such treatement.

6.      Any purported probative value of evidence concerning the treatment of special education students is far outweighed by the danger of unfair prejudice.  Testimony or evidence as to "bad acts" directed toward these witnesses is irrelevant and highly prejudicial.  *See Bhaya v. Westinghouse Elec. Corp.*, 922 F.2d 184, 188 (3d Cir. 1990) (evidence that a party committed wrongs other than those at issue creates danger of "unfair prejudice" because such evidence may influence a jury to return a verdict based on a desire to punish other wrongs).

---

[1]Any evidence related to Wagenaar's civil rights claim has even less probative value, as Wagenaar was not a special needs student.  Plaintiff's allegations of First Amendment retaliation relate only to her alleged communications regarding the treatment of special needs students.

7.     Any evidence regarding the specifics of the complaints filed with the Office of Civil Rights or their resolution is similarly irrelevant to the Plaintiff's case and highly prejudicial.

8.     Moreover, the introduction of such evidence would result in jury confusion and a "trial within a trial" regarding the merits of the civil rights claims.

9.     Further, any speculation by these witnesses as to the reason for adverse employment actions against Plaintiff should be excluded.  *See, e.g., Wells v. Unisource Worldwide, Inc.*, 289 F.3d 1001, 1007 (7th Cir. 2002) ("conclusory assertions about a decision maker's racial prejudice are insufficient to establish pretext); *Woythal v. Tex-Tenn Corp.*, 112 F.3d 243, 247 (6th Cir. 1997) ("mere personal belief, conjecture and speculation are insufficient to support an inference of . . . discrimination"); *Visser v. Packer Eng'g Assoc., Inc.*, 924 F.2d 655, 659 (7th Cir. 1991) (holding that speculation by disgruntled employees as to employer's discriminatory motive did not constitute admissible evidence).

WHEREFORE, Defendants request that Plaintiff be prohibited from introducing at trial any evidence concerning Defendants' alleged mistreatment of or discrimination against special needs students.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Adria B. Martinelli
William W. Bowser, Esquire (Bar I.D. 2239)
Adria B. Martinelli, Esquire (Bar I.D. 4056)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6601, 6613
Facsimile: (302) 576-3282, 3314
Email: wbowser@ycst.com; amartinelli@ycst.com

DATED:     October 10, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OLGA ALEXANDRA YATZUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 05-103-SLR |
| | ) | |
| APPOQUINIMINK SCHOOL DISTRICT, | ) | JURY TRIAL DEMANDED |
| and TONY MARCHIO, individually | ) | |
| and in his official capacity, MARY ANN | ) | |
| MIECZKOWSKI, individually and in her | ) | |
| official capacity, DONNA MITCHELL, | ) | |
| individually and in her official capacity, and | ) | |
| MARION PROFFITT, individually | ) | |
| and in her official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Defendants having moved to exclude testimony or evidence concerning alleged mistreatment or discrimination against special needs students and opinion evidence,

IT IS NOW HEREBY ORDERED this _____ day of _____, 2006, that Defendants' motion is hereby granted. Specifically, Plaintiff and her attorney are precluded from introducing any exhibit, eliciting testimony or any witness, or arguments at trial referring to or resulting from: (1) allegations that the Appoquinimink School District violated the civil rights of or otherwise mistreated special needs students; and (2) speculation or opinion as to the reason for adverse employment actions taken against Plaintiff.

_____
Chief Judge Sue L. Robinson

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

OLGA ALEXANDRA YATZUS, )
)
Plaintiff, )
v. ) C.A. No. 05-103-SLR
)
APPOQUINIMINK SCHOOL DISTRICT, ) JURY TRIAL DEMANDED
and TONY MARCHIO, individually )
and in his official capacity, MARY ANN )
MIECZKOWSKI, individually and in her )
official capacity, DONNA MITCHELL, )
individually and in her official capacity, and )
MARION PROFFITT, individually )
and in her official capacity, )
)
Defendants. )

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2006, I electronically filed a true and correct

copy of the foregoing **Defendants' Motion in Limine to Exclude Testimony or Evidence**

**Concerning Alleged Mistreatment or Discrimination Against Special Needs Students** with

the Clerk of the Court using CM/ECF, which will send notification that such filing is available

for viewing and downloading to the following counsel of record:

Philip B. Bartoshesky
Biggs and Battaglia
921 North Orange Street
Wilmington, DE 19801

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Adria B. Martinelli
William W. Bowser, Esquire (Bar I.D. 2239)
Adria B. Martinelli, Esquire (Bar I.D. 4056)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6601, 6613
Facsimile: (302) 576-3282, 3314
Email: wbowser@ycst.com; amartinelli@ycst.com
Attorneys for Defendants