IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OLGA ALEXANDRA YATZUS, § § | |
| Plaintiff, § § | Case No.: 05-103 SLR |
| v. § § | |
| APPOQUINIMINK SCHOOL DISTRICT § and TONY MARCHIO, individually § and in his official capacity, MARY ANN § MIECZKOWSKI, individually and in her § official capacity, DONNA MITCHELL, § individually and in her official capacity, § and MARION PROFFITT, individually § and in her official capacity, § § | TRIAL BY JURY DEMANDED |
| Defendants. § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE TESTIMONY FROM CO-WORKERS REGARDING A HOSTILE WORK ENVIRONMENT OR OPINIONS REGARDING DEFENDANTS' ALLEGED RETALIATORY INTENT**

Defendants seek to exclude the testimony of the Plaintiff's former co-workers to the extent they plan to offer evidence that they too were subjected to harassments and/or would speculate that the reason for mistreatment of Plaintiff was due to her engaging in protected activity.

Plaintiff intends to elicit testimony from these co-workers which will describe the hostility directed towards the Plaintiff by Defendants and the hostility directed toward any co-worker who became associated or identified as supporting or being aligned with Plaintiff.

Plaintiff does not offer testimony of acts of Defendants directed against others in order to show Defendants acted in conformity therewith. Rather, the evidence is offered to show

Defendants' intent, motive and/or plan in directing its hostility towards Plaintiff.  Federal Rule of Evidence 404.

One of the witnesses, Sharon E. Hill, was in effect told by District Administrators to spy on Plaintiff and report back on her activities.  When Hill eventually refused to cooperate in this plan, she became a target. Plaintiff is not intending Hill's testimony as proof that because Defendants treated Hill badly, they also likely treated Plaintiff badly.  Rather, her testimony will show that Hill was treated badly because she supported or was aligned with Plaintiff.  Her testimony as to the hostility she experienced shows Defendants intentionally directed hostility towards anyone who supported Plaintiff, and Defendants planned false reasons to fault Plaintiff's performance.  In other words, this testimony tends to show Defendants' purported justifications were pretext.

                                        **BIGGS & BATTAGLIA**
                                        /s Philip B. Bartoshesky
                                        Philip B. Bartoshesky (#2056)
                                        912 N. Orange Street
                                        P.O. Box 1489
                                        Wilmington, DE 19899
                                        (302) 655-9677
                                        Attorney for Plaintiff

Dated:  October 17, 2006

# CERTIFICATE OF SERVICE

I, Philip B. Bartoshesky, Esquire, do hereby certify that on the 17th day of October, 2006 one true and correct copy of Plaintiff's Response to Defendants' Motion *In Limine* to Exclude Testimony from Co-Workers Regarding a Hostile Work Environment was forwarded via electronic filing to the following:

William W. Bowser, Esq.
Adria B. Martinelli, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Bldg., 17th Floor
1000 West St.
Wilmington, DE 19801

                                      **BIGGS & BATTAGLIA**
                                      /s Philip B. Bartoshesky
                                      Philip B. Bartoshesky (#2056)
                                      921 N. Orange Street
                                      P.O. Box 1489
                                      Wilmington, DE 19899
                                      (302) 655-9677
                                      Attorney for Plaintiff