IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OLGA ALEXANDRA YATZUS, § § Plaintiff, § § v. § § APPOQUINIMINK SCHOOL DISTRICT § and TONY MARCHIO, individually § and in his official capacity, MARY ANN § MIECZKOWSKI, individually and in her § official capacity, DONNA MITCHELL, § individually and in her official capacity, § and MARION PROFFITT, individually § and in her official capacity, § § Defendants. § | Case No.: 05-103 SLR  **TRIAL BY JURY DEMANDED** |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OR EVIDENCE CONCERNING SEXUAL HARASSMENT ALLEGATIONS MADE BY OTHER EMPLOYEES**

Plaintiff's claim is that she suffered retaliatory discharge from her employment because she complained of sexual harassment by a supervisor.

During the investigation of her complaint of harassment it was determined other female employees had been subjected to harassment from the same supervisor, some of whom had also complained to the district administration. The District did not take any steps to reprimand the supervisor until Plaintiff made her complaint. The reaction of the Defendants to Plaintiff's complaint is a key element of Plaintiff's case. The fact that the District protected the supervisor from prior claims of harassment but was forced to investigate and take action when Plaintiff made a complaint shows the District would rather have allowed harassments than take remedial action, and that it harbored ill will towards Plaintiff for forcing the District to take action. When not

forced to deal with Complaints, those who complained were safe. However, when Plaintiff forced the District to take action, she suffered retaliation. Evidence of how others were treated by an employer is relevant to an employer's motive or intent. *Whitaker v. Fayette County,* 65 Fed.Appx. 38 (3d.Cir. 2003)

The Defendants' motion is based in part on a misstatement of the law. Defendant cites *Hicks v. ABT Associates,* 572 F.2d. 960 (3rd.Cir. 1978) for the proposition that the merits of an underlying harassment allegation are immaterial in a retaliation claim. *Hicks* made no such ruling. *Hicks* determined, <u>inter alia</u> that a plaintiff's complaints of racial discrimination to agencies other than the EEOC could form the basis for a retaliation claim. One basis for that ruling was the settled law that even if a charge of discrimination is found to be without merit, an employee is protected from retaliation. This does not mean evidence of the underlying harassment is immaterial to the retaliation claim.

In fact, evidence regarding the underlying harassment is relevant and admissible. *Bianchi v. City of Philadelphia,* 80 Fed.Appx. 232 (3rd.Cir. 2003). In *Bianchi* the Court ruled that evidence of the underlying harassment helps show an adverse employment action was motivated by protected activity rather than some other factor. Such evidence also helps establish whether the reason given by the employer for the adverse employment action was pretextual. Such evidence shows the reasonableness of the Plaintiff's complaints. See e.g. *Fine v. Ryan International Airline,* 305 F.3d. 746 (7th.cir. 2002)

In the present case the pattern of tolerated harassment shows that Plaintiff acted reasonably, and that the way the District reacted to Plaintiff who forced them to deal with harassment was different than when it was not forced to take action.

                                                 **BIGGS & BATTAGLIA**
                                                 <u>/s Philip B. Bartoshesky</u>
                                                 Philip B. Bartoshesky (#2056)
                                                 912 N. Orange Street
                                                 P.O. Box 1489
                                                 Wilmington, DE 19899
                                                 (302) 655-9677
                                                 Attorney for Plaintiff

Dated:  October 17, 2006

# CERTIFICATE OF SERVICE

I, Philip B. Bartoshesky, Esquire, do hereby certify that on the 17th day of October, 2006 one true and correct copy of Plaintiff's Response to Defendants' Motion *In Limine* to Exclude Testimony or Evidence Concerning Sexual Harassment Allegations Made by Other Employees was forwarded via electronic filing to the following:

William W. Bowser, Esq.
Adria B. Martinelli, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Bldg., 17th Floor
1000 West St.
Wilmington, DE 19801

                                              **BIGGS & BATTAGLIA**
                                              /s Philip B. Bartoshesky
                                              Philip B. Bartoshesky (#2056)
                                              921 N. Orange Street
                                              P.O. Box 1489
                                              Wilmington, DE 19899
                                              (302) 655-9677
                                              Attorney for Plaintiff