IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OLGA ALEXANDRA YATZUS, | § § | |
| Plaintiff, | § § | Case No.: 05-103 SLR |
| v. | § § § | |
| APPOQUINIMINK SCHOOL DISTRICT and TONY MARCHIO, individually and in his official capacity, MARY ANN MIECZKOWSKI, individually and in her official capacity, DONNA MITCHELL, individually and in her official capacity, and MARION PROFFITT, individually and in her official capacity, | § § § § § § § § § § | **TRIAL BY JURY DEMANDED** |
| Defendants. | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OR EVIDENCE CONCERNING ALLEGED MISTREATMENT OF OR DISCRIMINATION AGAINST SPECIAL NEEDS STUDENTS**

Plaintiff's claims are that she suffered retaliatory discharge from her employment because she complained of sexual harassments by a supervisor and also because she criticized the District's Administration and Defendants, accusing them of illegal conduct with respect to students with special needs and she counseled parents with respect to filing complaints with the Office of Civil Rights (OCR).

Plaintiff intends to call as witnesses the parents of three students to provide evidence in three areas: 1. They were eyewitnesses to the way Defendants treated Plaintiff at various meetings. This is evidence of the hostile environment directed towards Plaintiff which supports both Plaintiff's Title 7 and First Amendment retaliation claims; 2. Plaintiff's advice to parents and a parent's group with respect to their rights to file claims with the OCR and the Defendants

-1-

knowledge thereof. This supports Plaintiff's First Amendment retaliation claims; and 3. The parents' knowledge of the mistreatment of their children by the Defendants, their complaints to the OCR, and the resolution of those complaints. This evidence is offered to show the Defendants' motive or intent with respect to the adverse employment actions and hostility demonstrated towards Plaintiff.

Defendants' Motion *In Limine* appears only to contest the right of Plaintiff to offer evidence with respect to number three above (the alleged mistreatment against students).

The admissibility of evidence of other bad acts of a party must first be evaluated under Federal Rule of Evidence 404. Plaintiff is not using this evidence to show that the Defendants acted in conformity with their actions against students but to show the motive and intent of the Defendants. This evidence shows that the Defendants did not want any complaints of their illegal conduct or mistreatment of students exposed.

Evidence of what the District did to students, parents' complaints to the OCR and the actions of the OCR tends to show the District had a reason to be hostile to the Plaintiff who supported the parents' claims against the District.

The Defendants intend to introduce evidence that they were not concerned with the Plaintiff's support of the special needs students at meetings, were not concerned with Plaintiff's advice to the parents with respect to their rights to file OCR complaints and, indeed, were not even concerned with the OCR complaints which were filed. Defendants will contend that the OCR complaints were resolved almost completely in their favor.

In fact, most of the complaints from these students' parents which Plaintiff counseled and supported were resolved by the District agreeing to take action addressing the parents' complaints and concerns.

The evidence which Plaintiff intends to offer shows the parents' complaints were justified and that the Defendants were at risk of criticism and even possibly sanctions from the OCR due to those complaints. Therefore, the Defendants had a motive to be hostile to Plaintiff for her support of those parents and parents group against the District.

The probative value of this evidence clearly outweighs any danger of unfair prejudice. There is no real possibility a jury could confuse the actions of the District with respect to troubled students with the actions of the District with respect to its employees. The heart of Plaintiff's First Amendment claim is that she stood up for students who were being treated unfairly, and supported parents who were attempting to obtain fair treatment for their children. The reasonableness of the parents' complaints and the resulting degree to which the District would be at risk due to those complaints clearly is probative of the Defendants true motive in taking action against the Plaintiff.

          **BIGGS & BATTAGLIA**
          /s Philip B. Bartoshesky
          Philip B. Bartoshesky (#2056)
          912 N. Orange Street
          P.O. Box 1489
          Wilmington, DE 19899
          (302) 655-9677
          Attorney for Plaintiff

Dated: October 17, 2006

# CERTIFICATE OF SERVICE

I, Philip B. Bartoshesky, Esquire, do hereby certify that on the 17th day of October, 2006 one true and correct copy of Plaintiff's Response to Defendants' Motion *In Limine* to Exclude Testimony or Evidence Concerning Alleged Mistreatment of or Discrimination Against Students was forwarded via electronic filing to the following:

William W. Bowser, Esq.
Adria B. Martinelli, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Bldg., 17th Floor
1000 West St.
Wilmington, DE 19801

                                                  **BIGGS & BATTAGLIA**
/s Philip B. Bartoshesky
Philip B. Bartoshesky (#2056)
921 N. Orange Street
P.O. Box 1489
Wilmington, DE 19899
(302) 655-9677
Attorney for Plaintiff