IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OLGA ALEXANDRA YATZUS,                )<br>                                                              )<br>            Plaintiff,                          )<br>      v.                                              )<br>                                                              )<br>APPOQUINIMINK SCHOOL DISTRICT, )<br>and TONY MARCHIO, individually      )<br>and in his official capacity, MARY ANN )<br>MIECZKOWSKI, individually and in her )<br>official capacity, DONNA MITCHELL,  )<br>individually and in her official capacity, and )<br>MARION PROFFITT, individually         )<br>and in her official capacity,                 )<br>                                                              )<br>            Defendants.                      ) | C.A. No. 05-103-SLR<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION IN LIMINE
TO EXCLUDE EVIDENCE OF THE INVESTIGATION AND
<u>DETERMINATION OF ADMINISTRATIVE AGENCIES</u>**

Defendants hereby respond to Plaintiff's Motion In Limine to Exclude Evidence of the Investigation and Determination of Administrative Agencies as follows:

The Delaware Department of Labor's ("DDOL") investigation and "Final Determination and Right to Sue Notice" and the U.S. Equal Employment Opportunity Commission's ("EEOC") investigation and "Dismissal and Notice of Rights" is highly probative evidence that should be admitted in these proceedings. Government reports are presumptively probative when not challenged as untrustworthy under Fed. R. Evid. 803(8)(C).[1] *Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1333 (3d Cir. 2002) (stating that an EEOC Letter of Determination is presumptively probative when not challenged as untrustworthy under Fed. R. Evid. 803(8)(C)); *Ridley v. Costco Wholesale Corp.*, No. 2:04-cv-3860, 2005 U.S. Dist. LEXIS 23276, *1, *22 (Oct. 12, 2005) ("The Third

---

[1] Plaintiff has not alleged, nor could she, that the agencies' investigations and findings are untrustworthy. Rather, she only seeks to exclude the agencies' investigations and findings pursuant to Fed. R. Evid. 403.

Circuit in *Coleman* made clear, through, that trustworthy government reports are probative evidence and, accordingly, difficult to exclude.").

The Court has discretion to exclude evidence about the agencies' investigation only if the probative value is outweighed by prejudice. *Coleman*, 306 F.3d at 1345; Fed. R. Evid. 403. *See also Cambra v. The Restaurant School*, No. 04-2688, 2005 U.S. Dist. LEXIS 26231, *1, *11 n.2 (E.D. Pa. Nov. 2, 2005) (stating that the analysis for admitting reports by state agencies that investigate discrimination claims is the same as the analysis for admitting EEOC reports) (citations omitted). Courts have routinely held that the probative value of agency reports is greater than any prejudicial effect. *See, e.g., Coleman*, 306 F.2d at 1347 (holding that "the probative value of the EEOC determination was substantially outweighed by the problems created by its introduction); *Smith v. Universal Services, Inc.*, 454 F.2d 154 (5th Cir. 1972) (suggesting that the probative value of an EEOC report almost always outweigh any prejudicial impact); *Vanegas v. Somerset Hills School*, 2006 U.S. Dist. LEXIS 16442, *1, *14 n.8 (D.N.J. Mar. 22, 2006) ("EEOC determinations are generally admissible at subsequent trials absent a showing that a specific finding is particularly untrustworthy.") (citations omitted); *Abrams v. Lightolier, Inc.*, 702 F. Supp. 509, 512 (D.N.J. Dec. 30, 1998) ("The Court believes that the probative nature of an EEOC determination generally outweighs its prejudicial effect.").

The DDOL's investigation and findings in this case are relevant and very probative. They address Plaintiff's claims of retaliation and the lack of causal connection between Plaintiff's claims of sexual harassment and the District's decision not to renew her employment contract–the very same claims she will present at trial. There is no risk that the jury would be confused, nor will the introduction of this evidence unduly delay these proceedings, because the facts reviewed by the DDOL are the same facts Plaintiff will introduce at trial in support of her Title VII retaliation claim. *See, e.g., Waters v. Genesis Health Ventures, Inc.*, No. 03-cv-2909, 2005 U.S. Dist. LEXIS 311, *1, *7 (E.D. Pa. Jan. 11, 2005) (excluding evidence from EEOC's investigation because trial was based on race discrimination and retaliation, while agency investigation was based on age and disability discrimination).

Plaintiff has not presented a compelling reason that this probative evidence should be excluded. Mere prejudice or the fact that the introduction of certain evidence will harm her case is insufficient grounds to exclude the agencies' investigations and findings. *See, e.g., Coleman*, 306 F.2d at 1344.

Therefore, because the probative value of the agencies' investigations and final determinations is greater than their prejudicial value, the DDOL and EEOC evidence should be admitted in these proceedings.

WHEREFORE, Defendants respectfully request that the Court deny the Plaintiff's Motion in Limine to Exclude Evidence of the Investigation and Determination of Administrative Agencies.

>Respectfully submitted,
>
>YOUNG CONWAY STARGATT & TAYLOR LLP
>/s/ Adria B. Martinelli
>William W. Bowser, Esquire (Bar I.D. 2239)
>Adria B. Martinelli, Esquire (Bar I.D. 4056)
>Maribeth L. Minella, Esquire (Bar. I.D. 4185)
>The Brandywine Building, 17th Floor
>1000 West Street, P.O. Box 391
>Wilmington, Delaware 19899-0391
>Telephone: (302) 571-6601; 6623; 6708
>Facsimile: (302) 576-3282; 3314; 3317
>Email: wbowser@ycst.com; amartinelli@ycst.com; mminella@ycst.com
>Attorneys for Defendants

DATED:   October 17, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OLGA ALEXANDRA YATZUS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | C.A. No. 05-103-SLR |
| ) | |
| APPOQUINIMINK SCHOOL DISTRICT, ) | JURY TRIAL DEMANDED |
| and TONY MARCHIO, individually ) | |
| and in his official capacity, MARY ANN ) | |
| MIECZKOWSKI, individually and in her ) | |
| official capacity, DONNA MITCHELL, ) | |
| individually and in her official capacity, and ) | |
| MARION PROFFITT, individually ) | |
| and in her official capacity, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Upon consideration of Plaintiff's Motion In Limine to Exclude Evidence of the Investigation and Determination of Administrative Agencies, and Defendants' response thereto,

IT IS NOW HEREBY ORDERED this _____ day of _____, 2006, that the Motion is hereby DENIED.

_____
Chief Judge Sue L. Robinson

**CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2006, I electronically filed a true and correct copy of the foregoing **Defendants' Response to Plaintiff's Motion in Limine to Exclude Evidence of the Investigation and Determination of Administrative Agencies** with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Philip B. Bartoshesky, Esquire
>Biggs and Battaglia
>921 North Orange Street
>Wilmington, DE 19801
>
>
>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>/s/Adria B. Martinelli
>―――――――――――――――――――
>William W. Bowser, Esquire (Bar I.D. 2239)
>Adria B. Martinelli, Esquire (Bar I.D. 4056)
>Maribeth L. Minella (Bar I.D. 4185)
>The Brandywine Building
>1000 West Street, 17th Floor
>P.O. Box 391
>Wilmington, Delaware 19899-0391
>Telephone: (302) 571-6601; 6613; 6708
>Facsimile: (302) 576-3282; 3314; 3317
>Email:  wbowser@ycst.com; amartinelli@ycst.com; mminella@ycst.com
>Attorneys for Defendants

Dated:  October 17, 2006