IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OLGA ALEXANDRA YATZUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 05-103-SLR |
| | ) | |
| APPOQUINIMINK SCHOOL DISTRICT, | ) | JURY TRIAL DEMANDED |
| and TONY MARCHIO, individually | ) | |
| and in his official capacity, MARY ANN | ) | |
| MIECZKOWSKI, individually and in her | ) | |
| official capacity, DONNA MITCHELL, | ) | |
| individually and in her official capacity, and | ) | |
| MARION PROFFITT, individually | ) | |
| and in her official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT PRETRIAL STIPULATION AND ORDER**

The plaintiff, Olga Alexandra Yatzus, by her attorney, Philip B. Bartoshesky, Esquire, and the defendants, Appoquinimink School District, Tony Marchio, Mary Ann Mieczkowski, Donna Mitchell, and Marion Proffitt, by their attorneys, Adria B. Martinelli, Esquire, and Maribeth L. Minella, Esquire, submit the following Proposed Pre-Trial Order:

**(1)  A statement of a nature of the action, the pleadings in which the issues are raised and whether counterclaims, cross-claims, etc., are involved.**

<u>**Plaintiff's Statement**</u>**:**

Plaintiff Olga Yatzus has claimed that her employment as a school psychologist in the Appoquinimink School District was terminated in retaliation for her making assertions of sexual harassment and also in retaliation for her exercise of her right to free speech.

**Defendants' Statement:**

Defendants deny that Plaintiff was terminated in retaliation for making assertions of sexual harassment or for exercising her right to free speech. Instead, Plaintiff was terminated for legitimate, non-discriminatory performance problems which were well-documented in written reprimands placed in her personnel file.

**(2)  The constitutional or statutory basis of Federal jurisdiction, together with a brief statement of the facts supporting such jurisdiction.**

**Plaintiff's Statement:**

The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 1334 (Federal Question), Title 7 of the Civil Rights Act of 1964 and 1991 (42 U.S.C. §2000e et. seq., 1981a, as well as the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983. The Court has supplemental jurisdiction over Plaintiff's State law claims pursuant to 28 U.S.C. §1967.

**Defendants' Statement:**

Defendants agree that this Court has jurisdiction over this action.

**(3)  The following facts are not disputed or have been agreed to or stipulated to by the parties:**

1. Plaintiff was born in 1955.

2. Plaintiff has a Master's degree in psychotherapy and counseling with a specialty in adolescents and is a certified school psychologist.

3. Plaintiff has been an adjunct professor at Wilmington College and University of Delaware.

4. Plaintiff was hired as a school psychologist in the Appoquinimink School District ("District") in August 2001.

5.      When Plaintiff was hired by the District in August of 2001, she worked under the supervision of the Special Education Division of the District, which at that time was headed by Dr. Vaughn Lauer ("Lauer").

6.      The District retained an attorney from Young Conaway Stargatt & Taylor, LLP, Teresa Cheek ("Cheek"), to investigate Plaintiff's claims against Lauer.

7.      In a report issued at the end of February 2002, Cheek concluded that Lauer made inappropriate sexual advances that ceased in October 2001.

8.      As a result of Cheek's findings, it was decided that Lauer would no longer supervise school psychologists including Plaintiff, and would work only one day a week in the District Office through the completion of his contract in June 2003.

9.      Plaintiff thanked Marchio for how the investigation was handled.

10.      Cheek forwarded the email she received from Plaintiff regarding Marchio's alleged unfair treatment of her to the District's Administration.

11.      At the beginning of the 2002-2003 school year Mary Ann Mieczkowski ("Mieczkowski ") assumed the position as Director of the Special Education Division of the District.

12.      At all times pertinent to this action, Donna Mitchell ("Mitchell") was the acting or actual Principal of Middletown High School.

13.      Zenon Marusa ("Marusa"), was the District's Director of Human Resources at all times pertinent to this action.

14.      Marusa passed away in January 2005, following a long battle with cancer.

15. Mitchell requested that Plaintiff report her absences through the "Sub Caller" message system used by teachers.

16. Between September, 2002 and April, 2003, Plaintiff received numerous written reprimands which were placed in her personnel file reporting performance problems including lack of punctuality and untimely completion of reports.

17. On May 5, 2003, Plaintiff received a letter from Marusa informing her that there would be a recommendation to the District's School Board that her contract not be renewed based on the "number and nature" of write-ups in her personnel file.

18. The School Board approved the non-renewal of Plaintiff's contract on or about May 13, 2003.

19. Marchio, pursuant to Plaintiff's request, reviewed the non-renewal of Plaintiff's contract and affirmed the decision of non-renewal on or about June 12, 2003.

20. At the time of Plaintiff's termination, she had been employed in the Delaware School System for 24 years.

**(4) A statement of the issues of fact which any party contends remain to be litigated.**

**Plaintiff's Statement:**

Plaintiff:

1. Whether the reprimands placed in Plaintiff's file by Defendants Marchio, Mieczkowski, Mitchell, and Proffitt, and other administrators in the District were for the purpose of providing a false justification for the non-renewal of her contract.

2. Whether the true reason her contract was not renewed was in retaliation for her complaints of sexual harassment and her exercise of her right to free

speech in complaining about her treatment by School District Administrators and her standing up for the rights of students, and advising a group of parents of their rights.

   3. The economic loss and other damages caused by the District and the individual Defendants' actions.

   4. At the time of the termination of her employment with the District Plaintiff was one school year short of twenty-five years of employment in the Delaware School System for full pension rights.

   5. In late August, 2002 Plaintiff sent an email to Teresa Cheek complaining that the District's superintendent, Defendant Tony Marchio, had engaged in retaliation against her.

   6. Marilyn Sweeney was assigned as an Educational Diagnostician at the Middletown High School for the 2002-2003 school year.

   7. About halfway through the first semester of the 2002-2003 school year, a secretary, Phyllis Waecker, was assigned to help the Special Education Processes.

   8. After the end of the first semester of the 2002-2003 school year, Marilyn Sweeney was replaced by Sharon Hill as the Educational Diagnostician.

**Defendants' Statement:**

 Liability

   1. Was there a causal connection between Plaintiff's protected activity under Title VII and her reprimands or termination?

   2. Was there a causal connection between Plaintiff's protected activity under the First Amendment and her reprimands or termination?

      3.      Did Defendants terminate Plaintiff based on legitimate, non-discriminatory reasons?

      4.      Would Plaintiff have been terminated based on her performance even if she had not made any speech protected by the First Amendment?

<u>Damages</u>

      1.      Has Plaintiff shown that she used reasonable diligence to obtain comparable employment?

      2.      Has Plaintiff shown that any emotional injuries she is claiming were caused by Defendants' conduct?

**(5)    A statement of the issues of law which any party contends remain to be litigated.**

**<u>Plaintiff's Statement</u>:**

The issues of law to be litigated were set forth in the Defendants' Motion for Summary Judgment presently pending before the Court, together with the pending Motions in Limine filed by the parties with respect to evidentiary issues as well as the party's objections to exhibits listed.

**<u>Defendants' Statement</u>:**

      1.      Defendants reserve all issues on which the Court denies their Motions for Summary Judgment.

      2.      Defendants have filed motions in limine and incorporate those issues and authorities by reference.

      3.      Is it speculative and inadmissible to project Plaintiff's damages beyond the time of trial?

       4.       Has Plaintiff shown that she used reasonable diligence to obtain comparable employment?

       5.       Has Plaintiff shown that any emotional injuries she is claiming were caused by Defendants' conduct?

       6.       With regard to punitive damages, did Defendants' managerial employees act with malice or reckless indifference to Plaintiff's rights?

       7.       Did Defendant make a good-faith effort to implement an anti-discrimination policy?

       8.       Was Plaintiff's speech a matter of public concern?

       9.       Could Plaintiff's speech have caused disharmony in the working relationship between employees at the District?

**(6)** **A list of pre-marked exhibits, including designations of interrogatories and answers thereto, requests for admissions and responses, which each party intends to offer at the trial with a specification of those which will be admitted in evidence without objection, those that will be objected to and the Federal Rules of Evidence in support of said objection and the Federal Rule of Evidence relied upon by the proponent of the exhibit.**

<u>Plaintiff</u>:

Plaintiffs reserve the right to use in their case-in-chief any exhibit listed by Defendants. Plaintiffs exhibit list is attached.

## **Defendants' Exhibits**

Defendants reserve the right to use in their case-in-chief any exhibit listed by Plaintiff. Defendants' exhibit list is attached.

**(7)   The names of all witnesses a party intends to call to testify either in person or by deposition at the trial and the specialties of experts to be called as witnesses.**

Plaintiff:

Plaintiff reserves the right to call witnesses in rebuttal who are not listed, if necessary, and to call in their case-in-chief witnesses listed by Defendants.

| Witness | Objection | Response |
|---|---|---|
| Olga Yatzus | | |
| Tony Marchio | | |
| Mary Ann Mieczkowski | | |
| Donna Mitchell | | |
| Marion Proffitt | | |
| Sharon E. Hill | | |
| Judith L. Green | | |
| Vicky Boyd | | |
| Angela Vicario | Failure to provide information required by FRCP 26 | Witness was identified in discovery |
| Marie Wagenaar | Failure to provide information required by FRCP 26 | Witness was identified in discovery |
| Teresa Cheek | | |
| Phyllis Waecker | | |
| Terry Vadala | Failure to provide information required by FRCP 26 | Witness was identified in discovery |
| Joseph Bryer, M.D. – Plaintiff's treating psychiatrist | | |
| Robert F. Minnihan, Ph.D. – Expert economist | | |
| Priscilla Putnam – Treating psychologist | | |

**<u>Defendants' Witnesses</u>:**

Defendants reserve the right to call witnesses in rebuttal who are not listed, if necessary, and to call in their case-in-chief witnesses listed by Plaintiffs

| Witness | Objection | Response |
|---|---|---|
| Tony Marchio | | |
| Mary Ann Mieczkowski | | |
| Donna Mitchell | | |
| Marion Proffitt | | |
| Chet Hadley | | |
| Judy Green | | |
| Anne Nutter | | |
| Julie Bowers | | |
| Priscilla Putnam | | |
| Steven Godowsky | Relevance | Relevant to Plaintiff's allegation that she was terminated based on false or petty reasons and to show *modus operandi* in responding to complaints about her performance; subject of pending motion *in limine* |
| Neil Blumberg, M.D. (expert witness) (psychiatrist) | Failure to provide information required by F.R.C.P. 26 | All required information was contained in expert report, filed pursuant to the Court's Scheduling Order. |
| Brian Sullivan, Ph.D. (expert witness) (economist) | Failure to provide information required by F.R.C.P. 26 | All required information was contained in expert report, filed pursuant to the Court's Scheduling Order. |

**(8)    A brief statement of what Plaintiff intends to prove in support of Plaintiff's claims including the details of the damages claimed, or of other relief sought, as of the date of preparation of the draft order.**

Plaintiff intends to prove that shortly after she made a complaint of sexual harassment against her supervisor, the School Superintendent and other members of the District and its Administration took actions which constitute harassment in that they were likely to deter victims of discrimination from complaining. The Defendants placed contrived reprimands in her personnel file in order to justify terminating her employment under Delaware Law. Plaintiff was reprimanded for incidents which no other employee had ever been reprimanded and was required to comply with requirements for reporting absenteeism and filing reports that no other employee in her circumstance were required to do.

Plaintiff will show a clear pattern of antagonism and hostility directed toward her from shortly after her complaint of harassment until the ultimate termination of her employment. Plaintiff will show that the Defendants purported justification for not renewing her contract was false and contrived. The reprimands issued to her were not for legitimate reasons but were a series of harassments directed at Plaintiff because she had dared to step forward.

Plaintiff also engaged in speech as a citizen addressing matters of public concern in that she complained that Special Education students had been targeted for suspension without due process and that School administrators had engaged in abusive, inappropriate and illegal conduct directed towards her, students and the parents of students. Plaintiff had communications with a parents group which formed to protest the District's illegal and abusive actions and advised them their rights to pursue their claims

with the Office of Civil Rights. Plaintiff will show that her speech was a substantial or motivating factor in the Defendants' adverse employment actions taken against her.

Plaintiff will also show the economic and emotional damages she suffered due to the actions of the Defendants.

**(9)     A brief statement of what the Defendants intend to prove as a defense.**

Defendants expect to prove the following:

Plaintiff began her employment with the District in 2001 as a school psychologist. Plaintiff suffered from ADD since at least 1993. Symptoms of the disorder include difficulty with task completion, time management, and staying focused.

In February 2002, during a meeting regarding concerns about her performance, Plaintiff first alleged that she had been the victim of sexual harassment by Lauer in the fall of 2001. The District immediately hired an outside investigator to thoroughly investigate her claims. Following the investigator's conclusions that Lauer made inappropriate advances toward Plaintiff, his contract was not renewed, and he was removed from overseeing all school psychologists, including Plaintiff. He was physically present in the District only three (3) days following the conclusion of the investigation. Plaintiff was pleased with the investigation and the results, and thanked Marchio for the way it was handled.

From September, 2002 through her termination in May, 2003, Plaintiff received numerous written reprimands for various performance problems, including failure to complete her psychological evaluations in a timely manner, late arrival to meetings, and refusal to follow simple directives from her supervisors on procedures for

things such as calling out sick.  Reprimands were written by Marchio, Mieczowski, Mitchell, and Dooley.

Pursuant to her job responsibilities as a student advocate, Yatzus complained to Mitchell, Mieczkowski, and Marchio beginning at the end of February 2003, regarding Mieczkowski's behavior and the District's treatment of special education students.  Plaintiff did not disclose to any members of the administration that she was involved with the group of parents known as the Parents Advisory Council Team or "PACT."  Defendants never saw or heard any communications from Plaintiff to members of PACT pertaining to their rights to file claims with the Office of Civil Rights ("OCR"), including any communications through her personal AOL account.  Defendants had no knowledge that she was assisting parents in filing with the OCR until after she had been terminated.

Based on her documented performance deficiencies, Mitchell recommended, and Marchio approved the decision, not to renew Plaintiff's contract. Plaintiff received notice on May 5, 2003, that her contract would not be renewed for the following school year, although the decision was made at least several weeks prior to that date.  On May 14, 2003, the District School Board voted to affirm Marchio's decision.

On May 5, 2003, the District received a copy of the first complaint from the OCR filed on behalf of parents who were members of PACT; others followed. Defendants had no knowledge prior to receiving the first complaint, that any parents were planning on filing an OCR complaint, or that Plaintiff had any involvement with these complaints.

On May 14, 2003, Plaintiff filed a Charge of Discrimination with the DDOL alleging discrimination based on race, sex, and disability. On October 21, 2004, the DDOL dismissed the complaint, finding that there was no cause to believe that any unlawful employment practice occurred.

**(10)    Statements by counterclaimants or cross-claimants comparable to that required of Plaintiff.**

This is not applicable because Defendants have not brought any counterclaims.

**(11)    Any amendments to the pleadings desired by any party with a statement whether it is unopposed or objected to, and if objected to, the grounds therefore.**

**Plaintiff's Statement:**

None.

**Defendants' Statement:**

None.

**(12)    The parties certify that two-way communication has occurred between persons having authority in a good faith effort to explore the resolution of the controversy by settlement but those efforts were unsuccessful.**

The parties have participated in a mediation with Magistrate Judge Mary Pat Thynge but have not been able to resolve this case. The parties will continue to explore the possibility of a resolution.

>   **(13)  Any other matters which the parties deem appropriate, including whether or not the trial should be bifurcated.**

Defendants further reserve the right, pursuant to the Guidelines For Civil Trials Before Judge Robinson, to take a trial deposition of any witnesses not previously deposed.

>   **(14)  Limitations, Reservations and Other Matters**

Not applicable.

## TRIAL TIME ESTIMATES

**A.  Length of Trial.**  Plaintiff's trial estimate is that the probable length of trial is 5 days.  The case will be listed on the trial calendar to be tried when reached.  Defendants believe that the trial will last approximately five (5) days.

Mark appropriate box:    Jury        __X__

                         Non-Jury    _____

**B.  Number of Jurors.**  There shall be _____ jurors and _____ alternate jurors.

**C.  Jury Voir Dire.**  The Court will conduct voir dire.  If voir dire questions are to be tendered, they should be submitted with the final pretrial order.

IT IS ORDERED that this Final Pretrial Order may be modified at the trial of the action, or prior thereto, to prevent manifest injustice or for good cause shown.  Such modification may be made either on application of counsel for the parties or on motion of the Court.

DATED: _____

                              _____
                              Chief Judge Sue L. Robinson

APPROVED AS TO FORM AND SUBSTANCE:

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Adria B. Martinelli
William W. Bowser, Esquire (Bar I.D. 2239)
Adria B. Martinelli, Esquire (Bar I.D. 4056)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6601, 6613
Facsimile: (302) 576-3272, 3314
Email: wbowser@ycst.com; amartinelli@ycst.com

BIGGS & BATTAGLIA

/s/ Philip B. Bartoshesky
Philip B. Bartoshesky, Esquire (Bar I.D. 2056)
912 N. Orange Street
P.O. Box 1489
Wilmington, DE 19899
Telephone: (302) 655-9677
Email: pbarto@batlaw.com