IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OLGA ALEXANDRA YATZUS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 05-103-SLR |
| | ) |
| APPOQUINIMINK SCHOOL DISTRICT | ) |
| and TONY MARCHIO, individually and in | ) TRIAL BY JURY DEMANDED |
| his official capacity, MARY ANN | ) |
| MIECZKOWSKI, individually and in her | ) |
| official capacity, DONNA MITCHELL, | ) |
| individually and in her official capacity, and | ) |
| MARION PROFFITT, individually and in | ) |
| her official capacity, | ) |
| | ) |
| Defendants. | ) |

## THE PARTIES' JOINT PROPOSED JURY INSTRUCTIONS

1.  Where the parties have agreed upon an instruction, the title of the joint proposed instructions are marked "Joint Instructions."

2.  Where the parties have not been able to agree upon an instruction, each party has attached their proposed instructions hereto. The plaintiff's proposed instructions are first and are labeled "Plaintiff's Proposed Instructions." The defendants' proposed instructions are second and are labeled "Defendants' Proposed Instructions."

BIGGS & BATTAGLIA

/s/ Philip B. Bartoshesky
Philip B. Bartoshesky, Esquire (Bar I.D. 2056)
921 Orange Street
P.O. Box 1489
Wilmington, Delaware 19899
Telephone: (302) 655-9677
Facsimile: (302) 655-7924
Email: pbarto@batlaw.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Adria B. Martinelli
William W. Bowser, Esquire (Bar I.D. 2239)
Adria B. Martinelli, Esquire (Bar I.D. 4056)
Maribeth L. Minella, Esquire (Bar I.D. 4185)
The Brandywine Building
1000 West Street
Wilmington, Delaware 19801
Telephone: (302) 571-6601, 6613
Facsimile: (302) 576-3282, 3314
Email: wbowser@ycst.com;
amartinelli@ycst.com; mminella@ycst.com

DATED:    October 19, 2006

TABLE OF CONTENTS

1.0     INTRODUCTION ..................................................................................................... 1

2.0     GENERAL INSTRUCTIONS ...................................................................................... 2

    2.1     JURORS' DUTIES ........................................................................................ 2

    2.2     THE PARTIES AND THEIR CONTENTIONS .................................................. 3

    2.3     BURDEN OF PROOF .................................................................................... 4

    2.4     MULTIPLE DEFENDANTS ............................................................................. 6

    2.5     ALL PERSONS AND ORGANIZATIONS ARE EQUAL
        BEFORE THE LAW ...................................................................................... 7

    2.6     AGENCY- SCHOOL DISTRICT THROUGH ITS ACTS ................................. 8

3.0     EVIDENCE ............................................................................................................... 9

    3.1     EVIDENCE - GENERALLY ........................................................................... 9

        3.1.1   EVIDENCE DEFINED ......................................................................... 9

        3.1.2   "IF YOU FIND" OR "IF YOU DECIDE" ............................................. 10

        3.1.3   CONSIDERATION OF THE EVIDENCE ........................................... 11

        3.1.4   DIRECT AND CIRCUMSTANTIAL EVIDENCE ............................... 12

        3.1.5   NOT REQUIRED TO PUT IN ALL EVIDENCE ................................ 13

        3.1.6   EVIDENCE FOR LIMITED PURPOSES ........................................... 14

        3.1.7   STIPULATIONS AT PRETRIAL CONFERENCE .............................. 15

    3.2     EVIDENCE – WITNESSES AND TESTIMONY .......................................... 16

        3.2.1   CREDIBILITY OF WITNESSES ........................................................ 16

        3.2.2   SPECULATION INSUFFICIENT ....................................................... 18

        3.2.3   NUMBER OF WITNESSES ............................................................... 19

         3.2.4   EXPERT WITNESS TESTIMONY/OPINION TESTIMONY ............. 20

   3.3     EVIDENCE – EXHIBITS ................................................................. 21

         3.3.1   DEMONSTRATIVE EXHIBITS ........................................... 21

4.0   TITLE VII RETALIATION (42 U.S.C. § 2000(e)) ...................................................... 22

   4.1     TITLE VII RETALIATION - INTRODUCTION ............................................ 22

   4.2     TITLE VII RETALIATION - ELEMENTS OF A CLAIM ............................... 23

5.0   FIRST AND FOURTEENTH AMENDMENT RETALIATION (42 U.S.C. § 1983) ... 25

   5.1     SECTION 1983 - INTRODUCTION ................................................................ 25

   5.2     SECTION 1983 – ELEMENTS OF CLAIM ..................................................... 26

   5.3     SECTION 1983 - FIRST AMENDMENT RETALIATION .............................. 27

   5.4     SECTION 1983 – PRIVATE v. PUBLIC SPEECH .......................................... 29

   5.5     SECTION 1983 - SUBSTANTIAL OR MOTIVATING FACTOR .................. 30

   5.6     SECTION 1983 – NON-RENEWAL OF EMPLOYMENT CONTRACT
         IN ABSENCE OF PROTECTED ACTIVITY .................................................... 31

6.0   WRONGFUL TERMINATION/BREACH OF IMPLIED
   COVENANT/STATE CLAIM FOR WRONGFUL DISCHARGE ............................... 32

7.0   DISMISSAL FOR LEGITIMATE REASONS ............................................................. 34

8.0   SPECULATION INSUFFICIENT ................................................................................ 36

9.0   DAMAGES GENERALLY .......................................................................................... 37

   9.1     COMPENSATORY DAMAGES ...................................................................... 38

   9.2     BACK PAY ...................................................................................................... 42

   9.3     FRONT PAY .................................................................................................... 44

   9.4     PUNITIVE DAMAGES ................................................................................... 46

9.5    NOMINAL DAMAGES ..................................................................................... 48

9.6    DUTY TO MITIGATE ..................................................................................... 49

9.7    PREVENTION OF DOUBLE RECOVERY ...................................................... 51

9.8    EFFECT OF INSTRUCTIONS AS TO DAMAGES ......................................... 52


10.0    VERDICT ................................................................................................................ 53

10.1    VERDICT BASED UPON EVIDENCE .......................................................... 53

10.2    UNANIMOUS VERDICT ............................................................................... 54

10.3    DUTY TO DELIBERATE ............................................................................... 55

10.4    DELIBERATION AND VERDICT ................................................................. 56


11.0    COURT HAS NO OPINION ..................................................................................... 57

## 1.0    INTRODUCTION

**[Joint Instructions]**[1]

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

I will explain the positions of the parties and the law you will apply in this case.

Finally, I will explain the rules you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen carefully to everything I say.

---

[1]Source*: Cuffee v. The Dover Wipes Co.,* C. A.  No. 03-0276-SLR (D. Del. Oct. 8, 2004) (Joint Proposed Jury Instructions, D. I. 94).

**2.0    GENERAL INSTRUCTIONS**

**2.1    JURORS' DUTIES**

**[Joint Instructions]**[2]

You have two main duties as jurors.

The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what facts the facts are is your job, not mine, and nothing I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Plaintiff, Olga Yatzus, has carried her burden to prove that the school district is liable. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All of the instructions are important, and you should consider them together as a whole.

Perform these duties carefully and fairly. Do not let any bias, sympathy, or prejudice that you may feel influence your decision in any way.

---

[2]Source: *Cuffee v. The Dover Wipes Co.,* C. A. No. 03-0276-SLR (D. Del. Oct. 8, 2004) (Joint Proposed Jury Instructions, D.I. 94).

### 2.2    THE PARTIES AND THEIR CONTENTIONS

#### [Joint Instructions]

The Plaintiff in this case is Olga Yatzus.

The Defendants in this case are the Appoquinimink School District (the "District") and the "Individual Defendants."  The Individual Defendants are:  Tony Marchio, Mary Ann Mieczkowski (pronounced "Mitch-cow-ski"), Donna Mitchell, and Marion Proffitt. The Individual Defendants have been sued in both their official and individual capacities.

Yatzus contends that she was wrongfully terminated from her position as one of the District's school psychologists because she claimed that she was sexually harassed and because she exercised her right to free speech.  Yatzus has also made claims that the District breached her employment contract and intentionally inflicted of emotional distress on her.

All of the Defendants deny all of Yatzus's claims.   The Defendants contend that Yatzus was terminated because of her poor job performance.

3

**2.3    BURDEN OF PROOF**

**[Plaintiff's Proposed Instruction]**[3]

This is a civil case. Olga Yatzus is the party who brought this lawsuit. Defendants Appoquinimink School District, Tony Marchio, Mary Ann Mieczkowski, Donna Mitchell, and Marion Proffitt are the parties against whom the lawsuit was filed. Olga Yatzus has the burden of proving her case by what is called the preponderance of the evidence. That means Olga Yatzus has to prove to you, in light of all the evidence, that what she claims is more likely so than not so. To say it differently: if you were to put the evidence favorable to Olga Yatzus and the evidence favorable to defendant on opposite sides of the scales, Olga Yatzus would have to make the scales tip somewhat on her side. If Olga Yatzus fails to meet this burden, the verdict must be for defendant. If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

---

[3] Source: THIRD CIRCUIT MODEL JURY INSTRUCTIONS (CIVIL).

**[Defendants' Proposed Instructions]**[4]

This is a civil case.  Yatzus has the burden of proving her claims and damages by what is called a "preponderance of the evidence."  To establish something by a preponderance of the evidence means to prove that something is more likely true than not true.  You should base your decision upon all of the evidence presented, regardless of which party presented the evidence.

To find that a party has proven something by a preponderance of the evidence, you must conclude that the evidence, when considered and compared with the evidence opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true.

The preponderance of the evidence does not depend on the number of witnesses, but upon the weight of the testimony.  If the evidence as to a particular element or issue is evenly balanced, the party has not proved the element by a preponderance of the evidence and you must find against that party.  In determining whether any facts in issue have been proven by Yatzus, you may consider the testimony of all witnesses, regardless of who may have called them, and all the exhibits received in evidence regardless of who may have produced them.

Those of you who are familiar with criminal cases will have heard the term "proof beyond a reasonable doubt."  That burden does not apply in this civil case and you should therefore put it out of your mind.

---

[4]Source: 3 KEVIN F. O'MALLEY, JAY E. GRENIG, HON. WILLIAM C. LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 101.41 (5th ed. 2000).

## 2.4    MULTIPLE DEFENDANTS

### [Joint Instructions][5]

Although there is more than one defendant in this action, it does not follow from that fact alone that if one defendant is liable to Yatzus, all defendants are liable. Each defendant is entitled to a fair consideration of the evidence. None of the defendants should be prejudiced should you find against another defendant.

---

[5]Source: 3 KEVIN F. O'MALLEY, JAY E. GRENIG, HON. WILLIAM C. LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 103.14 (5th ed. 2000).

**2.5    ALL PERSONS AND ORGANIZATIONS ARE EQUAL BEFORE THE LAW**

**[Joint Instructions]**[6]

In your deliberations, you must not consider the fact that Yatzus is an individual and the District is a government entity.  A government entity is entitled to the same fair trial as a private individual.  All persons, whether government entities or corporations or individuals, stand equal before the law and are to be dealt with as equals in a court of justice.  This means you should not favor Yatzus over any of the Defendants.  Rather, the status of Yatzus and Defendants as individuals or government entities should not affect your decision in any way.

---

[6]Sources:  3 KEVIN F. O'MALLEY, JAY E. GRENIG, HON. WILLIAM C. LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 103.12 (5th ed. 2000); *Cuffee v. The Dover Wipes Co.,* C.A. No. 03-0276-SLR (D. Del. Oct. 8, 2004) (Joint Proposed Jury Instructions, D.I. 94).

**2.6    AGENCY- SCHOOL DISTRICT THROUGH ITS ACTS**

**[Plaintiff's Proposed Instructions]**[7]

The School District acts only through its agents or employees and any agent or employee of the District may bind the District by acts and statements made while acting within the scope of the authority delegated to the agent by the District, or within the scope of their duties as an Employee.

---

[7] Source:  KEVIN F. O'MALLEY, JAY E. GRENIG, HON. WILLIAM C. LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 108.01.

**3.0    EVIDENCE**

    **3.1    EVIDENCE - GENERALLY**

        **3.1.1   EVIDENCE DEFINED**

        **[Joint Instructions]**[8]

You must make your decisions based only upon the evidence that you saw and heard here in Court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of the Court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations to which the lawyers agreed.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions are not evidence.  My legal rulings are not evidence.  My comments and questions are not evidence.

During the trial I may have not let you hear the answers to some of the questions that the lawyers asked.  I may also have ruled that you could not see some of the exhibits that the lawyers wanted you to see.  You must completely ignore all of these things.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

---

[8]Source: *Cuffee v. The Dover Wipes Co.,* C. A.  No. 03-0276-SLR (D. Del. Oct. 8, 2004) (Joint Proposed Jury Instructions, D. I. 94).

### 3.1.2 "IF YOU FIND" OR "IF YOU DECIDE"

**[Joint Instructions]**[9]

When I instruct you that a party has the burden of proof on any proposition, or use the expression "if you find" or "if you decide," I mean that you must be persuaded, considering all the evidence in the case, that the proposition is more likely true than not.

---

[9]Source: 3 KEVIN F. O'MALLEY, JAY E. GRENIG, HON. WILLIAM C. LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 104.04 (5th ed. 2000).

### 3.1.3   CONSIDERATION OF THE EVIDENCE

### [Joint Instructions]

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

### 3.1.4   DIRECT AND CIRCUMSTANTIAL EVIDENCE

**[Joint Instructions]**[10]

You may have heard the terms "direct" and "circumstantial" evidence.

"Direct evidence" is direct proof of a fact; like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified, for example, that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

"Circumstantial evidence" is a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

---

[10]Sources: 3 KEVIN F. O'MALLEY, JAY E. GRENIG, HON. WILLIAM C. LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 101.42 (5th ed. 2000); THIRD CIRCUIT MODEL JURY INSTRUCTIONS (CIVIL) § 1.6 (2006).

### 3.1.5   NOT REQUIRED TO PUT IN ALL EVIDENCE

**[Joint Instructions]**[11]

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue in this trial.  Nor does the law require any party to produce as exhibits all paper, documents, or objects mentioned in the evidence of the case.

---

[11]Source:  *Cuffee v. The Dover Wipes Co.,* C. A.  No. 03-0276-SLR (D. Del. Oct. 8, 2004) (Joint Proposed Jury Instructions, D.I. 94).

### 3.1.6    EVIDENCE FOR LIMITED PURPOSES

**[Joint Instructions]**[12]

When I instructed you that an item of evidence has been admitted for a limited

purpose, you must consider that item only for that limited purpose.

The following item(s) of evidence have been admitted for a limited purpose:

[insert items].

---

[12]Source:  3 KEVIN F. O'MALLEY, JAY E. GRENIG, HON. WILLIAM C. LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 101.45 (5th ed. 2000).

### 3.1.7   STIPULATIONS AT PRETRIAL CONFERENCE

**[Joint Instructions]**[13]

Before this trial commenced, the Court held a conference with the lawyers for all parties.  At this conference, the parties entered into certain stipulations or agreements in which they agreed that certain facts or testimony would be taken as true without further proof.

The stipulated facts, to which the parties have agreed, are as follows:

[insert stipulations].

The parties have further agreed what [insert name's] testimony would be if [insert name] were called as a witness. You should consider that testimony in the same way as if [insert name] had given the testimony here in Court.

Since the parties have stipulated to these facts and/or testimony and do not dispute them, you are to take these facts and/or testimony as true for purposes of this case.

---

[13]Source:  3 KEVIN F. O'MALLEY, JAY E. GRENIG, HON. WILLIAM C. LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 101.47 (5th ed. 2000).

**3.2     EVIDENCE – WITNESSES AND TESTIMONY**

**3.2.1   CREDIBILITY OF WITNESSES**

**[Joint Instructions]**[14]

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  You may be guided by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all of the testimony given and every matter in evidence tending to show whether a witness is worthy of belief.  You can consider each witnesses' intelligence, motive, state of mind, and demeanor or manner while testifying.

You should consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters.   Consider also any relationship each witness may have to either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which (if at all) the testimony of each witness is either supported or contradicted by other evidence in the case.

 Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.  If a witness is shown to have knowingly testified falsely concerning any material matter, you have the right to distrust such witness' testimony in other

---

[14]Sources:  3 KEVIN F. O'MALLEY, JAY E. GRENIG, HON. WILLIAM C. LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 101.47 (5th ed. 2000); DEL. P. J. I. CIV. § 23.3 (2000).

areas and you may reject all of that witness' testimony, or give it such credibility as you may think it deserves.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves.  In short, you may accept or reject the testimony of any witness, in whole or in part.

A witness may be discredited by evidence contradicting what that witness said, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness's present testimony.

It is up to you to determine whether a witness has been discredited, and if so, to give the testimony of that witness whatever weight you think that it deserves.

### 3.2.2   SPECULATION INSUFFICIENT

**[Joint Instructions]**[15]

You may not rely upon a witnesses' mere speculation to prove a fact.

---

[15]Sources:  *Miller v. Ashcroft*, 2003 U.S. App. LEXIS 20099, *20 (3d Cir. September 30, 2003); *Gustovich v. AT&T Communications, Inc.*, 972 F.2d 845, 848 (7th Cir. 1992).

### 3.2.3   NUMBER OF WITNESSES

**[Joint Instructions]**[16]

Sometimes jurors wonder if the number of witnesses who testified makes any

difference.

Do not make any decisions based only on the number of witnesses who testified.

What is more important is how believable the witnesses were, and how much weight you think

their testimony deserves.   Concentrate on that, not the numbers.

---

[16]Source: *Cuffee v. The Dover Wipes Co.,* C. A.  No. 03-0276-SLR (D. Del. Oct. 8, 2004) (Joint Proposed Jury Instructions, D. I. 94).

### 3.2.4   EXPERT WITNESS TESTIMONY/OPINION TESTIMONY

**[Plaintiff's Proposed Instructions]**[17]

You have heard testimony containing opinions from a number of witnesses.  In weighing this opinion testimony, you may consider his or her qualifications, the reasons for his or her opinions, and the reliability of the information supporting those opinions, as well as the factors I have previously mentioned for weighing the testimony of any other witness.  The opinions should receive whatever weight and credit, if any, you think appropriate, given all the other evidence in the case.

In deciding whether to accept or rely upon the opinions, you may consider any bias that the witness may have, including any bias that may arise from evidence that the witness has been or will be paid for reviewing the case and testifying or from evidence that the witness testifies regularly and makes a large portion of his or her income from testifying in court.

**[Defendants' Proposed Instructions]**[18]

Expert witness testimony is testimony from a person who has a special skill or knowledge in some science, profession, or business.  This skill or knowledge is not common to the average person but has been acquired by the expert though special study or experience.

In weighing expert witness testimony, you may consider the expert's qualifications, the reasons for the expert's opinions, and the reliability of the information supporting the expert's opinions.  Expert witness testimony should receive whatever weight and credit you think appropriate, given all other evidence in the case.

---

[17] Source:  THIRD CIRCUIT MODEL JURY INSTRUCTIONS (CIVIL) § 2.11.
[18]Source:  3 KEVIN F. O'MALLEY, JAY E. GRENIG, HON. WILLIAM C. LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS §  104.40 (5th ed. 2000).

**3.3    EVIDENCE – EXHIBITS**

### 3.3.1   DEMONSTRATIVE EXHIBITS

**[Joint Instructions]**

During the course of the trial, you have seen many exhibits.   Many of these exhibits were admitted as evidence.  You will have these admitted exhibits in the jury room for your deliberations.  The remainder of the exhibits (including charts, exemplars and animations) were offered to help illustrate the testimony of the various witnesses.  These illustrative exhibits, called demonstrative exhibits, have not been admitted, are not evidence and should not be considered as evidence.  Rather, it is the underlying testimony of the witness that you heard when you saw the demonstrative exhibits that is the evidence in the case.

**4.0**     **TITLE VII RETALIATION (42 U.S.C. § 2000(e))**

> **4.1**     **TITLE VII RETALIATION – INTRODUCTION**
>
> > **[Joint Instructions]**

In this case Olga Yatzus makes a claim under a Federal Civil Rights statute that prohibits employers from discriminating against an employee in the terms and conditions of employment because of the employee=s race, color, religion, sex, or national origin or from retaliation against an employee because that employee complained about discrimination or harassment.

More specifically, Olga Yatzus claims that her contract as a school psychologist was not renewed and she was discharged because she complained of sexual harassment by a supervisor.

I will now instruct you more fully on the issues you must address in this case.

**4.2    TITLE VII RETALIATION - ELEMENTS OF A CLAIM**

**[Plaintiff's Proposed Instructions]**[19]

Olga Yatzus claims that defendant discriminated against her because of making a claim she was sexually harassed by a supervisor.

To prevail on this claim, Olga Yatzus  must prove all of the following by a preponderance of the evidence:

First: Olga Yatzus must show she engaged in an activity protected by Federal Law.  Complaining about sexual harassment is such a protected activity.

Second: Olga Yatzus was subjected to a materially adverse action at the time, or after, the protected conduct took place.

Third: There was a causal connection between the non-renewal of her contract and her complaints about sexual harassment.

Concerning the first element, Olga Yatzus need not prove the merits of her claim of sexual harassment, but only that she was acting under a good faith belief that her right to be free from harassment or discrimination on the basis of her gender was violated.

Concerning the second element, the term "materially adverse" means that Olga Yatzus must show Defendants= hostility and termination of her contract was serious enough that it well might have discouraged a reasonable worker from complaining about harassment.

Concerning the third element, that of causal connection, that connection may be shown in many ways.  For example, you may or may not find that there is a sufficient connection through timing, that is the employer's actions followed shortly after it became aware of Olga Yatzus's complaint of harassment. Causation is, however, not necessarily ruled out by a more

---

[19]Adapted from THIRD CIRCUIT MODEL JURY INSTRUCTIONS (CIVIL) 5.1.7.

extended passage of time. Causation may or may not be proven by antagonism shown toward Olga Yatzus or a change in demeanor toward Olga Yatzus.

Ultimately, you must decide whether Olga Yatzus's complaint of harassment had a determinative effect on the non-renewal of her contract.  "Determinative effect" means that if not for Olga Yatzus's complaint, the termination of her employment would not have occurred.

**5.0    FIRST AND FOURTEENTH AMENDMENT RETALIATION (42 U.S.C. § 1983)**

**5.1    SECTION 1983 - INTRODUCTION**

**[Joint Instructions]**[20]

Yatzus is also suing under Section 1983, a civil rights law passed by Congress that provides a remedy to persons who have been deprived of their federal Constitutional rights. Yatzus claims that the District and Individual Defendants violated her right to free speech.

---

[20]Source:  THIRD CIRCUIT MODEL JURY INSTRUCTIONS (CIVIL) § 4.1 (2006).

**5.2      SECTION 1983 – ELEMENTS OF CLAIM**

**[Joint Instructions]**[21]

Yatzus must prove both of the following elements by a preponderance of the evidence:

First, that Yatzus engaged in a protected activity by communicating with certain parents concerning filing complaints with the Office of Civil Rights or by complaining about the District's alleged violations of state and federal law.

Second, that Yatzus's allegedly protected activity was a substantial or motivating factor for the District's decision not to renew her employment contract.[22]

---

[21] Source:  THIRD CIRCUIT MODEL JURY INSTRUCTIONS (CIVIL) § 4.3 (2006).
[22]*Fultz v. Dunn*, 165 F.3d 215, 218 (3d Cir. 1998)

**5.3     SECTION 1983 - FIRST AMENDMENT RETALIATION**

**[Plaintiff's Proposed Instructions]**[23]:

The First Amendment to the United States Constitution gives persons a right to freedom of speech. Government employees have a limited right to engage in free speech on matters of public importance, and government employers must not retaliate against their employees for exercising this right.  In this case Olga Yatzus claims that she spoke out for the rights of students, opposing Defendants' policies with respect to students and advising parents of students and a parents' group concerning their right to file complaints against the School District with a Federal agency, and that Defendant retaliated against her by making unfounded criticisms of her work and terminating her employment.

It is my duty to instruct you on whether Olga Yatzus engaged in activity that was protected by the First Amendment.  In this case, I instruct you that the following activity was protected by the First Amendment:

In the rest, I will refer to these events as "Olga Yatzus's protected activity."

In order for [Olga Yatzus] to recover on this claim, she must prove both of the following by a preponderance of the evidence:

First: Defendant terminated Olga Yatzus; and

Second: Olga Yatzus's protected activity was a motivating factor in Defendants' decision.

In showing that Olga Yatzus's protected activity was a motivating factor for Defendants' action, Olga Yatzus is not required to prove that her protected activity was the sole motivation or even the primary motivation for Defendants' decision.  Olga Yatzus need only prove that her protected activity played a motivating part in Defendants' decision even though

---

[23] Source:  THIRD CIRCUIT MODEL JURY INSTRUCTIONS (CIVIL) § 7.4.

other factors may also have motivated Defendant.  Olga Yatzus could make this showing in a number of ways.  The timing of events can be relevant, for example if Defendants' actions followed very shortly after Defendants became aware of Olga Yatzus's protected activity.  However, a more extended passage of time does not necessarily rule out a finding that Olga Yatzus's protected activity was a motivating factor.  For instance, you may also consider any antagonism shown toward Olga Yatzus or any change in demeanor toward Olga Yatzus.

However, Defendants argue that they would have made the same decision to terminate her employment whether or not Olga Yatzus had engaged in the protected activity.  If Defendant proves by a preponderance of the evidence that Defendant would have treated Olga Yatzus the same even if Olga Yatzus's protected activity had played no role in the employment decision, then your verdict must be for Defendant on this claim.

**5.4    SECTION 1983 – PRIVATE v. PUBLIC SPEECH**

**[Defendants' Proposed Instructions]**

When public employees make statements pursuant to their official duties, they are not speaking as citizens for purposes of the First Amendment, and the Constitution does not protect their communications from employer discipline.[24]

If you find that either or both Yatzus' complaints about the District's alleged violations of state and federal law and her communications with parents concerning complaints to the Office of Civil Rights were performed pursuant to her duties as a school psychologist, then you must rule in the Defendants' favor.

---

[24]*See Garcetti v. Ceballos*, 126 S. Ct. 1951 (2006).  *See also Wilcoxon v. Red Clay Sch. Dist.*, No. 05-529-SLR, Mem. Op. at 12 (D. Del. June 30, 2006).

**5.5    SECTION 1983 – SUBSTANTIAL OR MOTIVATING FACTOR**

**[Defendants' Proposed Instructions]**

If you find that Yatzus' speech was not part of her responsibilities as a school psychologist, you must next take into consideration whether her speech was a substantial or motivating factor for the District's decision not to renew her employment contract.[25] Yatzus must demonstrate by a preponderance of the evidence that her alleged exercise of free speech was the reason why the District decided not to renew her employment contract.

---

[25]*See Baldassare v. New Jersey*, 250 F. 3d 188, 195 (3d Cir. 2001).

**5.6    SECTION 1983 – NON-RENEWAL OF EMPLOYMENT CONTRACT IN ABSENCE OF PROTECTED ACTIVITY**

**[Defendants' Proposed Instructions]**

Even if you decide that Yatzus' speech is protected by the first amendment, and that her speech was a substantial or motivating factor for the District's decision not to renew her employment contract, you must still find in the Defendants' favor if you determine that the District would have reached the same decision whether or not Yatzus exercised her right to free speech.

**6.0    WRONGFUL TERMINATION/BREACH OF IMPLIED COVENANT/STATE CLAIM FOR WRONGFUL DISCHARGE**

**[Plaintiff's Proposed Instructions]**[26]

Under Delaware law, an at-will employment contract may be terminated at any time by either party without cause and regardless of motive.  But this right to terminate is subject to a duty to act in good faith and with fair dealing.  This duty is violated when an employee is discharged as a result of ill will, with an intent to cause harm by means of deceit, fraud, or misrepresentation or when the discharge violates a public policy of the State of Delaware.

To prove that Defendants did not act in good faith or with fair dealing, Olga Yatzus must show by a preponderance of the evidence that:

1.  Defendants harbored ill will toward her;

2.  Defendants intended to cause harm to her and fabricated false justifications for firing her or discharged her in violation of a public policy of Delaware, that is, because she spoke out for student rights.


**[Defendants' Proposed Instructions]**

Under the laws of Delaware, Yatzus' employment with the District was "at-will".  Employment "at-will" means that either the District or Yatzus could terminate or end the employment relationship at any time, without providing a reason or cause, and without legal liability.[27]

_____

[26] Sources:  Del. P.J.I. Civ. § 19.26; *E.I.DuPont de Nemours & Co. v. Pressman,* 679 A.2d 436 (Del. 1996); *Schatzman v. Martin Newark Dealership,* 158 F.Supp.2d 392 (D.Del. 2001).
[27] Sources:  Del. P.J.I. Civ. §§ 19.25, 19.26 (2000); *E. I. DuPont de Nemours & Co. v. Pressman*, 679 A.2d 436, 440 (Del. 1996).

There are, however, rare exceptions to this rule.  In order to overcome this

presumption of at-will employment Yatzus must prove by a preponderance of the evidence that

either:

1.  the District's decision not to renew her employment contract violates public

policy by obstructing Yatzus' right to free speech; or

2.  that the District purposefully manufactured false records to create fictitious

grounds upon which to decide not to renew Yatzus' employment contract.

## 7.0    DISMISSAL FOR LEGITIMATE REASONS

### [Defendants' Proposed Instructions]

If you find that Yatzus has proved that the District's decision not to renew her employment contract was, in fact, an adverse employment decision, you must next take into consideration the reasons given by the District for its actions. Under the law, the District need not prove that the reasons for any of its actions were good or justifiable reasons, or that they were reasons with which you would agree.[28]  Rather, the District is required to do nothing more than state a legitimate, non-retaliatory reason for its employment decisions. Yatzus' personal belief that she must have been the subject of retaliation because she engaged in protected activity is not evidence of retaliation.[29]

Witnesses testified that the District decided not to renew Yatzus' employment contract because of the number and nature of reprimands in her personnel file. I am instructing you that you must accept these reasons as legitimate and non-discriminatory if you find that they were the reasons for the District's decision not to renew Yatzus' employment contract. As an employer, the District has the legal right to make a decision for a good reason, a bad reason, or no reason at all, as long as retaliation is not the reason for the decision. The law does not require that employment decisions be what you might consider fair, only that they not be done to retaliate against a person for engaging in protected activity.[30]  You may not return a verdict for

---

[28]*See Fuentes v. Perskie*, 32 F.3d 759, 765 (3d Cir. 1994) ("To discredit the employer's proffered reason,…the Plaintiff cannot simply show that the employer's reason was wrong nor mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent or competent) (citations omitted); *Ezold v. Wolf, Block, Schorr & Solis-Cohen*, 983 F.2d 509, 527 (3d Cir. 1992) (Plaintiff could not meet her burden of showing pretext by questioning an employer's selection criteria; absent evidence of discrimination, employers may make business decisions and courts will not interfere with or second guess such decisions), *cert. denied*, 510 U.S. 826 (1993).

[29]*See Bauer v. Albemarle Corp.*, 169 F.3d 962, 967 (5th Cir. 1999) (employee's subjective belief of discrimination is not sufficient to warrant judicial relief).

[30]*See Fuentes*, 32 F.3d at 765; *Reed v. Aligent Techs., Inc.*, 174 F. Supp. 2d 176, 187 (D. Del. 2001).

Yatzus just because you might disagree with the District's actions or believe them to be harsh or

unreasonable.[31]

---

[31] *See Walker v. AT&T Techs.*, 995 F.2d 846, 849 (8th Cir. 1993) (holding that it was reversible error to deny defendant's request for instruction that employer has the right to make subjective personnel decisions for any non-discriminatory reason).

**8.0    SPECULATION INSUFFICIENT**

[**Defendants' Proposed Instructions**][32]

Yatzus cannot rely upon mere speculation, whether her own or that of another witness, to prove her claim that the District retaliated against her because she reported an alleged incident of sexual harassment.  In this respect, Yatzus' own perceptions about the adequacy of her own performance are irrelevant.

---

[32]Sources:  *Miller v. Ashcroft*, 2003 U.S. App. LEXIS 20099, *20 (3d Cir. September 30, 2003); *Gustovich v. AT&T Communications, Inc.*, 972 F.2d 845, 848 (7th Cir. 1992).

## 9.0    DAMAGES GENERALLY

[Joint Instructions][33]

I will now discuss a potential award of damages in this case. My instructions on damages are not intended as any indication by the Court as to whether damages should or should not be awarded in this case. You must first determine the issue of liability on the part of the Defendants. If you determine that any Defendant violated any of Yatzus' rights, and that such violation was the proximate cause of damages to her, then you may further consider the instructions I am about to provide.

The object and purpose of an award of damages in a civil action is just, fair, and reasonable compensation for any harm and injury done to Yatzus as a result of any Defendant's actions. In a case such as this, damages are meant to put Yatzus in the economic position she would have occupied if her legal rights had not been violated. In determining such damages, you may award to her any lost wages, including lost benefits and pension payments. Keep in mind that Yatzus is not entitled to recover economic damages more than once for the same injury.

If you find that any Defendant is liable, you may then award Yatzus an amount of damages which you find by a preponderance of the evidence will fairly and justly compensate her for damages. In determining the amount of damages which you award, you should be guided by dispassionate common sense. You must use sound discretion fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based upon sympathy, speculation or guesswork.

---

[33]Source: *Cuffee v. The Dover Wipes Co.,* C. A. No. 03-0276-SLR (D. Del. Oct. 8, 2004) (Joint Proposed Jury Instructions, D. I. 94).

**9.1    COMPENSATORY DAMAGES**

**[Plaintiff's Proposed Instructions]**[34]

I am now going to instruct you on damages.  Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not Defendants should be held liable.

If you find by a preponderance of the evidence that defendants retaliated against Olga Yatzus, then you must consider the issue of compensatory damages.  You must award Olga Yatzus an amount that will fairly compensate her for any injury she actually sustained as a result of defendants' conduct. The damages that you award must be fair compensation, no more and no less. The award of compensatory damages is meant to put Olga Yatzus in the position she would have occupied if the discrimination had not occurred. Olga Yatzus has the burden of proving damages by a preponderance of the evidence.

Olga Yatzus must show that the injury would not have occurred without Defendants' act or omission. Olga Yatzus must also show that Defendants' act or omission played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of defendants' act or omission. This test is a substantial part in bringing about the injury is to be distinguished from the test you must employ in determining whether defendants' actions or omissions were motivated by discrimination. In other words, even assuming that defendants' actions or omissions were motivated by discrimination, Olga Yatzus is not entitled to damages for an injury unless defendants' discriminatory actions or omissions actually played a substantial part in bringing about that injury.

---

[34] Source:  THIRD CIRCUIT MODEL JURY INSTRUCTIONS (CIVIL) § 5.4.1.

There can be more than one cause of an injury.  To find that Defendants' act or omission caused Olga Yatzus's injury, you need not find that Defendants' act or omission was the nearest cause, either in time or space. However, if Olga Yatzus's injury was caused by a later, independent event that intervened between Defendants' act or omission and Olga Yatzus's injury, Defendant is not liable unless the injury was reasonably foreseeable by Defendants.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork.

You may award damages for any pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life that Olga Yatzus experienced as a consequence of defendants' allegedly unlawful act or omission. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

As I instructed you previously, Olga Yatzus has the burden of proving damages by a preponderance of the evidence. But the law does not require that Olga Yatzus prove the amount of her losses with mathematical precision; it requires only as much definiteness and accuracy as circumstances permit.

You are instructed that Olga Yatzus has a duty under the law to "mitigate" her damages–that means that Olga Yatzus must take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage caused by defendants.  It is defendants' burden to prove that Olga Yatzus has failed to mitigate.  So if defendants persuade you by a preponderance of the evidence that Olga Yatzus failed to take

advantage of an opportunity that was reasonably available to her, then you must reduce the amount of Olga Yatzus's damages by the amount that could have been reasonably obtained if she had taken advantage of such an opportunity.

In assessing damages, you must not consider attorney fees or the costs of litigating this case. Attorney fees and costs, if relevant at all, are for the court and not the jury to determine. Therefore, attorney fees and costs should play no part in your calculation of any damages.

### [Defendants' Proposed Instructions][35]

If you find by a preponderance of the evidence that the District intentionally discriminated against Yatzus, then you may consider the issue of compensatory damages. You may award Yatzus an amount that will fairly compensate her for any injury she actually sustained as a result of the Defendants' conduct. The damages that you award must be fair compensation, no more and no less. The award of compensation is meant to put Yatzus in the position she would have occupied if the discrimination had not occurred. Yatzus has the burden of proving damages by a preponderance of the evidence.

Yatzus must show that the injury would not have occurred without the Defendants' acts. Yatzus must also show that the Defendants' actions played a substantial part in bringing about the injury, and that the injury was a direct result of one of the Defendant's actions. This test – a substantial part in bringing about the injury – is to be distinguished from the test you must employ in determining whether the District's actions were motivated by discrimination. In other words, even assuming that the District's actions were motivated by

---

[35]Source: 3C KEVIN F. O'MALLEY, JAY E. GRENIG, HON. WILLIAM C. LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 177.70 (5th ed. 2000).

discrimination, Yatzus is not entitled to damages for an injury unless one of the Defendant's actions actually played a substantial part in brining about that injury.

### 9.2    BACK PAY

**[Plaintiff's Proposed Instructions]**[36]

You may award as actual damages an amount that reasonably compensates Olga Yatzus for any lost wages and benefits, taking into consideration any increases in salary and benefits, including pension, that Olga Yatzus would have received from Appoquinimink School District, *et al.* had Olga Yatzus not been terminated.

Back pay damages, if any, apply from the time Olga Yatzus's contract was not renewed until the date of your verdict. Therefore the back pay award in this case must be determined only for the period between June of 2003 and today.

You must reduce any award by the amount of the expenses that Olga Yatzus would have incurred in making those earnings.

If you award back pay, you are instructed to deduct from the back pay figure whatever wages Olga Yatzus has obtained from other employment during this period. However, please note that you should not deduct social security benefits, unemployment compensation and pension benefits from an award of back pay.

You are further instructed that Olga Yatzus has a duty to mitigate her damages–that is, Olga Yatzus is required to make reasonable efforts under the circumstances to reduce her damages. It is Appoquinimink School District, *et al.'s* burden to prove that Olga Yatzus has failed to mitigate. So if Appoquinimink School District, *et al.* persuades you, by a preponderance of the evidence, that Olga Yatzus failed to obtain substantially equivalent job opportunities that were reasonably available to her, you must reduce the award of damages by

---

[36] Source: THIRD CIRCUIT MODEL JURY INSTRUCTIONS (CIVIL) § 5.4.3.

the amount of the wages that she  reasonably would have earned if she had obtained those opportunities.

### [Defendants' Proposed Instructions][37]

You may award as actual damages an amount that reasonably compensates Yatzus for any lost wages and benefits, taking into consideration any increases in salary and benefits, including pension, that Yatzus would have received from the District had Yatzus not been terminated.

Back pay damages, if any, apply from the time Yatzus was terminated until the date of your verdict.  Therefore the back pay award in this case must be determined only for the period between June ___, 2003 and November ___, 2006.

You must reduce any award by the amount of the expenses that Yatzus would have incurred in making those earnings.

If you decide to award back pay, you are hereby instructed to deduct from the back pay figure whatever wages Yatzus has obtained from other employment during this period.

---

[37]Source:  THIRD CIRCUIT MODEL JURY INSTRUCTIONS (CIVIL) § 5.4.3 (2006).

**9.3    FRONT PAY**

**[Plaintiff's Proposed Instructions]**[38]

You may determine separately a monetary amount equal to the present value of any future wages and benefits that Yatzus would reasonably have earned from the District for the period from the date of your verdict through a reasonable period of time in the future. From this figure you must subtract the amount of earnings and benefits Yatzus will receive from other employment during that time. Yatzus has the burden of proving these damages by a preponderance of the evidence.

You may award Yatzus damages for lost future wages only if you determine that these damages are caused by the District's allegedly adverse employment actions. If you determine that Yatzus is entitled to future lost wages, you must consider the following in arriving at an amount:

      1.     Yatzus' prospects for another, similar job.

      2.     The length of time that it should take Yatzus to get such a job.

      3.     The number of years remaining before Yatzus would likely retire.

You must also reduce this award to its present value by considering the interest that Yatzus could earn on the amount of the award if she made a relatively risk-free investment. You must make this deduction because an award of an amount representing the future loss of earnings is more valuable to Yatzus if she receives it today than if it were received at the time in the future when it would have been earned. It is more valuable because Yatzus can earn interest on it for the period of time between the date of the award and the date she would have earned the money. So you should decrease the amount of any award for loss of future earnings by the amount of interest that Yatzus can earn in the future.

---

[38]Source:  THIRD CIRCUIT MODEL JURY INSTRUCTIONS (CIVIL) § 5.4.4 (2006).

**9.4    PUNITIVE DAMAGES**

**[Plaintiff's Proposed Instructions]**[39]

Olga Yatzus claims the acts of Defendants were done with malice or reckless indifference to her federally protected rights and that as a result there should be an award of what are called "punitive" damages. A jury may award punitive damages to punish a defendant, or to deter the defendant and others like the defendant from committing such conduct in the future.

An award of punitive damages is permissible in this case only if you find by a preponderance of the evidence that a management official of the School District personally acted with malice or reckless indifference to Olga Yatzus's federally protected rights. An action is with malice if a person knows that it violates the federal law prohibiting discrimination and does it anyway. An action is with reckless indifference if taken with knowledge that it may violate the law.

If you have found the elements permitting punitive damages, as discussed in this instruction, then you should consider the purposes of punitive damages. The purposes of punitive damages are to punish a defendant for a malicious or reckless disregard of federal rights, or to deter a defendant and others like the defendant from doing similar things in the future, or both. Thus, you may consider whether to award punitive damages to punish Defendant. You should also consider whether actual damages standing alone are sufficient to deter or prevent Defendant from again performing any wrongful acts it may have performed. Finally, you should consider whether an award of punitive damages in this case is likely to deter others from performing wrongful acts similar to those Defendant may have committed.

If you decide to award punitive damages, then you should also consider the

---

[39]Source:  THIRD CIRCUIT MODEL JURY INSTRUCTIONS (CIVIL) § 5.4.2.

purposes of punitive damages in deciding the amount of punitive damages to award. That is, in deciding the amount of punitive damages, you should consider the degree to which Defendant should be punished for its wrongful conduct, and the degree to which an award of one sum or another will deter Defendant or others from committing similar wrongful acts in the future.

### [Defendants' Proposed Instructions]

Yatzus claims that the Defendants' actions acts were done with malice or reckless indifference to Yatzus' federally protected rights and that as a result there should be an award of what are called "punitive" damages. A jury may award punitive damages to punish a defendant, or to deter the defendant and others like the defendant from committing such conduct in the future.

An award of punitive damages is permissible in this case only if you find by a preponderance of the evidence that one of the Defendants personally acted with malice or reckless indifference to Yatzus' federally protected rights. An action is with malice if a person knows it violates the federal law prohibiting discrimination and does it anyway. An action is with reckless indifference if taken with knowledge that it may violate the law.

If you award compensatory damages to the Plaintiff, you may also decide whether to award punitive damages. You may decide to award punitive damages if you find by the preponderance of the evidence that:

      1.     the Defendant acted with actual malice toward Yatzus; or

      2.     the Defendant authorized, participated in, or ratified acts of any of the Individual Defendants which demonstrate malice toward Yatzus.

**9.5    NOMINAL DAMAGES**

**[Joint Instructions]**[40]

If you return a verdict for Yatzus, but Yatzus failed to prove actual injury and therefore is not entitled to compensatory damages, then you may award nominal damages of $1.00.

A person whose federal rights were violated is entitled to a recognition of that violation, even if she suffered no actual injury. Nominal damages (of $1.00) are designed to acknowledge the depravation of a federal right, even where no injury occurred.

---

[40]THIRD CIRCUIT MODEL JURY INSTRUCTIONS (CIVIL) § 5.4.5 (2006).

**9.6    DUTY TO MITIGATE**

[**Defendants' Proposed Instructions**][41]

Yatzus must make every reasonable effort to minimize or reduce her damages for loss of compensation by seeking employment.  This is called "mitigation of damages."

If you determine that Yatzus is entitled to damages for lost wages, you must reduce these damages by (1) what Yatzus earned and (2) what Yatzus could have earned by making a reasonable effort during the period from the termination of her employment until the date this trial began.

It is the Defendants' burden to prove by a preponderance of the evidence that Yatzus failed to mitigate her damages by showing that:

1.    substantially equivalent employment opportunities were available to Yatzus; and

2.    Yatzus failed to use reasonable diligence in attempting to pursue such employment opportunities.

The Defendants also bear the burden of proving how much money Yatzus would have earned if she had accepted other equivalent employment reasonably available to her.

The law does not require an employee who has allegedly been discriminated against to accept a demotion, go into another line of work, or accept a demeaning position with any other company.  In determining the reasonableness of the Yatzus' efforts, you must remember that she need not look for jobs which require excessive commuting, and that she need not relocate or move in order to find another job.  "Similar job" means a position with compensation, job responsibilities, working conditions, status, and promotional responsibilities

---

[41]Source:  *Cuffee v. The Dover Wipes Co.,* C. A.  No. 03-0276-SLR (D. Del. Oct. 8, 2004) (Joint Proposed Jury Instructions, D. I. 94).

which are substantially equivalent to Yatzus' employment as a school psychologist.

If you determine that Yatzus did not make reasonable efforts to obtain another, similar job, you must decide whether any damages resulted from her failure to do so. If the Defendants meet their burden of proof, you may reduce any award to Yatzus by the amount which she could have earned by reasonable diligence.

**9.7    PREVENTION OF DOUBLE RECOVERY**

**[Joint Instructions]**[42]

Yatzus may only recover once for any damages she may have suffered as a result of the Defendants' alleged conduct.

Therefore, if you find in Yatzus' favor on more than one of her claims, you may not award multiple damages merely because Yatzus sought damages under multiple legal theories.

---

[42] Source: *Ramada Inns, Inc. v. Duro Jones & Co., Inc.*, 543 A.2d 313, 328-29 (Del. Super. 1987).

**9.8    EFFECT OF INSTRUCTIONS AS TO DAMAGES**

**[Joint Instructions]**[43]

The fact that I have instructed you about the proper measure of damages should

not be considered as my suggesting which party is entitled to your verdict in this case.

Instructions about the measure of damages are given for your guidance only if you find that any

award of damages is appropriate.

---

[43]Source: *Cuffee v. The Dover Wipes Co.,* C. A.  No. 03-0276-SLR (D. Del. Oct. 8, 2004) (Joint Proposed Jury Instructions, D. I. 94).

**10.0    VERDICT**

### 10.1    VERDICT BASED UPON EVIDENCE

#### [Joint Instructions][44]

I instruct you that your verdict must be based entirely and exclusively on the evidence in this case, and that you cannot be governed by passion, prejudice, or any motive whatsoever except a fair and impartial consideration of the evidence.  Further, you must not allow sympathy which you might have or entertain for any of the parties to influence you in arriving at your decision.  The Court does not charge you to sympathize with either Yatzus or any of the Defendants, because it is only natural and human to sympathize with persons involved in litigation.  But the Court does charge you to not allow that sympathy to enter into the consideration of the case or to influence your verdict.

---

[44]Source:  *Cuffee v. The Dover Wipes Co.,* C. A.  No. 03-0276-SLR (D. Del. Oct. 8, 2004) (Joint Proposed Jury Instructions, D. I. 94).

## 10.2    UNANIMOUS VERDICT

### [Joint Instructions][45]

Your verdict must represent the considered judgment of each juror.  In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict.  Your verdict must be unanimous.

A form of verdict has been prepared for you.  You will take this form to the jury room and when you have reached strengthening unanimous agreement as to your verdict, you will fill in, date, and sign the form.  You will then return to the courtroom and your foreperson will hand your verdict to the clerk.

It is proper to add the caution that nothing said in these instructions and nothing in the form of verdict is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find.  What the verdict shall be is the sole and exclusive duty and responsibility of the jury.

---

[45]Source: *Cuffee v. The Dover Wipes Co.,* C. A.  No. 03-0276-SLR (D. Del. Oct. 8, 2004) (Joint Proposed Jury Instructions, D. I. 94).

## 10.3   DUTY TO DELIBERATE

### [Joint Instructions][46]

When you retire to the jury room you will be free to talk about the case. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each others views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

If any of you took notes, notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

If you did not take notes, you should rely upon your own memory of what was said and not be overly influenced by the notes of other jurors.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say, so you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if Plaintiff has carried his burden of proof on all the elements of his case, as I have just described them.

---

[46]Source: *Cuffee v. The Dover Wipes Co.,* C. A. No. 03-0276-SLR (D. Del. Oct. 8, 2004) (Joint Proposed Jury Instructions, D. I. 94).

**10.4    DELIBERATION AND VERDICT**

**[Joint Instructions]**[47]

Let me conclude these proceedings by explaining some things about your deliberations in the jury room, and your possible verdicts.

Once you start deliberating, do not talk to the jury officer, to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I will talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson, who by custom of this Court is juror No. 1.

One more thing about messages. Do not ever write down or tell anyone how you stand on your vote. For example, do not write down or tell anyone that you are split 6-1, or 4-3, or whatever your vote happens to be. That should stay a secret until you are finished.

---

[47]Source: *Cuffee v. The Dover Wipes Co.,* C. A.  No. 03-0276-SLR (D. Del. Oct. 8, 2004) (Joint Proposed Jury Instructions, D. I. 94).

**11.0    COURT HAS NO OPINION**

[**Joint Instructions**][48]

Let me finish up by repeating something I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You must decide the case yourselves based upon the evidence presented.

---

[48]Source: *Cuffee v. The Dover Wipes Co.,* C. A.  No. 03-0276-SLR (D. Del. Oct. 8, 2004) (Joint Proposed Jury Instructions, D. I. 94).