IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

OLGA ALEXANDRA YATZUS,          :
                                :
        Plaintiff,              :        Case No.:  05-103 SLR
                                :
            v.                  :
                                :
APPOQUINIMINK SCHOOL DISTRICT   :
and TONY MARCHIO, individually  :        **TRIAL BY JURY DEMANDED**
and in his official capacity, MARY ANN :
MIECZKOWSKI, individually and in her :
official capacity, DONNA MITCHELL, :
individually and in her official capacity, :
and MARION PROFFITT, individually :
and in her official capacity,   :
                                :
        Defendants.             :

I, Philip B. Bartoshesky, do hereby certify that on October 24, 2006, I

electronically filed and served a true and correct copy of the Notice of Motion for Re

Argument upon:

William W. Bowser, Esq.
Adria B. Martinelli, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Bldg., 17th Floor
1000 West St.
Wilmington, DE 19801

                        **BIGGS & BATTAGLIA**
                        /s Philip B. Bartoshesky
                        Philip B. Bartoshesky (#2056)
                        912 N. Orange Street
                        P.O. Box 1489
                        Wilmington, DE 19899
                        (302) 655-9677
Dated:  October 24, 2006        Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OLGA ALEXANDRA YATZUS, | § | |
| | § | |
| Plaintiff, | § | Case No.: 05-103 SLR |
| | § | |
| v. | § | |
| | § | |
| APPOQUINIMINK SCHOOL DISTRICT | § | |
| and TONY MARCHIO, individually | § | **TRIAL BY JURY DEMANDED** |
| and in his official capacity, MARY ANN | § | |
| MIECZKOWSKI, individually and in her | § | |
| official capacity, DONNA MITCHELL, | § | |
| individually and in her official capacity, | § | |
| and MARION PROFFITT, individually | § | |
| and in her official capacity, | § | |
| | § | |
| Defendants. | § | |

## MOTION FOR RE ARGUMENT

Plaintiff, pursuant to local Rule 7.1.5, moves for re-argument of that portion of the

Court's October 24, 2006 opinion and order which grants Defendants Summary

Judgment on Plaintiff's state law claim for wrongful termination as a violation of the

public policy of the state.

The ground for this Motion is that the Court did not address Plaintiff's claim that

Defendants violated public policy by terminating Plaintiff's employment because she

opposed illegal treatment of special needs students.  As set forth in Plaintiff's Answering

Brief Opposing Summary Judgment:

"a.    Plaintiff was terminated for advocating student rights in violation of the

public policy of this state.

In its Brief, Defendant correctly points out 2004 amendments to Chapter 7 of Title 19 made statutory procedures the exclusive remedy for pursuing claims of employment discrimination, abrogating the Delaware Supreme Court's ruling in Schuster v. Derocili, 774 A.2d 1029 (Del, 2001). Thus, Plaintiff's claim that she was fired in violation of Delaware's public policy protecting an employee who complains of sexual harassment must be dismissed. However, not all terminations in violation of public policies are covered in Title 19, Ch. 7. (See e.g. Paollela v. BFI, 158 F.3d 183 (D.Del, 1998) – protecting an employee fired for exposing employer's illegal conduct.)

Here, Defendant ignores the Complaint asserts she was fired in violation of another public policy, one not covered by the anti-discrimination laws. That is, she opposed the District's illegal actions with respect to special education students and otherwise championed the rights of those students. It is beyond question that protecting or advancing free public education is an important public policy of this State. (See Title 7 of the Delaware Code and Delaware Constitution Article X.)

Defendant should be deemed to have waived any argument that this aspect of Plaintiff's Breach of the Covenant claims should be dismissed by failing to raise it in its Brief.

In any event, there are clearly questions of fact as to whether Plaintiff's termination was in fact a result of her advocating student rights.

As set forth in Argument II, *supra,* (concerning Plaintiff's First Amendment retaliation claim) there is significant evidence indicating Defendants harbored ill will against Plaintiff because of her advocacy of student rights.[1]

Defendants cannot contest that school administrators such as Defendant's Mitchell and Mieczkowski had significant negative reactions when Plaintiff opposed their dealings with special education students. This, together with the evidence the reprimands were contrived and retaliatory demonstrates her termination was due to her advocacy for students."

BIGGS & BATTAGLIA
/s Philip B. Bartoshesky
Philip B. Bartoshesky(#2056)
912 N. Orange Street
P.O. Box 1489
Wilmington, DE 19899
(302) 655-9677
Attorney for Plaintiff

Dated: October 24, 2006

---

[1] Plaintiff's advocacy of student rights in situations clearly part of her job as an employee of the District is evidence which could be considered in evaluating Plaintiff's Breach of the Covenant claim. This is not a free speech issue as was addressed in Garcetti v. Ceballos, *supra*.

# CERTIFICATE OF SERVICE

I, Philip B. Bartoshesky, Esquire, do hereby certify that on October 24, 2006 one

true and correct copy of **PLAINTIFF'S MOTION FOR RE ARGUMENT** was forwarded via

Electronic Filing to the following:

William W. Bowser, Esq.
Adria B. Martinelli, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Bldg., 17th Floor
1000 West St.
Wilmington, DE 19801


**BIGGS AND BATTAGLIA**


_____/s/ Philip B. Bartoshesky
Philip B. Bartoshesky, Esquire
921 Orange Street
P.O. Box 1489
Wilmington DE 19899-1489
(302) 655-9677
Attorney for Plaintiffs