IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OLGA ALEXANDRA YATZUS, : | |
| : | |
| Plaintiff, : | Case No.: 05-103 SLR |
| : | |
| v. : | |
| : | |
| APPOQUINIMINK SCHOOL DISTRICT : | |
| and TONY MARCHIO, individually : | **TRIAL BY JURY DEMANDED** |
| and in his official capacity, MARY ANN : | |
| MIECZKOWSKI, individually and in her : | |
| official capacity, DONNA MITCHELL, : | |
| individually and in her official capacity, : | |
| and MARION PROFFITT, individually : | |
| and in her official capacity, : | |
| : | |
| Defendants. : | |

I, Philip B. Bartoshesky, do hereby certify that on October 27, 2006, I electronically filed and served a true and correct copy of the Notice of Motion for Re argument or, in the alternative, clarification of the Court's October 24, 2006 ruling upon:

William W. Bowser, Esq.
Adria B. Martinelli, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Bldg., 17th Floor
1000 West St.
Wilmington, DE 19801

|  |  |
|---|---|
|  | **BIGGS & BATTAGLIA** |
|  | /s Philip B. Bartoshesky |
|  | Philip B. Bartoshesky (#2056) |
|  | 912 N. Orange Street |
|  | P.O. Box 1489 |
|  | Wilmington, DE 19899 |
|  | (302) 655-9677 |
| Dated:  October 27, 2006 | Attorney for Plaintiff |

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OLGA ALEXANDRA YATZUS, | § § | |
| Plaintiff, | § § | Case No.: 05-103 SLR |
| v. | § § § | |
| APPOQUINIMINK SCHOOL DISTRICT and TONY MARCHIO, individually and in his official capacity, MARY ANN MIECZKOWSKI, individually and in her official capacity, DONNA MITCHELL, individually and in her official capacity, and MARION PROFFITT, individually and in her official capacity, | § § § § § § § § § § | **TRIAL BY JURY DEMANDED** |
| Defendants. | § | |

## MOTION FOR RE ARGUMENT, OR, IN THE ALTERNATIVE, CLARIFICATION OF THE COURT'S OCTOBER 24, 2006 RULING

Plaintiff, pursuant to local Rule 7.1.5, moves for re-argument or, in the alternative, clarification of that portion of the Court's October 24, 2006 ruling relating to Plaintiff's state law claim for breach of the Covenant of Good Faith and Fair Dealing to the extent it can be construed to prohibit Plaintiff from showing that reprimands placed in her personnel file were fabricated by submitting evidence that the true reason for Defendants' desire to terminate her employment was her advocacy of students' rights.

The Court ruled that: "Because the Court has found that a reasonable jury could find the reprimands (related to Plaintiff's Title VII claim) were retaliatory, it follows that there are genuine issues of material fact on the issue."

It appears Defendants construe this ruling as limiting Plaintiff's evidence of the true reason for Defendants desire to terminate Plaintiff's employment to her complaints of sexual harassment.

However, Plaintiff must be permitted to show the true reason for Defendants' desire to terminate her employment was, not only her complaints of sexual harassment, but also her advocacy of student rights.  Under Delaware law Plaintiff need not prove Defendants' true motive for the termination of her employment in order to establish the reasons advanced by the Defendant were fabricated. However, evidence of the true motive tends to prove fabrication.

The Court has ruled Plaintiff's advocacy of students' rights is not protected by the First Amendment because such advocacy is part of her employment responsibilities. Whether or not Plaintiff's advocacy on behalf of students is protected by her right to free speech, and whether or not the termination of a school psychologist for such advocacy is a violation of the public policy of the state of Delaware, Plaintiff should still be able to show such advocacy was the true reason for her termination because it tends to prove that the reasons advanced by the Defendants are fabrications.

Plaintiff must be permitted to submit evidence that a motivating factor in Defendants' decision to terminate her employment was her complying with her responsibility as a school psychologist in standing up for special needs students and bringing to the District's attention that those students' rights were being violated.  This

evidence tends to show that the reasons advanced by the District for the termination of her employment are a fabrication.

                                        **BIGGS & BATTAGLIA**
                                        <u>/s Philip B. Bartoshesky</u>
                                        Philip B. Bartoshesky(#2056)
                                        912 N. Orange Street
                                        P.O. Box 1489
                                        Wilmington, DE 19899
                                        (302) 655-9677
                                        Attorney for Plaintiff

Dated: October 27, 2006

# CERTIFICATE OF SERVICE

I, Philip B. Bartoshesky, Esquire, do hereby certify that on October 27, 2006 one true and correct copy of PLAINTIFF'S MOTION FOR RE ARGUMENT, OR, IN THE ALTERNATIVE, CLARIFICATION OF THE COURT'S OCTOEBR 24, 2006 RULING was forwarded via Electronic Filing to the following:

William W. Bowser, Esq.
Adria B. Martinelli, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Bldg., 17th Floor
1000 West St.
Wilmington, DE 19801

**BIGGS AND BATTAGLIA**

/s/ Philip B. Bartoshesky
Philip B. Bartoshesky, Esquire
921 Orange Street
P.O. Box 1489
Wilmington DE 19899-1489
(302) 655-9677
Attorney for Plaintiffs