IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

OLGA ALEXANDRA YATZUS,     )
          )
      Plaintiff,    )
     v.     )   C.A. No. 05-103-SLR
          )
APPOQUINIMINK SCHOOL DISTRICT, )   JURY TRIAL DEMANDED
and TONY MARCHIO, individually    )
and in his official capacity, MARY ANN   )
MIECZKOWSKI, individually and in her   )
official capacity, DONNA MITCHELL,   )
individually and in her official capacity, and )
MARION PROFFITT, individually    )
and in her official capacity,     )
          )
      Defendants.   )

**DEFENDANT APPOQUINIMINK SCHOOL DISTRICT'S
ANSWER TO PLAINTIFF'S MOTION FOR REARGUMENT (D.I. 83)**

      Defendant Appoquinimink School District ("ASD" or "District") answers

Plaintiff's Motion for Reargument ("Motion") (D.I. 83) regarding that part of the Order

("Order") and Memorandum Opinion ("Opinion") of the Court dated October 24, 2006,

which dismissed Plaintiff's claim under the "public policy" category of the implied

covenant of good faith and fair dealing (the "Covenant").

      1.     Under Local Rule 7.1.5, motions for reargument are granted only

in narrow circumstances.  "A court should only grant reargument when (i) the court has

patently misunderstood a party, (ii) the court has made a decision outside of the

adversarial issues presented to the court by the parties, or (iii) the court has made an error

not of reasoning but of apprehension."  *BP Amoco Chemical Co. v. Sun Oil Co., et al.*,

200 F. Supp.2d 429, 432 (D. Del. 2002).  As this Court has held, motions for reargument

"should not be used to rehash arguments already briefed."

         A motion for reargument will only be allowed when it is
         patently clear the judge has committed error.  Any lesser

                       

> constraint would only serve to encourage "a never ending
> polemic between litigants and the Court [sic]." *See
> Schering Corp. v. Amgen, Inc.*, 25 F. Supp.2d 293, 295
> (D. Del. 1998).  Thus, "it follows that grant of reargument
> should be denied where the proponent simply rehashes
> materials and theories already briefed, argued, and
> decided." *See id.*

*Garrison v. Bethany Beach*, 2001 U.S. Dist. LEXIS 8434, at * 2 (D. Del. Apr. 11, 2001).

In this case, Plaintiff has offered no new argument, she merely repeats, *verbatim*, the

argument made in her brief in opposition to ASD's motion for summary judgment.

2.    In the Opinion, the Court correctly noted that the Covenant "is

recognized as a **limited exception** to the presumption of at-will employment" and that

"plaintiff must demonstrate that her claim falls into one of four exclusive categories."

Opinion at 21-22 (citing *E.I. DuPont de Nemours and Co. v. Pressman*, 679 A.2d 436,

442-44 (Del. 1996) and *Lord v. Souder*, 748 A.2d 393, 401 (Del. 2000) (holding that the

four categories are exclusive)) (emphasis added).  The four categories are: (1) where the

discharge violates public policy; (2) where the employer misrepresented an important fact

and the employee relied thereon to either accept a new position or remain in a present

one; (3) where the employer used its superior bargaining power to deprive an employee

of clearly identifiable compensation earned through the employee's past service; and

(4) where the employer falsified or manipulated employment records to create fictitious

grounds for discharge.  *Pressman*, 679 A.2d at 441-44; *Lord*, 748 A. 2d at 400.

3.    Plaintiff asserts that she has a viable Covenant claim under the

"public policy" category of the Covenant.  She maintains that the Court incorrectly

dismissed her Covenant claim because of a genuine dispute as to whether she was

terminated because "she opposed the District's illegal actions with respect to special

education students and otherwise championed the rights of those students."  Motion at 2.

DB01:2222641.1                                                                          059265.1007

As discussed below, however, and in the District's brief at 17-18, Plaintiff has failed to identify "specific, articulated public policy" which was contravened by her termination. *See Shearin v. E.F. Hutton*, 652 A.2d 578, 586 (Del. Ch. 1994). As a result, the Motion should be denied.

4.    In order to maintain a claim under the "public policy" category of the Covenant, an employee must satisfy a two-part test. First, the employee must "assert a public interest recognized by some legislative, administrative or judicial authority." *Lord*, 748 A.2d at 401 (citing *Pressman*, 679 A.2d at 441). Second, "the employee must occupy a position with responsibility for advancing or sustaining that particular interest." *Id.*

5.    Whether an employee has properly asserted a public policy is an issue of law for the Court. *See Conoshenti v. Public Serv. Elec. & Gas Co.*, 364 F.3d 135, 149 (3d Cir. 2004) (citing *Mehlman v. Mobil Oil Corp.*, 707 A.2d 1000, 1012 (N.J. 1998) (applying New Jersey law)).

6.    In *Lord*, the Delaware Supreme Court cautioned that "implying obligations based on the covenant of good faith and fair dealing is a cautious enterprise." *Lord.* 748 A.2d at 393 (citing *Cincinnati SMSA Ltd. Pshp. v. Cincinnati Bell Cellular Sys. Co.*, 708 A.2d 989, 992 (Del. 1998)). As a result, it severely restricted the type of public policy sufficient to support a Covenant claim.

7.    In *Lord*, an administrative secretary in a nursing home alleged she was terminated after she reported to the home's vice president of human resources that its executive director had taken the belongings of residents. She asserted, *inter alia*, that her termination was contrary to the public policy expressed in 16 *Del. C.* § 1131 mandating

that employees of a nursing home report any abuse or neglect of residents to the Department of Health and Social Services.  The Delaware Supreme Court, however, found that the statute was insufficient to support a Covenant claim stating: "The public interest expressed in this statute is the reporting of abuse or neglect to the Department of Health and Social Services, not to one's supervisor."  *Lord*, 748 A.2d at 400.

8.      *Lord* shows the high level of specificity with which a plaintiff must assert a public policy in order to support a covenant claim.

9.      In the Motion, Plaintiff alleges only that "protecting education is a legislatively recognized public policy in Delaware" and identifies Article X of the Delaware Constitution and Title 7 of the Delaware Code in support thereof.  Article X of the Delaware Constitution makes no mention of reporting legal violations and addresses only the creation of an educational system; Title 7 addresses conservation issues and is unrelated to education.  Even assuming that Plaintiff intended to refer to Title 14, which does address education, the citing to an entire Title of the Delaware Code is not specific enough to support a public policy claim under the Covenant.  *See Lord*, 748 A.2d at 401; *Shearin*, 652 A.2d at 586 (terminated employee must identify a "**specific, articulated** public policy.") (emphasis added).

10.      If the Delaware Supreme Court would refuse to recognize Lord's claim because her situation did not meet the precise wording of the statute, it would certainly not recognize, for purposes of a public policy implied Covenant claim, a policy as general and unspecific as the "advancement of public education," based on nothing more specific than citation to the entire educational provisions of the Delaware Constitution and Code.  Such an interpretation would "swallow the doctrine of

employment at will" and must not be permitted.  *See Conneen v. MBNA America Bank,*

*N.A.*, 334 F.3d 318, 334 (3d Cir. 2003) (citing *Pressman*, 679 A.2d at 442).

WHEREFORE, the District respectfully requests that the Court deny

Yatzus's Motion for Reargument and allow its Order of October 24, 2006, to stand.

Respectfully submitted,

YOUNG CONWAY STARGATT & TAYLOR LLP
/s/ Adria B. Martinelli
William W. Bowser, Esquire (Bar I.D. 2239)
Adria B. Martinelli, Esquire (Bar I.D. 4056)
Maribeth L. Minella, Esquire (Bar. I.D. 4185)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6601; 6623; 6708
Facsimile: (302) 576-3282; 3314; 3317
Email: wbowser@ycst.com; amartinelli@ycst.com;
mminella@ycst.com
Attorneys for Defendants

DATED:       October 31, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OLGA ALEXANDRA YATZUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 05-103-SLR |
| | ) | |
| APPOQUINIMINK SCHOOL DISTRICT, | ) | JURY TRIAL DEMANDED |
| and TONY MARCHIO, individually | ) | |
| and in his official capacity, MARY ANN | ) | |
| MIECZKOWSKI, individually and in her | ) | |
| official capacity, DONNA MITCHELL, | ) | |
| individually and in her official capacity, and | ) | |
| MARION PROFFITT, individually | ) | |
| and in her official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Upon consideration of Plaintiff's Motion for Reargument (D.I. 83), and

Defendants' response thereto,

IT IS NOW HEREBY ORDERED this _____ day of _____, 2006,

that the Motion is hereby DENIED.

_____
Chief Judge Sue L. Robinson

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

OLGA ALEXANDRA YATZUS,    )
      )
    Plaintiff,    )
      )   C.A. No. 05-103-SLR
    v.    )
      )
APPOQUINIMINK SCHOOL DISTRICT,  )   JURY TRIAL DEMANDED
and TONY MARCHIO, individually    )
and in his official capacity, MARY ANN  )
MIECZKOWSKI, individually and in her  )
official capacity, DONNA MITCHELL,   )
individually and in her official capacity, and )
MARION PROFFITT, individually    )
and in her official capacity,    )
      )
    Defendants.    )

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2006, I electronically filed a true and correct

copy of the foregoing **Defendant Appoquinimink School District's Answer to Plaintiff's**

**Motion for Reargument (D.I. 83)** with the Clerk of the Court using CM/ECF, which will send

notification that such filing is available for viewing and downloading to the following counsel of

record:

> Philip B. Bartoshesky
> Biggs and Battaglia
> 921 North Orange Street
> Wilmington, DE 19801

> YOUNG CONAWAY STARGATT & TAYLOR, LLP

> /s/Adria B. Martinelli
> ————————————————
> William W. Bowser, Esquire (Bar I.D. 2239)
> Adria B. Martinelli, Esquire (Bar I.D. 4056)
> Maribeth L. Minella (Bar I.D. 4185)
> The Brandywine Building
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, Delaware 19899-0391
> Telephone: (302) 571-6601; 6613; 6708
> Facsimile: (302) 576-3282; 3314; 3317
> Email: wbowser@ycst.com; amartinelli@ycst.com;
> mminella@ycst.com
> Attorneys for Defendants